1

2

3

4

5

6

7

8

9

*UNITED STATES DISTRICT COURT*

10

*WESTERN DISTRICT OF WASHINGTON*

11

*SEATTLE  DIVISION*

12

| | |
|---|---|
| *PRESIDIO GROUP, LLC, a Washington limited liability company; PRESIDIO GROUP, LLC, d.b.a. PRESIDIO GROUP INTERNATIONAL LLC, a Washington unincorporated business entity; PRESIDIO GROUP INTERNATIONAL, LLC, a Washington unincorporated business entity; JAMESON KEALII KAUHI and RAMONA CARMELLE KAUHI, both individually and upon behalf of their community property marital estate,* | *CIVIL NO.: CV* |
| | *DEMAND FOR JURY TRIAL* |
| | *COMPLAINT RE:* |
| | *RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"] [TITLE 18 U.S.C. §§ 1961] RE: MULTIPLE RICO PRIMARY SECONDARY, DERIVATIVE, and CONSPIRACY LIABILITY RE: PINKERTON v UNITED STATES, 328 U.S. 640 (1946); RICO CONSPIRACY TO AID and ABET; and, RICO AIDING and ABETTING RICO  CONSPIRACY* |
| *Plaintiffs,* | |
| *vs.* | |
| *GMAC MORTGAGE, LLC, a Pennsylvania limited liability company; RICHARD CANO, both individually and upon behalf of the community property marital estate of RICHARD  CANO and CLAIRE CLAIRE E. CANO; MARK SCHALLER; F. JAMES MAYHEW; and, DARMSTAD CLEARING  &* | *FOR PRIMARY CONTRAVENTION OF RICO § 1962(c)OF THE  RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][TITLE 18 U.S.C. §1962©]; FOR AIDING AND ABETTING  PRIMARY CONTRAVENTION OF* |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

| | |
|---|---|
| 1 | *CONTRACTING, LTD., a foreign* | *RICO§1962©)* |
| | *corporation,* | *OF THE RACKETEER* |
| 2 | | *INFLUENCED AND CORRUPT* |
| | | *ORGANIZATIONS ACT OF 1970* |
| 3 | | *["RICO"][TITLE 18 U.S.C.* |
| | | *§1962©)];* |
| 4 | | *FOR RESPONDEAT SUPERIOR* |
| | | *LIABILITY ARISING FROM* |
| 5 | | *PRIMARY CONTRAVENTION OF* |
| | | *RICO §1962©) OF THE* |
| 6 | | *RACKETEER INFLUENCED AND* |
| | | *CORRUPT ORGANIZATIONS ACT* |
| 7 | | *OF 1970 ["RICO"]* |
| | | *[TITLE 18 U.S.C. §1962©)];* |
| 8 | | *FOR RICO SECTION 1962(d)* |
| | | *[TITLE 18 U.S.C.§1962(d)]* |
| 9 | | *CONSPIRATORIAL LIABILITY* |
| | | *FOR CONTRAVENTION OF RICO* |
| 10 | | *§ 1962©) OF THE RACKETEER* |
| | | *INFLUENCED AND CORRUPT* |
| 11 | | *ORGANIZATIONS ACT OF 1970* |
| | | *["RICO"][TITLE 18 U.S.C.* |
| 12 | | *§1962©)]* |
| | | *PINKERTON DOCTRINE* |
| 13 | | *[Pinkerton v.United States, 328 U.S.* |
| | | *640 (1946)];* |
| 14 | | *FOR PRIMARY CONTRAVENTION* |
| | | *OF RICO §1962(a) OF THE* |
| 15 | | *RACKETEER INFLUENCED AND* |
| | | *CORRUPT ORGANIZATIONS ACT* |
| 16 | | *OF 1970 ["RICO"]* |
| | | *[TITLE 18 U.S.C. §1962(a)];* |
| 17 | | *FOR AIDING AND* |
| | | *ABETTING  PRIMARY* |
| 18 | | *CONTRAVENTION OF RICO* |
| | | *§1962(a) OF THE RACKETEER* |
| 19 | | *INFLUENCED AND CORRUPT* |
| | | *ORGANIZATIONS ACT OF 1970* |
| 20 | | *["RICO"][TITLE 18 U.S.C.* |
| | | *§1962(a)];* |
| 21 | | *FOR RESPONDEAT SUPERIOR* |
| | | *LIABILITY ARISING FROM* |
| 22 | | *PRIMARY CONTRAVENTION OF* |
| | | *RICO § 1962(a) OF THE* |
| 23 | | *RACKETEER INFLUENCED AND* |
| | | *CORRUPT ORGANIZATIONS ACT* |
| 24 | | *OF 1970 ["RICO"]* |
| | | *[TITLE 18 U.S.C. §1962(a)];* |
| 25 | | *FOR RICO § 1962(d) [TITLE 18 U.S.C.* |
| | | *§1962(d)] CONSPIRATORIAL* |
| 26 | | *LIABILITY FOR* |
| | | *CONTRAVENTION OF RICO* |
| 27 | | |

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18  USC  §§1961 et.seq] RE:   RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

2

1   *§ 1962(a) OF THE RACKETEER*
    *INFLUENCED AND CORRUPT*
2   *ORGANIZATIONS ACT OF*
    *1970 ["RICO"] [TITLE 18 U.S.C.*
3   *§1962(b)] PINKERTON DOCTRINE*
    *[Pinkerton v.United States, 328 U.S.*
4   *640 (1946)];*
    *FOR IMMEDIATE DISSOLUTION*
5   *OF RICO ENTERPRISE AND*
    *PERMANENT EXPULSION OF*
6   *RICO PERSONS FROM*
    *RICO ENTERPRISE*
7   *PURSUANT TO*
    *RICO §1964(a)-(b) [TITLE*
8   *U.S.C. §1964(a)-)b)] OF THE*
    *RACKETEER INFLUENCED*
9   *AND CORRUPT ORGANIZATIONS*
    *ACT OF 1970 ["RICO"];*
10  *FOR IMMEDIATE DISSOLUTION*
    *OF RICO  ENTERPRISE AND*
11  *PERMANENT EXPULSION*
    *OF RICO PERSONS FROM*
12  *RICO ENTERPRISE PURSUANT*
    *TO RICO § 1964(b) [TITLE U.S.C.*
13  *§1964(b)] OF THE RACKETEER*
    *INFLUENCED AND CORRUPT*
14  *ORGANIZATIONS ACT OF*
    *1970 ["RICO"] AND RULE 65*
15  *OF THE FEDERAL RULES*
    *OF CIVIL PROCEDURE;*
16  *FOR IMMEDIATE DISSOLUTION*
    *OF RICO ENTERPRISE*
17  *AND PERMANENT EXPULSION*
    *OF RICO PERSONS FROM*
18  *RICO ENTERPRISE PURSUANT*
    *TO RICO 1964(a) [TITLE U.S.C.*
19  *§1964(a)] OF THE RACKETEER*
    *INFLUENCED AND CORRUPT*
20  *ORGANIZATIONS ACT OF 1970*
    *["RICO"] AND RULE 64 OF*
21  *THE FEDERAL RULES OF CIVIL*
    *PROCEDURE;*
22  *FOR IMMEDIATE DISSOLUTION*
    *OF RICO ENTERPRISE*
23  *AND PERMANENT EXPULSION*
    *OF RICO PERSONS FROM*
24  *RICO ENTERPRISE PURSUANT*
    *TO RICO §1964(b) [TITLE U.S.C.*
25  *§1964(b)] OF THE RACKETEER*
    *INFLUENCED AND CORRUPT*
26  *ORGANIZATIONS ACT OF 1970*
    *["RICO"];*
27

28  *COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
    *ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON*
    3  *DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

| | |
|---|---|
| 1 | ) **FOR IMMEDIATE DISSOLUTION** |
| | ) **OF RICO ENTERPRISE** |
| 2 | ) **AND PERMANENT EXPULSION** |
| | ) **OF RICO PERSONS FROM** |
| 3 | ) **RICO ENTERPRISE** |
| | ) **PURSUANT TO** |
| 4 | ) **RICO § 1964(b) [TITLE 18 U.S.C.** |
| | ) **§1964(b)] OF THE  RACKETEER** |
| 5 | ) **INFLUENCED AND CORRUPT** |
| | ) **ORGANIZATIONS ACT OF 1970** |
| 6 | ) **["RICO"]AND RULE 65 OF THE** |
| | ) **FEDERAL RULES OF CIVIL** |
| 7 | ) **PROCEDURE;** |
| | ) **FOR IMMEDIATE DISSOLUTION** |
| 8 | ) **OF RICO ENTERPRISE** |
| | ) **AND PERMANENT EXPULSION** |
| 9 | ) **OF RICO PERSONS FROM** |
| | ) **RICO ENTERPRISE PURSUANT** |
| 10 | ) **TO RICO § 1964(b) [TITLE 18** |
| | ) **UNITED STATES CODE** |
| 11 | ) **§1964(b)] OF THE  RACKETEER** |
| | ) **INFLUENCED AND CORRUPT** |
| 12 | ) **ORGANIZATIONS ACT OF** |
| | ) **1970 ["RICO"] AND RULE 64 OF** |
| 13 | ) **THE FEDERAL  RULES OF** |
| | ) **CIVIL PROCEDURE;** |
| 14 | ) **FOR EX PARTE TEMPORARY** |
| | ) **RESTRAINING ORDER RELIEF** |
| 15 | ) **re: ENJOIN  PENDING** |
| | ) **LITIGATION PURSUANT TO** |
| 16 | ) **RICO § 1964(a) [TITLE 18 U.S.C.** |
| | ) **§1964(a)] OF THE  RACKETEER** |
| 17 | ) **INFLUENCED AND CORRUPT** |
| | ) **ORGANIZATIONS ACT OF 1970** |
| 18 | ) **["RICO"]AND RULE 65 OF THE** |
| | ) **FEDERAL RULES OF CIVIL** |
| 19 | ) **PROCEDURE;** |
| | ) **FOR EX PARTE TEMPORARY** |
| 20 | ) **RESTRAINING ORDER RELIEF** |
| | ) **re: ENJOIN  PENDING** |
| 21 | ) **LITIGATION PURSUANT TO** |
| | ) **RICO § 1964(b) [TITLE 18 U.S.C.** |
| 22 | ) **§1964(b)] OF THE  RACKETEER** |
| | ) **INFLUENCED AND CORRUPT** |
| 23 | ) **ORGANIZATIONS ACT OF 1970** |
| | ) **["RICO"]AND RULE 65 OF THE** |
| 24 | ) **FEDERAL RULES OF CIVIL** |
| | ) **PROCEDURE;** |
| 25 | ) **FOR RICO §1962(d) [TITLE 18 U.S.C.** |
| | ) **§1962(d)] CONSPIRATORIAL** |
| 26 | ) **LIABILITY FOR** |
| | ) **CONTRAVENTION OF RICO** |
| 27 | |
| 28 | **COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)** |

4

§1962©) OF THE RACKETEER
INFLUENCED AND CORRUPT
ORGANIZATIONS ACT OF
1970 ["RICO"][TITLE 18 U.S.C.
§1962©)] PINKERTON DOCTRINE
[Pinkerton v.United States, 328 U.S.
640 (1946)] re: CONSPIRACY TO
CONCEAL;
FOR RICO §1962(d) [TITLE 18 U.S.C.
§1962(d)] CONSPIRATORIAL
LIABILITY FOR
CONTRAVENTION OF RICO
§1962(a) OF THE RACKETEER
INFLUENCED AND CORRUPT
ORGANIZATIONS ACT OF
1970 ["RICO"][TITLE 18 U.S.C.
§1962(a)] PINKERTON DOCTRINE
[Pinkerton v.United States, 328 U.S.
640 (1946)] re: CONSPIRACY TO
CONCEAL;
FOR  AIDING  AND  ABETTING
RICO CONSPIRACY
RICO SECTION 1962(d)
[TITLE 18 U.S.C.§1962(d)]
CONSPIRATORIAL LIABILITY
FOR CONTRAVENTION OF RICO
§ 1962© OF THE RACKETEER
INFLUENCED AND CORRUPT
ORGANIZATIONS ACT OF 1970
["RICO"][TITLE 18 U.S.C.
§1962©)]
PINKERTON DOCTRINE
[Pinkerton v.United States, 328 U.S.
640 (1946)];
FOR AIDING AND ABETTING
RICO CONSPIRACY
RICO SECTION 1962(d)
[TITLE 18 U.S.C.§1962(d)]
CONSPIRATORIAL LIABILITY
FOR CONTRAVENTION OF RICO
§ 1962(a) OF THE RACKETEER
INFLUENCED AND CORRUPT
ORGANIZATIONS ACT OF 1970
["RICO"][TITLE 18 U.S.C.
§1962(a)]
PINKERTON DOCTRINE
[Pinkerton v.United States, 328 U.S.
640 (1946)];
FOR RICO CONSPIRACY FOR
RICO AIDING AND ABETTING re:
PRIMARY RICO SECTION 1962©)
re: RICO SECTION 1962(d)

COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON
DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)

5

```
 1                                    )      [TITLE 18 U.S.C.§1962(d)]
                                      )      CONSPIRATORIAL LIABILITY
 2                                    )      FOR CONTRAVENTION OF RICO
                                      )      § 1962©) OF THE RACKETEER
 3                                    )      INFLUENCED AND CORRUPT
                                      )      ORGANIZATIONS ACT OF 1970
 4                                    )      ["RICO"][TITLE 18 U.S.C.
                                      )      §1962©)]
 5                                    )      PINKERTON DOCTRINE
                                      )      [Pinkerton v.United States, 328 U.S.
 6                                    )      640 (1946)];
                                      ) FOR RICO  CONSPIRACY  FOR
 7                                    )      RICO AIDING AND ABETTING re:
                                      )      PRIMARY RICO SECTION 1962(a)
 8                                    )      re: RICO SECTION 1962(d)
                                      )      RICO CONSPIRACY
 9                                    )      RICO SECTION 1962(d)
                                      )      [TITLE 18 U.S.C.§1962(d)]
10                                    )      CONSPIRATORIAL LIABILITY
                                      )FOR CONTRAVENTION OF RICO
11                                    )      § 1962(a) OF THE RACKETEER
                                      )      INFLUENCED AND CORRUPT
12                                    )      ORGANIZATIONS ACT OF 1970
                                      )      ["RICO"][TITLE 18 U.S.C.
13                                    )      §1962(a)]
                                      )      PINKERTON DOCTRINE
14                                    )      [Pinkerton v.United States, 328 U.S.
                                      )      640 (1946)];
15                                    ) FOR COMMISSION OF COMMON
                                      )      LAW FRAUD;
16                                    ) FOR CIVIL CONSPIRACY TO
                                      )      COMMIT COMMON LAW FRAUD;
17                                    ) FOR COMMISSION OF COMMON
                                      )      LAW CONVERSION;
18                                    ) FOR CIVIL CONSPIRACY TO
                                      )      COMMIT COMMON LAW
19                                    )      CONVERSION;
                                      ) FOR MONEY HAD AND RECEIVED;
20                                    ) FOR AN ACCOUNTING;
                                      ) FOR BREACH OF CONTRACTUAL
21                                    )      AGREEMENT;
                                      ) FOR BREACH OF FIDUCIARY
22                                    )      DUTY;
                                      ) FOR IMPOSITION OF
23                                    )      CONSTRUCTIVE TRUST;
                                      ) FOR UNJUST ENRICHMENT;
24                                    ) FOR IMPOSITION OF
                                      )      EQUITABLE TRUST;
25                                    ) FOR BREACH OF IMPLIED WARRANTY
                                      )       OF GOOD FAITH and
26                                    )      FAIR DEALING ;
                                      ) FOR COMMISSION OF NEGLIGENT
27

28     COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
       ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON
     6 DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)
```

1     )     *INFLICTION OF MENTAL*
      )     *DISTURBANCE;*
2     )   *FOR COMMISSION OF NEGLIGENCE*
      )     *RE: PRIMARY AND*
3     )     *RESPONDEAT*
      )     *SUPERIOR LIABILITY;*
4     )   *FOR COMMISSION OF NEGLIGENCE*
      )     *RE: NEGLIGENT SUPERVISION;*
5     )   *FOR COMMISSION OF NEGLIGENCE*
      )     *RE: NEGLIGENT TRAINING;*
6     )   *FOR COMMISSION OF NEGLIGENT*
      )     *MISREPRESENTATION OF FACT;*
7     )   *FOR PRIMARY CONTRAVENTION OF*
      )     *WASHINGTON  UNIFORM*
8     )     *FRAUDULENT TRANSFER ACT*
      )     *["WASHUFTA"][RCW*
9     )     *§§ 19.40.011 et.seq.];*
      )   *FOR AIDING  AND ABETTING*
10    )     *PRIMARY CONTRAVENTION OF*
      )     *WASHINGTON  UNIFORM*
11    )     *FRAUDULENT TRANSFER ACT*
      )     *["WASHUFTA"][RCW*
12    )     *§§ 19.40.011 et.seq.];*
      )   *FOR  CONSPIRACY*
13    )     *TO CONTRAVENE*
      )     *WASHINGTON  UNIFORM*
14    )     *FRAUDULENT TRANSFER*
      )     *ACT ["WASHUFTA"]*
15    )     *[Civil Code §§19.40.011 et.seq.];*
      )   *FOR CONTRAVENTION OF*
16    )     *WASHINGTON CONSUMER*
      )     *PROTECTION ACT*
17    )     *[R.C.W. 19.86.010 et.al.];*
      )   *FOR PRIMARY CONTRAVENTION OF*
18    )     *WASHINGTON CRIMINAL*
      )     *PROFITEERING  ACT*
19    )     *["WASH RICO"]*
      )     *[RCW §§ 9A.82.001 et.seq.];*
20    )   *FOR AIDING AND ABETTING*
      )     *PRIMARY CONTRAVENTION OF*
21    )     *WASHINGTON CRIMINAL*
      )     *PROFITEERING  ACT*
22    )     *["WASH RICO"]*
      )     *[RCW §§ 9A.82.001 et.seq.];*
23    )   *FOR RESPONDEAT SUPERIOR*
      )     *LIABILITY re: PRIMARY*
24    )     *CONTRAVENTION  OF*
      )     *WASHINGTON CRIMINAL*
25    )     *PROFITEERING  ACT*
      )     *["WASH RICO"]*
26    )     *[RCW §§ 9A.82.001 et.seq.];*
      )   *FOR CONSPIRACY TO CONTRAVENE*
27

28    *COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
      *ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON*
   7  *DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

| | |
|---|---|
| 1 | )   ***WASHINGTON CRIMINAL*** |
| | )   ***PROFITEERING  ACT*** |
| 2 | )   ***["WASH RICO"]*** |
| | )   ***[RCW §§ 9A.82.001 et.seq.];*** |
| 3 | )  ***FOR RICO SUCCESSORSHIP*** |
| | )   ***LIABILITY re: RICO §§ 1962*** |
| 4 | )   ***(a), 1962(b), 1962©), 1962(d),*** |
| | )   ***1964(a), and 1964(b)*** |
| 5 | )   ***[TITLE 18 USC §§ 1962(a)-d),*** |
| | )   ***1964(a), and 1964(b)];*** |
| 6 | )  ***FOR RICO DIVESTITURE PURSUANT*** |
| | )   ***TO RICO §§ 1964(a)-1964(b)*** |
| 7 | )   ***[TITLE 18 USC 1964(a)-1964(b)];*** |
| | )  ***FOR RICO CONSTRUCTIVE TRUST*** |
| 8 | )   ***PURSUANT TO RICO §§*** |
| | )   ***1964(a)-1964(b) [TITLE*** |
| 9 | )   ***18 USC §§  1964(a)-1964(b)]; and,*** |
| | )  ***FOR RICO DISGORGEMENT*** |
| 10 | )   ***PURSUANT TO RICO §§ 1962 (a),*** |
| | )   ***1962(b), 1962©), 1962(d),*** |
| 11 | )   ***1964(a), and 1964(b)*** |
| | )   ***[TITLE 18 USC §§ 1962(a)-d),*** |
| 12 | )   ***1964(a), and 1964(b)].*** |
| 13 | ) |
| | ) |
| 14 | ***Defendants.*** ) |

Plaintiffs Presidio Group LLC, a Washington limited liability company, Presidio Group LLC, d.b.a. Presidio Group International, LLC, a Washington unincorporated business entity, Presidio Group International, LLC, a Washington unincorporated business entity, Jameson Kealii Kauhi and Ramona Carmelle Kauhi, both individually and upon behalf of their community property marital estate, allege and complain against defendants, and each and every one of them, as follows:

♦  GMAC Mortgage, LLC, a Pennsylvania limited liability company.

♦  Richard Cano, both individually and upon behalf of the community property marital estate of Richard Cano and Claire E. Cano.

♦  Mark Schaller.

♦  F. James Mayhew.

♦  Darmstad Clearing & Contracting Ltd., a foreign corporation.

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

1

2

### *RICO PARTIES*

3      1.      Plaintiffs Presidio Group LLC, a Washington limited liability company,

4   Presidio Group LLC, d.b.a. Presidio Group International, LLC, a Washington

5   unincorporated business entity, Presidio Group International, LLC, a Washington

6   unincorporated business entity, Jameson Kealii Kauhi and Ramona Carmelle Kauhi,

7   both individually and upon behalf of their community property marital estate,  allege

8   and complain  against  defendants, and each and every one of them, as follows:

9         ♦      GMAC Mortgage, LLC, a Pennsylvania limited liability company

10        ♦      Richard Cano, both individually and upon behalf of the community

11               property marital estate of Richard Cano and Claire E.  Cano.

12        ♦      Mark Schaller.

13        ♦      F. James Mayhew.

14        ♦      Darmstad Clearing & Contracting Ltd., a foreign corporation.

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27

28      ***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS***
***ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON***
9   ***DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

## COMPETENT FEDERAL SUBJECT MATTER JURISDICTIONAL AND FEDERAL VENUE ALLEGATIONS

2.      Competent subject matter jurisdiction and venue exists, in whole and/or in part, pursuant to the following federal statutes:

A.      Section 1964(a) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1964(a)];

B.      Section 1964(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1964(b)];

C.      Section 1964©) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1964©)];

D.      Section 1965(a) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1965(a)];

E.      Section 1965(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1965(b)];

F.      Section 1965(d) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1965(d)];

G.      Federal Question Jurisdiction [Title 28 United States Code §1331];

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

H.   Federal Regulation of Commerce Jurisdiction  [Title 28 United States Code §1337];

I.   Federal Supplemental Jurisdiction [Title 28 United States Code §1367(b)]; and,

J.   Federal General Venue [Title 28 United States Code §1391(b)].

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

11

### RICO PERSONS

### [RICO TITLE 18 UNITED STATES CODE § 1961(3)]

3.      Plaintiff  Presidio Group LLC, a Washington limited liability company, [referred to herein after at times as "Presidio Group" or "PG LLC"], is a limited liability company formed, organized, and existing pursuant to the limited liability company laws of the state of Washington, maintaining its principal place of business within the City of Vancouver, County of Clark, State of Washington, and is engaged in business activities including, but not restricted to, the location, acquisition, development, and/or sale of interests in real properties. Presidio Group LLC    is engaged in  activities and conduct that affect federal interstate and/or  foreign commerce.  Presidio Group LLC  is a "person," as  that term is defined pursuant  to Section 1961(3) of  the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"].

4.      Plaintiff Presidio Group LLC,  d.b.a. Presidio Group International, LLC, a Washington unincorporated business entity,  [referred to herein after at times as "Presidio Group International, LLC," "PGI," and/or   or "PG I LLC"], is an unincorporated business entity formed, organized, and existing pursuant to the laws of the state of Washington,  maintaining its principal place of business within the City of Vancouver, County of Clark, State of Washington, and is  engaged in business activities including, but not restricted to, the location, acquisition, development, and/or sale of interests in real properties. Presidio Group International  LLC   is engaged in activities and conduct that affect federal interstate and/or foreign commerce. Presidio Group International  LLC  is a "person," as  that term is defined pursuant  to Section

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

1961(3) of  the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"].

5.    Plaintiff Presidio Group International, LLC, a Washington unincorporated business entity,  [referred to herein after at times as "Presidio Group International, LLC," "PGI," and/or  or "PG I LLC"], is an unincorporated business entity formed, organized, and existing pursuant to the laws of the state of Washington, maintaining its principal place  of  business within the City of Vancouver, County of Clark, State of Washington, and is  engaged in business activities including, but not restricted to, the location, acquisition, development, and/or sale of interests in real properties. Presidio Group International  LLC   is engaged in  activities and conduct that affect federal interstate and/or  foreign  commerce.  Presidio Group International LLC  is a "person," as  that  term is defined pursuant  to Section 1961(3) of  the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"].

6.    Plaintiffs Jameson Kealii  Kauhi  and  Ramona  Carmelle Kauhi, both individually and upon  behalf  of their community property marital estate, [ hereinafter referred to as "Kauhi"], are, and during all times material herein have been, husband and  wife,  residing within the  City of  Vancouver, County of  Clark, State   of Washington. Plaintiffs Jameson Kealii Kauhi and Ramona Carmelle Kauhi are, and during all times material herein have been, members, co-managing members, directors, officers, agents, representatives, deputies, and/or agents acting upon behalf of Presidio Group LLC, a Washington limited  liability company. Jameson Kealii Kauhi and Ramona Carmelle Kauhi are  engaged in  activities and conduct that affect federal interstate and/or foreign commerce. Jameson Kealii Kauhi and Ramona Carmelle Kauhi are each  a "person," as  that  term is defined pursuant  to Section 1961(3) of

COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)

13

1    the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"].

2

3        7.    Plaintiffs Jameson Kealii Kauhi and Ramona Carmelle Kauhi, both

4    individually and upon behalf of their community property marital estate, [hereinafter

5    referred to as "Kauhi"], are, and during all times material herein have been, husband

6    and wife, residing within the City of Vancouver, County of Clark, State of

7    Washington. Plaintiffs Jameson Kealii Kauhi and Ramona Carmelle Kauhi are, and

8    during all times material herein have been, members, co-managing members, directors,

9    officers, agents, representatives, deputies, and/or agents acting upon behalf of Presidio

10   Group LLC d.b.a. Presidio Group International, LLC, a Washington unincorporated

11   business entity. Jameson Kealii Kauhi and Ramona Carmelle Kauhi are engaged in

12   activities and conduct that affect federal interstate and/or foreign commerce. Jameson

13   Kealii Kauhi and Ramona Carmelle Kauhi are each a "person," as that term is

14   defined pursuant to Section 1961(3) of the Racketeer Influenced and Corrupt

15   Organizations Act of 1970 ["RICO"].

16

17       8.    Plaintiffs Jameson Kealii Kauhi and Ramona Carmelle Kauhi, both

18   individually and upon behalf of their community property marital estate, [hereinafter

19   referred to as "Kauhi"], are, and during all times material herein have been, husband

20   and wife, residing within the City of Vancouver, County of Clark, State of

21   Washington. Plaintiffs Jameson Kealii Kauhi and Ramona Carmelle Kauhi are, and

22   during all times material herein have been, members, co-managing members, directors,

23   officers, agents, representatives, deputies, and/or agents acting upon behalf of

24   Presidio Group International, LLC, a Washington unincorporated business entity.

25   Jameson Kealii Kauhi and Ramona Carmelle Kauhi are engaged in activities and

26   conduct that affect federal interstate and/or foreign commerce. Jameson Kealii

27

28       *COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

14

1   Kauhi and Ramona Carmelle Kauhi are each a "person," as that term is defined
2   pursuant to Section 1961(3) of the Racketeer Influenced and Corrupt Organizations
3   Act of 1970 ["RICO"].

4

5       9.      Plaintiffs allege that GMAC Mortgage LLC, [hereinafter referred to as
6   "GMAC Mortgage"] is a limited liability company formed, organized, and created
7   pursuant to the limited liability company laws of the Commonwealth of Pennsylvania,
8   maintaining its principle place of business within Horsham Township, County of
9   Montgomery , Commonwealth of Pennsylvania, and is engaged in business activities
10  within the County of Clark, State of Washington. Plaintiffs allege that GMAC
11  Mortgage engages in activities that include, and are not restricted to, the providing of
12  real estate mortgage lending services and financial and professional consulting services
13  related thereto.  Plaintiffs allege that GMAC Mortgage is engaged in activities and
14  conduct that affect federal interstate and/or foreign commerce. GMAC Mortgage is
15  a "person," as that term is defined pursuant to Section 1961(3) of the Racketeer
16  Influenced and Corrupt Organizations Act of 1970 ["RICO"].

17

18      10.     Plaintiffs allege that Richard Cano, both individually and upon behalf
19  of the community property marital estate of Richard Cano and Claire E. Cano,
20  [hereinafter referred to as "Cano"], are, and during all times material herein have been,
21  husband and wife, residing within the City of Vancouver, County of Clark, State of
22  Washington. Plaintiffs further allege that the conduct and/or actions of Richard Cano
23  as alleged more specifically hereinafter, were initiated, instituted, maintained, and
24  executed upon behalf of the community property marital estate of Richard Cano and
25  Claire E. Cano.  Plaintiffs allege Richard Cano and Claire E. Cano are engaged in
26  activities and conduct that affect federal interstate and/or foreign commerce. Richard

27

28  ***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
    ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON
    DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

Cano and Claire E.  Cano are each  a "person," as  that  term is defined pursuant  to Section 1961(3) of  the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"].

11.     Plaintiffs allege that Richard  Cano and Claire E. Cano, both individually and upon  behalf  of their community property marital estate, [hereinafter referred to as "Cano"], are, and during all times material herein have been, husband and wife, residing within the City of Vancouver, County of Clark, State  of  Washington. Plaintiffs further allege that the conduct and/or actions of Claire Cano  as alleged more specifically hereinafter, were initiated, instituted, maintained, and executed upon behalf of the community property marital estate of Richard Cano  and Claire E. Cano. Plaintiffs allege Richard Cano and Claire E. Cano  are  engaged in  activities and conduct that affect federal interstate and/or  foreign  commerce. Richard Cano and Claire E. Cano are each  a "person," as  that  term is defined pursuant  to Section 1961(3) of   the Racketeer Influenced  and Corrupt  Organizations  Act  of  1970 ["RICO"].

12.     Plaintiffs allege that Richard Cano was at all times material herein functioned and/or operated in the capacity as an agent, deputy, employee, nominee, partner, representative, servant, director, and/or officer of GMAC Mortgage LLC, duly serving in the authorized representative capacity of a senior  loan officer therefore. Plaintiffs further allege by virtue of Richard Cano's duly authorized representative capacity as a senior loan officer of GMAC Mortgage LLC, GMAC Mortgage  LLC expressly conferred  upon   Richard Cano the requisite authority, power, and/or otherwise clothed and/or invested Richard Cano with the ability to act upon within the scope and  course  of  said  principal-agency relationship and/or employer-employee

relationship with ***apparent agency authority*** to bind GMAC Mortgage LLC, by and through the actions, conduct, commission, and/or omission  to act of Richard Cano.

13.     Plaintiffs allege that Richard Cano was at all times material herein functioned and/or operated in the capacity as an agent, deputy, employee, nominee, partner, representative, servant, director, and/or officer of GMAC Mortgage LLC, duly serving in the authorized representative capacity of a senior loan officer therefore. Plaintiffs further allege by virtue of Richard Cano's duly authorized representative capacity as a senior loan officer of GMAC Mortgage LLC, GMAC Mortgage  LLC expressly conferred  upon  Richard Cano the requisite authority, power, and/or otherwise  clothed  and/or  invested Richard Cano with the ability to act upon within the scope and course of said principal-agency relationship and/or employer-employee relationship with ***ostensible   agency authority*** to  bind  GMAC Mortgage LLC, by and through the actions, conduct, commission, and/or omission  to act of Richard Cano.

14.     Plaintiffs allege that Richard Cano was at all times material herein functioned and/or operated in the capacity as an agent, deputy, employee, nominee, partner, representative, servant, director, and/or officer of GMAC Mortgage LLC, duly serving in the authorized representative capacity of a senior loan officer therefore. Plaintiffs further allege by virtue of Richard Cano's duly authorized representative capacity as a senior loan officer of GMAC Mortgage LLC, GMAC Mortgage  LLC expressly conferred  upon  Richard Cano the requisite authority, power, and/or otherwise  clothed  and/or  invested Richard Cano with the ability to act upon within the scope and course of said principal-agency relationship and/or employer-employee relationship with ***inherent agency authority*** to  bind  GMAC Mortgage LLC, by and through the actions, conduct, commission, and/or omission  to act of Richard Cano.

*COMPLAINT __RE__: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) __PINKERTON DOCTRINE CONSPIRACY__, __PINKERTON v UNITED STATES__, 328 U.S. 640 (1946)*

17

15.     Plaintiffs allege that Richard Cano was at all times material herein functioned and/or operated in the capacity as an agent, deputy, employee, nominee, partner, representative, servant, director, and/or officer of GMAC Mortgage LLC, duly serving in the authorized representative capacity of a senior loan officer therefore. Plaintiffs further allege by virtue of Richard Cano's duly authorized representative capacity as a senior loan officer of GMAC Mortgage LLC, GMAC Mortgage  LLC expressly conferred  upon  Richard Cano the requisite authority, power, and/or otherwise  clothed  and/or  invested Richard Cano with the ability to act upon within the scope and course of said principal-agency relationship and/or employer-employee relationship with  authority, pursuant to, and under the doctrine of,  *respondeat superior*,  to  bind  GMAC Mortgage LLC, by and through the actions, conduct, commission, and/or omission  to act of Richard Cano.

16.     Plaintiffs allege that Mark Schaller, [hereinafter referred to as "Schaller"], is , and during all times material herein was,   residing within the City of Vancouver, County of Clark, State  of  Washington.  Plaintiffs allege Schaller is engaged in   activities  and  conduct  that  affect  federal  interstate  and/or  foreign commerce. Schaller is a "person," as  that  term is defined pursuant  to Section 1961(3) of  the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"].

17.     Plaintiffs allege that Mark Schaller was at all times material herein functioned and/or operated in the capacity as an agent, deputy, employee, nominee, partner, representative, servant, director, and/or officer of GMAC Mortgage LLC, duly serving in the authorized representative capacity of a supervisory managerial officer therefore.  Plaintiffs further allege by virtue of Mark Schaller's duly authorized representative  capacity as a supervisory managerial officer of GMAC Mortgage LLC,

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

18

GMAC Mortgage   LLC expressly conferred   upon Mark Schaller   the requisite authority, power, and/or otherwise clothed and/or invested Mark Schaller with the ability to act upon within the scope and course of said principal-agency relationship and/or employer-employee   relationship with   *apparent   agency authority* to bind GMAC Mortgage LLC, by and through the actions, conduct, commission, and/or omission  to act of Richard Cano.

18.     Plaintiffs allege that Mark Schaller was at all times material herein functioned and/or operated in the capacity as an agent, deputy, employee, nominee, partner, representative, servant, director, and/or officer of GMAC Mortgage LLC, duly serving in the authorized representative capacity of a supervisory managerial officer therefore.   Plaintiffs further allege by virtue of Mark Schaller's duly authorized representative capacity as a supervisory managerial officer of GMAC Mortgage LLC, GMAC Mortgage   LLC expressly conferred   upon Mark Schaller   the requisite authority, power, and/or otherwise clothed and/or invested Mark Schaller with the ability to act upon within the scope and course of said principal-agency relationship and/or employer-employee relationship with *ostensible   agency authority*   to bind GMAC Mortgage LLC, by and through the  actions, conduct, commission, and/or omission  to act of Richard Cano.

19.     Plaintiffs allege that Mark Schaller was at all times material herein functioned and/or operated in the capacity as an agent, deputy, employee, nominee, partner, representative, servant, director, and/or officer of GMAC Mortgage LLC, duly serving in the authorized representative capacity of a supervisory managerial officer therefore.   Plaintiffs further allege by virtue of Mark Schaller's duly authorized representative  capacity as a supervisory managerial officer of GMAC Mortgage LLC,

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

19

1 GMAC Mortgage  LLC expressly conferred  upon Mark Schaller  the requisite
2 authority, power, and/or otherwise clothed and/or invested Mark Schaller with the
3 ability to act upon within the scope and course of said principal-agency relationship
4 and/or employer-employee relationship with ***inherent agency authority*** to bind
5 GMAC Mortgage LLC, by and through the actions, conduct, commission, and/or
6 omission  to act of Richard Cano.

7

8      20.     Plaintiffs allege that Mark Schaller was at all times material herein
9 functioned and/or operated in the capacity as an agent, deputy, employee, nominee,
10 partner, representative, servant, director, and/or officer of GMAC Mortgage LLC, duly
11 serving in the authorized representative capacity of a supervisory managerial officer
12 therefore.  Plaintiffs further allege by virtue of Mark Schaller's duly authorized
13 representative capacity as a supervisory managerial officer of GMAC Mortgage LLC,
14 GMAC Mortgage  LLC expressly conferred  upon Mark Schaller  the requisite
15 authority, power, and/or otherwise clothed and/or invested Mark Schaller with the
16 ability to act upon within the scope and course of said principal-agency relationship
17 and/or employer-employee relationship with  authority, pursuant to, and under the
18 doctrine of, ***respondeat superior***,  to bind  GMAC Mortgage LLC, by and through
19 the actions, conduct, commission, and/or omission  to act of Richard Cano.

20      21.     Plaintiffs allege that Mark Schaller and Richard Cano were previously
21 employed by Chase Manhattan Bank wherein Schaller supervised, reviewed, and/or
22 was responsible for managing the activities and conduct of Richard Cano during a four
23 [4] year period. Plaintiffs further allege that Cano was employed by Chase Manhattan
24 Bank in the capacity of a senior loan officer and/or loan officer.

25

26      22.     Plaintiffs allege that Mark Schaller and Richard Cano were previously

27

28      ***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
    ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON
20  DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

1  employed   by First Horizon wherein Schaller supervised,   reviewed, and/or was
2  responsible for managing the activities and conduct of Richard Cano during a four [4]
3  year period. Plaintiffs further allege that Cano was employed by First Horizon in the
4  capacity of a senior loan officer and/or loan officer.

5

6      23.   Plaintiffs allege that F. James Mayhew [hereinafter referred to as
7  "Mayhew"], is, and during all times material herein was, an attorney and counselor of
8  law duly admitted to engage in the practice of law before the Supreme Court of the
9  State of Washington, maintaining his principal office for the active  practice of law
10 within the City of Vancouver, County of Clark, State of Washington. Plaintiffs further
11 allege that at and during ball times material herein that Mayhew functioned and/or
12 served  as the legal representative, attorney, legal advisor, counselor, solicitor, and/or
13 lawyer representing the interests of Richard Cano, as more specifically alleged
14 hereinafter.  Plaintiffs allege Mayhew is  engaged in activities and conduct that affect
15 federal interstate and/or  foreign  commerce. Mayhew is  a "person," as  that term is
16 defined pursuant   to Section 1961(3) of   the Racketeer Influenced and Corrupt
17 Organizations Act of 1970 ["RICO"].

18

19     24.   Plaintiffs allege  that Darmstad Clearing & Contracting Ltd., a foreign
20 corporation, [hereinafter referred to as "Darmstad"] is a foreign corporation of
21 unknown origin, organized  and created  pursuant to the laws of an unknown foreign
22 nation. Plaintiffs further allege that Richard Cano owns, controls, manages, directs,
23 and/or operates Darmstad, and is engaged  in business activities within the County
24 of Clark, State of  Washington.  Plaintiffs allege that Darmstad engages  in activities
25 that include, and are not restricted to, the providing of financial  services and lending
26 and professional consulting services related thereto.   Plaintiffs allege that Darmstad

27

28  ***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS
   ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON
   DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

21

is engaged in activities and conduct that affect federal interstate and/or foreign commerce.  Darmstad is a "person," as  that  term is defined pursuant  to Section 1961(3) of   the Racketeer Influenced  and  Corrupt Organizations Act of 1970 ["RICO"].

25.     Plaintiffs allege that each and every defendant is liable as a principal pursuant to Title  18 United States Code §§ 2(a)-(b)  and that each and every defendant is liable as a co-conspirator pursuant to Title 18 United States Code § 371. Plaintiffs further allege that the acts,  conduct,  activities, and/or omissions committed by any one defendant are attributable to all of the other defendants.

26.     Plaintiffs  allege  that at all times material herein, the activities, conduct, and/or omissions committed and/or engaged in by the defendants herein give rise to this action being instituted within this federal district court inasmuch as plaintiffs are citizens   and  residents   of the City of Vancouver, County of Clark, State of Washington, and the events that give rise to the federal  Racketeer Influenced and Corrupt  Organizations Act of 1970 ["RICO"][Title 18 United States Code  § §§ 1961, 1965(a), (b), and (d)] action are predicated under the RICO co-conspiracy theory of venue and co-conspiracy theory of personal jurisdiction, by and through employment of federal instrumentalities of  federal interstate commerce, including the federal mails, federal wires, and traveling  in  connection with the commission of racketeering activity  across  federal  interstate and/or international boundaries and/or lines.

27.     Plaintiffs  further allege that  the defendants, each of  whom are engaged

**COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)**

22

in principal business activities within the City of Vancouver, County of Clark, State of Washington,  engaged in continuous, concerted, and systematic activities  with plaintiffs within this district, resulting in injury to their  respective  interests in their business  or property,  pursuant  to  RICO Title 18 U.S.C. § 1964©).

28.    Plaintiffs  allege  that venue is proper within this judicial district pursuant to Title 28 U.S.C. §§ 1391(a)(2), (a)(3), and (b) inasmuch as all defendants transact business and can be found within this district, and that a substantial part of the events or omissions giving rise to the claims  occurred, or a substantial part of property that is the subject matter is situated  within, this district.

## II.    COMPREHENSIVE  ARTIFICE AND  SCHEME  TO DEFRAUD AND TO DEPRIVE PLAINTIFFS  OF THEIR  INTERESTS  IN  BUSINESS OR  PROPERTY  [TITLE 18 U.S.C. § 1964©)] – RICO  ARTIFICE  AND SCHEME    TO    DEFRAUD re: DESTRUCTION and INJURY  TO BUSINESS

29.    Plaintiffs allege that in and during 2005, by and through the use of federal interstate wires, including electronic messaging, electronic mail, instant messaging, and/or e mail,  and/or federal mail, Richard Cano, by and through the scope and course of his employment in the capacity as a senior loan officer with Countrywide Home  Loans,  Inc.,    contacted  plaintiffs relative to developing existing and/or prospective  mortgage  loan business opportunities. Cano had theretofore established

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 [“RICO”][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

a business relationship with plaintiff Ramona Carmelle Laird (Kauhi) who operated and managed a real estate business wherein Ms. Laird (Kauhi) placed mortgage loans with Cano upon residential properties Ms. Laird (Kauhi) sold as a realtor. Cano also financially sponsored Ms. Laird (Kauhi) high speed performance racing car under NTI-Racing.com in various professional competitions.

30.     Plaintiffs allege that Cano, by and through by and through the use of federal interstate wires, including electronic messaging, electronic mail, instant messaging, and/or e mail, and/or federal mail, contacted Mr. Kauhi in 2005 that Cano was departing the employ of Countrywide Home Loans, Inc., and accepting a comparable position as a senior loan officer at GMAC Mortgage, LLC inasmuch as GMAC Mortgage, LLC would accord Cano a substantially extensive and more diverse area to originate, promote, and market commercial real estate development loans, as well as provide real estate consultation services.

31.     Plaintiffs allege that during 2005, after Cano commenced employment as a senior loan officer with GMAC Mortgage, LLC, plaintiff Ramona Carmelle Laird Kauhi, by and through by and through the use of federal interstate wires, including electronic messaging, electronic mail, instant messaging, and/or e mail, and/or federal mail, introduced Canon, appearing in his duly authorized capacity as a senior loan

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

officer upon behalf of GMAC Mortgage, LLC, to Jameson K. Kauhi, at the time her prospective spouse. The meeting occurred at the Portland International Raceway ["PIR"], located in Portland, Oregon, during a high performance speed race, for the purpose of Jameson Kauhi's efforts to obtain and secure monetary financing to consummate an eighty-one [81] acre commercial real estate development situated in Vancouver, Washington, referred to hereinafter as the "Deffenbaugh Project."

32.    Plaintiffs allege that Jameson Kauhi affirmatively represented to Cano, appearing in his duly authorized capacity as a senior loan officer upon behalf of GMAC Mortgage, LLC, during this particular meeting, and during all subsequent meetings, including, but not restricted to, teleconference, and/or communications via telephone, electronic messaging, electronic mail, instant messaging, and/or e mail, that Kauhi endeavoured to locate, obtain, and/or secure necessary monetary financing to consummate the Deffenbaugh Project upon behalf of Presidio Group LLC, a Washington limited liability company, Presidio Group LLC, d.b.a. Presidio Group International, LLC, a Washington unincorporated business entity, and Presidio Group International, LLC, a Washington unincorporated business entity. Plaintiffs further allege that Jameson Kauhi reaffirmed and confirmed to Cano, and that Cano affirmed and confirmed to Jameson Kauhi, that Kauhi sought such funding upon behalf of these

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

25

particular business concerns owned, controlled, managed, operated and administered by Jameson Kauhi.

33.     Plaintiffs allege that Jameson Kauhi, at times material herein, affirmatively represented to Cano, and Cano, appearing in his duly authorized capacity as a senior loan officer upon behalf of GMAC Mortgage, LLC, affirmatively acknowledged and confirmed, by and through teleconference, and/or communications via telephone, electronic messaging, electronic mail, instant messaging, and/or e mail, that Jameson Kauhi and Ramona Carmelle Laird (Kauhi) were co-managing members, co-members, officers, directors, partners, employees, representatives, nominees, deputies, and/or supervisory agents of Presidio Group LLC, a Washington limited liability company, Presidio Group LLC, d.b.a. Presidio Group International, LLC, a Washington unincorporated business entity, Presidio Group International, LLC, a Washington unincorporated business entity, and that these collective businesses were seeking the monetary funding for the Deffenbaugh Project.

34.     During the course and scope of this particular metering and subsequent meeting(s) between Cano at Cano's GMAC Mortgage, LLC, corporate offices at Park Plaza Drive, Park Plaza Tower II, Vancouver, Washington, GMAC Mortgage, LLC,

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

with Jameson Kauhi, the duly authorized representatives of  Presidio Group LLC, a Washington limited liability company, Presidio Group LLC, d.b.a. Presidio Group International, LLC, a Washington unincorporated business entity, Presidio Group International, LLC, a Washington unincorporated  business entity, Cano affirmatively represented  and  confirmed  to  plaintiffs  that Cano, acting in his duly authorized capacity  upon  behalf  of GMAC Mortgage, LLC, could  secure the monetary funding  for the Deffenbaugh  Project through  GMAC Mortgage, LLC, without difficulty. Plaintiffs reasonably relied upon Cano's representations to their legal detriment and resulting injuries to their interest in their respective businesses  and/or properties.

35.     Plaintiffs allege that also during scope and course of this meeting with Cano at the GMAC Mortgage, LLC, offices, Cano affirmatively represented and confirmed to plaintiffs that Cano, by and through GMAC Mortgage, LLC, routinely placed British Pounds Sterling ["£"] in a foreign construction company contracted in rebuilding the war ravaged  infrastructure  of  Iraq, and that the placement of foreign monies to facilitate and further the foreign  construction  company's  business pursuits were substantially lucrative.

36.     Plaintiffs further allege that during the scope and course of this meeting

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

27

with Cano at the GMAC Mortgage, LLC, offices, Cano affirmatively represented and confirmed to plaintiffs that Cano, by and through GMAC Mortgage, LLC, needed $187,000 to pay and satisfy all applicable taxes, fees, expenses, and costs in order to obtain the release from an escrow account the monetary funds required by plaintiffs for the Deffenbaugh Project and transferred from overseas to the United States of America. Plaintiffs reasonably relied upon Cano's representations to their legal detriment and resulting injuries to their interest in their respective businesses and/or properties.

37.   Plaintiffs allege that during a subsequent meeting with Cano at the GMAC Mortgage, LLC offices that plaintiffs did not need to obtain the monetary funding for the Deffenbaugh Project through GMAC Mortgage, LLC inasmuch as Cano allegedly had access to, or the ability to obtain possession of, £ 10,0000,000, approximately $19,000,000 USD, in an escrow account in England from the sale of his foreign construction company, which Cano refused to disclose the true identity to plaintiffs.  Plaintiffs further allege that Cano affirmatively represented and confirmed to plaintiffs that Cano had acquired and accumulated this amount of funds as a result of his proprietary ownership in a foreign company that obtained construction contracts to rebuilding the war ravaged infrastructure of Iraq. Plaintiffs reasonably relied upon

***COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) <u>PINKERTON DOCTRINE CONSPIRACY</u>, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)***

28

Cano's  representations to their legal detriment and resulting injuries to their interest in their respective  businesses  and/or properties.

38.    Plaintiffs also allege that Cano, acting in his duly authorized capacity upon  behalf  of GMAC Mortgage,  LLC, represented and confirmed  to plaintiffs that Cano, upon behalf of GMAC Mortgage, LLC, could provide monetary funds through a loan to plaintiffs to acquire a personal residence for $575,000. Plaintiffs further allege that Cano assured and reaffirmed to plaintiffs that GMAC Mortgage, LLC, would provide 100% financing   for   the   personal   residential   property purchase   by providing  an 80% first mortgage loan and a 20% second mortgage loan.  Plaintiffs reasonably relied  upon  Cano's  representations to their legal detriment and resulting injuries to their interest in their respective  businesses  and/or properties.

39.    Plaintiffs allege that commencing on or about 1 September 2005, and continuing  up  and  through  early  2006,  Cano,  appearing  in  his  duly  authorized representative  capacity as a senior loan officer upon behalf of GMAC Mortgage, LLC, by and through the employment of federal interstate wires, teleconferencing, and/or communications  via  telephone,  electronic  messaging,  electronic  mail,  instant messaging, and/or e mail, consistently affirmed,  reaffirmed,  confirmed, promised,

**COMPLAINT _RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) _PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES_, 328 U.S. 640 (1946)**

29

and/or otherwise warranted to plaintiffs that in exchange for plaintiffs' providing

Cano and GMAC Mortgage, LLC, with $187,000 pay and satisfy all applicable taxes,

fees, expenses, and costs in order to obtain the release from an escrow account the

monetary funds required by plaintiffs for the Deffenbaugh Project and transferred from

overseas to the United States of America, Cano and GMAC Mortgage, LLC, would:

      A.    Acquire upon behalf of, and for the benefit of, plaintiffs, the $575,000 personal residential real property plaintiffs were incurring a loan obligation to otherwise acquire said real property;

      B.    Provide $14,500,000 of monetary funding for plaintiffs' Deffenbaugh Project; and,

      C.    Provide monetary funding for investment placement purposes in plaintiffs' prospective real estate and related business ventures pursued by Jameson Kauhi and Ramona Carmelle Laird (Kauhi), as co-managing members, co-members, officers, directors, partners, employees, representatives, nominees, deputies, and/or supervisory agents of Presidio Group LLC, a Washington limited liability company, Presidio Group LLC, d.b.a. Presidio Group International, LLC, a Washington unincorporated business entity,

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

30

and, Presidio Group International, LLC, a Washington unincorporated business entity.

40.    Plaintiffs allege that GMAC Mortgage, LLC, by and through supervisory managing members, duly authorized supervisory mangers, officers, representatives, directors, partners, deputies, servants, and/or supervisory corporate co-managers affirmed, adopted, acquiesced, ratified, confirmed, and/or otherwise consented to Richard Cano's activities, appearing in his duly authorized representative capacity as a senior loan officer upon behalf of n behalf of GMAC Mortgage, LLC, as alleged herein above and as alleged more specifically herein below.

41.    Plaintiffs further allege that GMAC Mortgage, LLC, derived monetary and/or increased business benefits as a proximate and direct result and/or proximate cause of the activities of Cano, specifically, Cano's activities resulted with increased referrals by plaintiffs to Cano and GMAC Mortgage, LLC, for real estate lending and real estate financing business. Plaintiffs further allege that GMAC Mortgage, LLC, inured benefits in the form of increased lending activity and increased placing of real estate residential and/or commercial loans, resulting with commission fees received by Cano and/or GMAC Mortgage, LLC.

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

31

42.    Plaintiffs allege that Cano,  appearing in his duly authorized representative capacity as a senior loan officer upon behalf of GMAC Mortgage, LLC, and GMAC Mortgage,  LLC,  by and through the employment of  federal  interstate wires, teleconferencing, and/or communications via telephone, electronic messaging, electronic mail, instant messaging, and/or e mail, transmitted, disseminated, and/or represented the following to plaintiffs through a series of electronic mails traversing federal interstate and/or foreign boundaries, that such representations were  material misrepresentations of fact, and  omitted to disclose facts that were material omissions of fact, lulling plaintiffs into a false sense of security and false sense of hope. Plaintiffs reasonably  relied  upon  the  representations  transmitted,  disseminated,  and/or communicated  by  Cano  and GMAC Mortgage, LLC to plaintiffs, alleged herein after as follows:

_____

*MATERIALLY FALSE and MISLEADING ELECTRONIC MAIL/ELECTRONIC MESSAGING ["E MAIL"] ACTIVITY  TRANSMITTED ACROSS  FEDERAL INTERSTATE  AND/OR  INTERNATIONAL/FOREIGN  BOUNDARIES  IN CONNECTION WITH PERPETRATING and PERPETUATING AN ARTIFICE OR SCHEME TO DEFRAUD*

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

◆   22 November 2005          E mail letter from Cano/GMAC Mortgage, LLC confirming telephonic communication with Jameson Kauhi of 22 November 2005, accentuating strict and absolute anonymity as crucial regarding represented monetary funding, and reference to undisclosed, unnamed European bank and telephonic communications with a duly authorized representative of representative of "Presidio" "as long as I am present." Communique describes prior adverse experience of Cano dealing with European banks, allegedly being charged a"Tariff or tax" on money withdrawn from accounts, and allegedly having lost monies the year before involving an alleged San Francisco real estate developer demanding proof of funds in escrow account, charged $282,000 in penalties and tax because of withdrawal of $5,000,000; communique reiterates demand for non refundable $180,000 fee to assure performance, assents and confirms to collaborating with "Presidio"

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

33

◆     27 November 2005       E mail letter from Cano/GMAC Mortgage, LLC

confirms telephone conversation with Jameson Kauhi

to commit and provide $180,000, consistent with, and

in response to, Cano and GMAC Mortgage, LLC's

previous verbal and/or written inquires and requests

for said monetary funds to satisfy certain taxes, fees,

costs, and expenses in order to access overseas'

monetary funds in escrow account in exchange for

Cano and GMAC Mortgage, LLC, to provide

plaintiffs with monetary funding to pursue

Deffenbaugh Project; e mail letter represents securing

of letter of guarantee from "my bank overseas.....

Should take them a day or so... and then I'm going to

ask them to send me an original....so that I can

present the original to you. We can then set another

appointment, sign the agreements as well as transfer

the $180,000 and within 48 hours from the transfer of

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

34

as an intermediary upon his behalf. /s/ "Richard

Cano, Sr. Loan Officer, GMAC Mortgage Corp."

1
2
3
4
5
6
7
8

the funds, we'll have all my funds at our disposal. Thanks again Jameson.... I'll call you in the AM on Monday. P.S. I've got a conference call with my bank around   midnight tonite (its 8am their time). /s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

◆     30 November 2005     E mail from Cano/GMAC Mortgage, LLC, requesting plaintiffs maintain referenced forwarded documents in absolute and strict confidence and private; confirmed that "... I have already wired $207,000 to my brokerage account where those funds will sit until I send $180,000.  The process usually takes about 3 to 7 days... but the bank [undisclosed] us guaranteeing 4 days;" communique requests plaintiffs call or e mail Cano, stating that ... "I am also going to assume that your funder is serious..because I do not want to share this information about me with anyone who is not serious."  /s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

27
28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

◆   5 December 2005         E mail letter from Cano/GMAC Mortgage, LLC, confirming agreement with plaintiffs to "get the $180,000 this week..." /s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

◆   6 December 2005         E mail letter from Cano/GMAC Mortgage LLC, confirming that "I just emailed my personal banker [undisclosed] in England to give him a heads up that someone may be calling to get verification on my "proof of funds;" communique reaffirms previous e mail letter accentuating absolute and strict confidentiality and privacy, and that the representative of the undisclosed bank in England will not communicate telephonically with plaintiffs' "investors" and plaintiffs'"investors International Banker" unless Cano provides prior authorization; accentuates alleged privacy requirements governing banking in the United Kingdom as basis for Cano not authorization telephonic communication by Cano's

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

36

undisclosed bank representative."/s/ Richard Cano."

◆       6 December 2005        E mail letter from Cano and GMAC Mortgage, LLC,

to plaintiffs [Ramona Kauhi] accentuating  necessity

to obtain monies for projected financial matters upon

an expedited basis. "I understand there were some

delays with his funder [undisclosed] ... but three

weeks is a little long for me to wait and not make any

money during those three weeks. Jameson told me

that he's sure this will come together... and I put

other investment deals on hold until this

Wednesday..... so I have no idea by Wednesday....

I've got to pull the plug and get on with some other

investment deals."   "/s/ Richard Cano, Sr. Loan

Officer, GMAC Mortgage Corp."

◆       9 December 2005        E mail letter from Cano and GMAC Mortgage, LLC,

forwarding an e mail letter  communique from an

alleged Percival Smith, allegedly "Head of the

International Banking unit as well as the head of the

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON
DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

37

Legal Department," stating that Smith is informed that a Dr. Darrell Law will call to speak with Smith regarding verification of Cano's proof of funds, requests plaintiffs provide "contractor's name and company to be forwarded to Smith. "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦      15 December 2005     E mail letter from Cano and GMAC Mortgage, LLC, describing alleged receipt of good news after I had a lengthy conversation with "my [undisclosed] bank in England.... The Managing director [undisclosed] and my personal banker [undisclosed] are going in front of the Board of Directors [undisclosed] tomorrow.... I made a special request.  I basically requested them to make an exception.... We'll be short $90k and I asked them to make it an exception.   I've been banking with them for a very long time...it's the least they can do. What I was calling about was I wanted to find out how fast you can put that $82k together..... They [undisclosed] are telling me that I need to wire

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

38

it in the next 24 to 48 ours if the Board [undisclosed] approves the exception. In other words I'd like to be in a position to wire the funds immediately...the minute I get their approval (If they approve it).  Let me know how fast you can put that 82k together.  P.S.   I have a back up plan.... A close friend [undisclosed] of mine may help you and I out. Although I do like the idea of the Ivy Street Heloc.  But lets not do anything on that yet." "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦    17 December 2005    E mail letter from Canon and GMAC Mortgage, LLC, stating that "[w]e're on.....all the board of directors [undisclosed] have signed off on my "Request for an exception".....  Go ahead and round up the $82,000 as soon as possible..... I need to have the funds no later than Tuesday morning....to wire immediately.  I've also called you and left a phone message with the good news...lets get this done asap... no delays this time.  I need to wire the money

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

no later than Noon on Tuesday." "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦  21 December 2005    E mail letter from Cano and GMAC Mortgage, LLC, forwarding an appraisal; communique state that Cano will have to scan the title report and send n within a half an hour; communique further states that "P.S. I'll write up the Promissory Note to give you an idea... Erik and Rebecca will sign asap...lets set it up first thing in the AM.... I can have someone downstairs sign them asap.... Stewart title." "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦  21 December 2005    E mail from Cano and GMAC Mortgage, LLC accentuating that "we need to get this completed as early as possible in the morning so that I can wire all this $82,000 by Noon cut off tomorrow (Thursday). See attached title report for Olsen....Rebecca and Erik are available to sign as early in the AM as possible.  P.S. Rebecca only owes $322,000 on first

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

40

mortgage." "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   21 December 2005   E mail from Cano and GMAC Mortgage, LLC, with forwarded copy of a promissory note for plaintiffs to complete and execute. "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   22 December 2005   E mail letter from Cano and GMAC Mortgage, LLC, to plaintiffs [Ramona Kauhi] confirming that Jameson Kauhi "says he has it all under control for tomorrow... he's wiring the $35,000 as we speak.... and tomorrow the $47,000 then we're all done." /s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   22 December 2005   E mail from Cano and GMAC Mortgage, LLC, with bank identity of Emporiki Bank, Branch 035, 34 Stadiou & 1, Korai Street,, GR 10564 Athens, Greece, account number GR 7102003500006043000013, beneficiary: Darmstad

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

| | | |
|---|---|---|
| | | Clearing & Contracting Ltd. "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp." |
| ◆ | 26 December 2005 | Email from Cano and GMAC Mortgage, LLC, accentuating point that funds have to be wired immediately prior to wire cutoff at plaintiffs' bank. "I don't want to wait another day to get this handled.... I want to make sure that by tomorrow afternoon you and I are relieved that the funds are on their way." "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp." |
| ◆ | 28 December 2005 | E mail letter from Cano and GMAC Mortgage, LLC, to plaintiffs [Ramona Kauhi] confirming and verifying receipt of $82,000 from plaintiffs at bank: " The bank in England has to verify the two wires are in the Brokerage account first.... it could take between 3 to 5 business days to verify it.... Until that happens... the Bank will not give me any confirmation as to when the funds will be wired to me. No need to do anything with the paperwork you have .....those are |

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

42

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

merely disclosures we send out withy purchase transactions. I am still submitting the loan and see if I get an approval... just to be on the safe side... in case my funds are delayed a week or so.  If we get the loan approved... then we'll close it the way it is if my funds are not here yet..... Your first payment would not be due for at least 60 days..... so hopefully we'll have it paid off before then.  If my funds are here.... I am simply going to write a check to you and Jameson ad you guys can purchase the property case. . . . If Jameson had managed to get the 2nd wire sent out by Friday the 23rd ... I would have been able to give you a guarantee... based on the Banks guarantee... but because I was delayed until yesterday.....they obviously wont give me a guarantee as to the turn around time.  The appraisal just came in this morning ... came in at $575,000... My processor is packaging the loan as I said in a previous email..... she'll have it to the underwriter by tomorrow

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON*
43   *DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

afternoon." /s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   28 December 2005   E mail letter from Cano and GMAC Mortgage, LLC, to plaintiffs [Ramona Kauhi] regarding the personal residential real property plaintiffs to acquire: "I never take what a seller tells me that there property comes in at.... You never know which appraiser or how much experience they have as to whether there appraisal is legitimate or not.   I trust my two appraisers... even though they are extremely conservative.... they are always more realistic.   I think your property is probably worth moire like $600K realistically. Thanks."  "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   29 December 2005   E mail letter from Cano and GMAC Mortgage, LLC, to plaintiffs [Ramona Kauhi] regarding the personal residential real property plaintiffs to acquire: "Nope.....wouldn't get any word at this time.... Just received the appraisal yesterday morning....the

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)**

44

processor is working on packaging it and getting it to the underwrite today.....When they get it today.....it will still be at least 72 hours before we get any word on it.  As far as the funds coming from overseas... No... they are bit going to tell me anything until they are able to verify the funds in the Brokerage Account [undisclosed].... which takes at least 3 to 5 business days.  The soonest I'll know that its in the Brokerage account [undisclosed] for the $35K is sometime on Friday... The $47k... may take until Tuesday.... Banks are closed on Monday the 2nd.  Thanks ... I'll get back to you... but I can't give then a real timeline..... P.S. Stephanie at escrow called and all I could tell her is that I just got the appraisal."  "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   29 December 2005   E mail letter from Cano and GMAC Mortgage, LLC, to plaintiffs [Ramona Kauhi] regarding wire transfer of monies overseas: "Hey... just called your husband to be ..... I need to see if his credit union has the

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

45

ability to run a trace and find out if the funds have arrived into the brokerage account [undisclosed] that we wired the funds to. My Bank, ... Bank of America has the ability to trace all my wire's...... so I don't know if the Credit unions have that ability???  Ask him to let me know.... if they can and they can verify both wire's have arrived to their destination.... then I an start putting pressure on the bank of England [undisclosed]. No what I mean???..." "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

◆    29 December 2005    E mail letter from Cano and GMAC Mortgage, LLC, to plaintiffs [Ramona Kauhi] regarding time line of performance on the personal residential real property plaintiffs were to acquire: "Good deal.... I think that is the pro-active thing to do..... have him [Jameson Kauhi] camp out there [bank] and see if they can .... AS far as the letter.... I can do that but it sounds like they want an assurance on the timeline... and I can't really give that to them.  You don't think they'll pull

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

46

the deal [personal residential real property] from you?? Do you?? "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦    2 January 2006          E mail letter from Cano and GMAC Mortgage, LLC, stating "I had a communication from my bank in England [undisclosed] on Friday.....They have already verified the $35k but the 47k had not been verified in the account.....as I suspected.... They tell me all is well and they should be able to verify it on Tuesday morning. However...keep in mind that it will still take them 4 complete days to finish all the paperwork on their end.... then they will wire my funds to me...which will take at least 48 hours to arrive... so we're looking, best case scenario, at 6 business days when I will physically have my funds in my account.... If for some reason they cannot verify the 2nd wire until Wednesday... then we're looking until next Wednesday before I have my funds.  As I said...the delay in getting that 2nd wire is

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

47

| | | |
|---|---|---|
| | | really pushing everything back at least another week....keep that in mind." "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp." |
| ♦ | 3 January 2006 | E mail from Cano and GMAC Mortgage, LLC, confirming meeting at "my office space here at GMAC...""/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage." |
| ♦ | 3 January 2006 | E mail from Cano and GMAC Mortgage, LLC, stating that "other great news..... got a call a couple of hours ago....they [undisclosed] just finished verifying all the funds in the Broker account.....Paperwork is being done as we speak to complete all of this.  They [undisclosed] should be calling or emailing me by Friday or Monday to let me know that they have wired the funds top me.... then all we have to wait is a couple of days and it will be in my account. I'll review the list tonite..... Let me know what time you want to get together tomorrow." |

*COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) <u>PINKERTON DOCTRINE CONSPIRACY</u>, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)*

48

"/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   4 January 2006        E mail from Cano and GMAC Mortgage, LLC: "FYI... here you go....all should be wired by next Wednesday...which means funds will be here by that Friday." "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   5 January 2006        E mail from Cano and GMAC Mortgage, LLC: "Everything looks good and in order.... and of course I'll review the budgets a little alter today or tonite. However, a couple of thoughts:

1.      Until my funds arrive I am not going to sign anything that commits me yet. I'm sure you'll understand why.

2.      Until I see all the required reports, contracts on each project and the regular developer packages, city approval etc..... I'm not really inclined to sign anything on each project until I have all the documentation needed for each

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

49

project. I know you've done all; the leg work but before I commit to 8Million I want to know what sort of protection I have.

3.   Keep in mind that I like to move slow... as slow as a snail...when it comes to committing [sic] this kind of money.... so I hope you understand that I am not to that point yet where I'm going to pull the trigger that quickly.

In addition...its to soon for me to say yes or no on any project....but as I said in our meeting yesterday...I like the income potential you presented and it remains to be  when I see the documentation." "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   9 January 2006   E mail from Cano and GMAC Mortgage, LLC: communique inquired of plaintiffs' proposed budget, reasons why Presidio Group would earn 35% profit and combined commission and payroll to be 25% of profit; raises issue

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

50

with plaintiffs' reference to $132,000, instead of plaintiffs' $82,000 placed as requested; reaffirms reasons for requested $180,000 to pay approximately $387,000 in taxes, charges, fees, costs, and expenses:"The deal was... if you came up with $180,000 as an enticement I would pay for your home purchase. Technically, when you could not put together $180,000... that deal was dead... However, I told you that I would make an exception ....seeing that the Board of Directors... were going to allow me to receive my funds and they would waive the remaining penalty.. . . ." "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   9 January 2006   E mail letter from Cano and GMAC Mortgage, LLC, to plaintiffs [Ramona Kauhi] regarding wire transfer of monies by plaintiffs and on personal residential real property for plaintiffs to acquire: "I assumed Jameson has been keeping you updated??? He and I had a meeting last Wednesday and I told him that everything is going to be delayed because they are not going to wire my funds until This week Wednesday....should arrive here by late Friday this week.

COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)

51

I received an approval as I had explained to Jameson... but I knew they were going to request 20% downpayment. I'm confused now."   "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   9 January 2006   E mail letter from Cano and  GMAC Mortgage, LLC, to plaintiffs [Ramona Kauhi] regarding wire transfer of monies by plaintiffs and on personal residential real property for plaintiffs to acquire: "Lets back up..... Its approved subject to 20% downpayment .... so in other words we have to verify 20% down payment.... because I can't verify you have 20% down payment..... we have no need for that loan. The back up plan is to do that cash deal... but as I said....the funds will be wired Wednesday...and will not arrive until late Friday... I probably won't have access to my funds until the following Monday."   "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   9 January 2006   E mail letter from Cano and  GMAC Mortgage, LLC, to plaintiffs [Ramona Kauhi] regarding wire transfer of monies by plaintiffs and on personal residential real property for

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

52

plaintiffs to acquire: "As I had told Jameson..... I can't make any sort of guarantee until my funds arrive.  I am not going to make a commitment to anyone yet... until my funds are here.   Until I have access to y funds I cannot make any commitment.  If you want to draw up an addendum to that affect.... then I would go ahead.  If for some reason my funds are delayed a couple of more days... I don't want to be on the spot... that I made a commitment to you or the seller or agent.  As I had told Jameson last week... Don't ask me for any commitment until my cash is here and its accessible. That's all I can give you right now."   "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   9 January 2006   E mail letter from Cano and  GMAC Mortgage, LLC, to plaintiffs [Ramona Kauhi] regarding wire transfer of monies by plaintiffs and on personal residential real property for plaintiffs to acquire: "Good  deal...... One thing on the closing cost..... I'm paying for the purchase price... but I don't recall agreeing to pay for closing cost?? You'll still

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

53

have closing cost..... title fee, escrow, appraisal, taxes for ½ a year, insurance premium etc...... so there be closing cost etc.  You might want to keep that in mind."  "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

◆   11 January 2006   E mail letter from Cano and  GMAC Mortgage, LLC, to plaintiffs [Ramona Kauhi] regarding wire transfer of monies by plaintiffs and on personal residential real property for plaintiffs to acquire: "Monday is a holiday.... so the banks are closed..... As I had mentioned earlier.... I cannot commit to a specific date until I know for sure when I will have access to my cash.  I know your looking for a different answer but that is all I can give you right now... until I know when I will have access to my funds.  It's a tax write to me as a business loss.... so therefore I offseat paying any taxes due.. If I was to buy the property and turn around and sell it... I would incur profit and profit means taxes due.  I'm not sure how that will affect you."  "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)**

◆    11 January 2006    E mail letter from Cano and GMAC Mortgage, LLC inquiring of plaintiffs of potential real estate development projects and alleging circumventing Cano by pursuing projects through Presidio Group, or other investors, without Cano's final approval. "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

◆    17 January 2006    E mail letter from Cano and GMAC Mortgage, LLC, to plaintiffs [Ramona Kauhi] regarding wire transfer of monies by plaintiffs and on personal residential real property for plaintiffs to acquire: "I'll go ahead and get everything set up for 80% Loan..... get me documentation on the 29%.... like a bank statement etc?? If it was recently deposited... give me documentation for the origination of it. I'll get back to you by Wednesday.... Thanks again." "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

◆    17 January 2006    E mail letter from Cano and GMAC Mortgage, LLC, to plaintiffs [Ramona Kauhi] regarding wire transfer of monies by plaintiffs and on personal residential real property for plaintiffs to acquire: "... I'll keep plugging away.... but get

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

55

the 20% documentation to me and I'll submit it with these two investors [undisclosed]. Thanks." "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   23 January 2006   E mail letter from Cano and GMAC Mortgage, LLC confirming earlier telephone conversation relative to securing $177K for plaintiffs, confirming deadline of 19 February 2006. "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   2 February 2006   E mail letter Cano and GMAC Mortgage, LLC with forwarded e mail letter allegedly from Percival Smith, "Head of the International Banking Unit" and why bank would not perform re: "imminent expiration of your International Clearance Certificate at the appropriate time;" communique forwarded to  plaintiffs to demonstrate  reason for lack of performance, compliance.   "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   2 February 2006   E mail letter Cano and GMAC Mortgage, LLC with forwarded e mail letter allegedly from Gariosh Hamilton, Group Head Legal Affairs regarding alleged ISN account

*COMPLAINT <u>RE</u>: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970  ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) <u>PINKERTON DOCTRINE CONSPIRACY, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)*

56

number requested by Bank of England, 19 February 2006 deadline, extended to 21 February 2006 re: imminent expiration of   International Clearance Certificate at the appropriate time; communique forwarded to  plaintiffs to demonstrate  reason for lack of performance, compliance. "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   2 February 2006   E mail letter Cano and GMAC Mortgage, LLC with forwarded e mail letter allegedly from George o"Connor, Vice President, regarding imminent expiration of International Clearance Certificate; communique forwarded to  plaintiffs to demonstrate  reason for lack of performance, compliance.  "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   2 February 2006   E mail letter Cano and GMAC Mortgage, LLC with forwarded e mail letter allegedly from George o"Connor, Vice President, regarding imminent expiration of International Clearance Certificate; requiring additional $124,000 to be wired;  communique forwarded to  plaintiffs

*COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) <u>PINKERTON DOCTRINE CONSPIRACY</u>, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)*

57

to demonstrate reason for lack of performance, compliance. "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   2 February 2006   E mail letter from Cano and  GMAC Mortgage, LLC, to plaintiffs [Ramona Kauhi] regarding wire transfer of monies by plaintiffs and on personal residential real property for plaintiffs to acquire: "I want to make sure that the both of you see my account with your own eyes...... so you'll see that I'm not pulling anyone's leg on this.  Click on e-Banking.... it will then take you to the Log In screen.... where it will ask yo for the account # and the Pin #. You'll see my account and how much I have in that account... As I said per our conversation earlier.... I cannot wire any funds out of my account until I "Renew" my ISN#. I will send you other emails that the bank sent to me ..... so that you'll see that I'm not pulling anyways leg and this is extremely serious. I don't want to think about what will happen if I don't meet that deadline."  "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

*COMPLAINT <u>RE</u>: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18  USC  §§1961 et.seq] RE:  RICO §1962(d) <u>PINKERTON</u> DOCTRINE CONSPIRACY, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)*

58

◆    9 February 2006    E mail from Cano and GMAC Mortgage, LLC relative to Rebecca Olsen and incurring a mortgage obligation in exchange for Olsen contributing monetary funds to Cano; advises that "we are moving forward...yes... we've got all the funds almost put together..... We will not be in a position to wire the funds until next week." "/s/ Richard Cano."

◆    6 March 2006    E mail from Cano and GMAC Mortgage, LLC relative to status of funds with Bank of England, confirming that all requirements have ben satisfied. "/s/ Richard Cano."

◆    15 March 2006    E mail from Cano and GMAC Mortgage, LLC with forwarded alleged  formal letter allegedly received from Bank of England on 14 March 2006, reference to conference with bank representatives the morning of 15 March 2006; advises of waiting on bank for further information about wire transfer.  "/s/ Richard Cano."

◆    15 March 2006    E mail letter from Cano and  GMAC Mortgage, LLC, to plaintiffs [Ramona Kauhi] regarding wire transfer of monies by plaintiffs: "All I can tell you at this point is that the Bank of England has approved the Wire transfer as of this

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

59

morning... but I've not gotten any certification as to when it is actually going to be wired.  So I can't really tell you any more than... that's all I know at this point.  Rebecca and I are still waiting as well and I understand your situation as well ... but I can't really tell you any more than what I just told you.  That's all I know as of today."  "  "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

♦   3 April 2006   E mail from Cano and GMAC Mortgage, LLC, regarding Cano in London to confer with attorney and generate additional documents for execution and notarization; reassures plaintiffs that Bank of England, the "central bank" in England,  will promptly process wire transfer, and that the "Co-Operative Bank" [undisclosed] is working with Bank of England to expedite the matter, and that the bank advises Cano that "we are done and no more hitches, delays or any more issues stand in our way."  "/s/ Richard Cano."

♦   3 April 2006   E mail from Cano and GMAC Mortgage, LLC, requesting plaintiffs wire information for purposes of advising  Cano's

*COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) <u>PINKERTON DOCTRINE CONSPIRACY</u>, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)*

American Express advisor so he can handle wires if Cano remains in London. "/s/ Richard Cano."

♦   3 April 2006   E mail from Cano and GMAC Mortgage, LLC, confirming receipt of form from plaintiffs; however, raises issue about amount of money, contending that Cano owed additional $103,000, when plaintiffs only wired $82,000, allegedly another $132,000 needed to payout "your people?" "/s/ Richard Cano."

♦   3 April 2006   E mail from Cano and GMAC Mortgage, LLC, confirming amount in total only $132,000, not $185,500; advised plaintiffs they would discuss and resolve the matter later. "/s/ Richard Cano."

♦   7 April 2006   E mail from Cano and GMAC Mortgage, LLC, updating plaintiffs on United Kingdom trip, meeting with representative at bank; reassures plaintiffs that matter moving along expeditiously and wire en route. "/s/ Richard Cano."

♦   7 April 2006   E mail from Cano and GMAC Mortgage, LLC, updating plaintiffs time performance of wire transfer; reassures

plaintiffs that matter moving along expeditiously and wire en route. "/s/ Richard Cano."

◆   17 April 2006      E mail from Cano and GMAC Mortgage, LLC, updating plaintiffs time performance of wire transfer; reassures plaintiffs that matter moving along expeditiously and wire en route. "/s/ Richard Cano."

◆   17 April 2006      E mail from Cano and GMAC Mortgage, LLC, updating plaintiffs time performance of wire transfer; reassures plaintiffs that matter moving along expeditiously and wire en route; advises of conference call  with Cano attorney to ascertain current status; advises plaintiffs that Cano may not be able to pay plaintiffs by Friday, 21 April 2006 . "/s/ Richard Cano."

◆   18 April 2006      E mail from Cano and GMAC Mortgage, LLC, updating plaintiffs time performance of wire transfer; reassures plaintiffs that matter moving along expeditiously and wire en route; advises he has consulted with his attorneys regarding potential litigation regarding matter; admits to plaintiffs he has no funds, disavows potential liability exposure inasmuch

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

62

as plaintiffs wired funds directly to source in England, and not to Cano. "/s/ Richard Cano."

◆   24 April 2006   E mail from Cano and GMAC Mortgage, LLC, updating plaintiffs that he has consulted with an attorney and attorney will contact plaintiffs; advises that attorney will update plaintiffs that week. "/s/ Richard Cano."

◆   24 April 2006   E mail from Cano and GMAC Mortgage, LLC, updating plaintiffs that he has consulted with an attorney who is an expert in this area of international litigation, and that Cano will be in London to confer with an attorney as well as meet with Bank of England and Co-Operative Bank unnamed representatives; reassures plaintiffs that attorney will contact plaintiffs and update them that week. "/s/ Richard Cano."

◆   8 May 2006   E mail from Cano and GMAC Mortgage, LLC, updating plaintiffs that the bank is ready to perform and release funds, no more delays, no more excuses; advises plaintiffs that bank will not require any more monies; however, bank allegedly established more conditions for Cano to comply with; advises clients that Cano expects receipt of an official

*COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) <u>PINKERTON</u> DOCTRINE CONSPIRACY, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)*

63

letter from the undisclosed "Investment Company" responsible for wiring Cano's funds, with assurances, and that a copy of said letter will be forwarded to plaintiffs; requested plaintiffs' continued patience. "/s/ Richard Cano."

◆   9 May 2006   E mail from Cano and GMAC Mortgage, LLC, updating plaintiffs that Cano's computer and Internet has been accessed and private and financial information pirated by hackers, and not to respond to rcano36258@aol.com. "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

◆   9 May 2006   E mail from Cano and GMAC Mortgage, LLC, updating plaintiffs that computer hacker stole his monies, depleted his financial accounts, and destroyed his credit; still reassures plaintiffs that three [3] more seeks of waiting required; advised plaintiffs that Cano has attorneys in England and an attorney in Portland, Oregon, working on the matter, mentioning to plaintiffs for first time that a purported scam may have been perpetrated upon all of them.  "/s/ Richard Cano."

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

64

◆   9 May 2006     E mail from Cano and GMAC Mortgage, LLC, updating plaintiffs that Cano reported computer hacker to MSN Hotmail Support Team, forwarding e mail letter to plaintiffs from MSN Hotmail. "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

◆   9 May 2006     E mail from Cano and GMAC Mortgage, LLC, updating plaintiffs that Cano reported computer hacker to MSN Hotmail Support Team, - Abuse hotline forwarding e mail letter to plaintiffs from MSN Hotmail. "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

◆   9 May 2006     E mail from Cano and GMAC Mortgage, LLC, updating plaintiffs that Cano trying to reach plaintiffs by telephone, 10 May 2006. "/s/ Richard Cano, Sr. Loan Officer, GMAC Mortgage Corp."

◆   24 May 2006    E mail letter from Cano and  GMAC Mortgage, LLC, to plaintiffs [Ramona Kauhi] regarding wire transfer of monies by plaintiffs and questions raised  about legitimacy of monetary funding performance, failure and refusal to perform re: criminality and complicity: "I really don't

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

understand you and Jameson ..... You and I have a talk on Friday and I go away from that meeting that we have an understanding ..... and then Jameson calls my District Manger on Monday. .. ragging, and complaining and bad mouthing me ..telling my boss I'm a crook and a scam artist. What did you guys think it wasn't going to get back to me????....and then you want me to set up a meeting with you??? I just don't get it??? I think its absolutely disrespectful that you combine me with these possible crooks and scam artists and try to make people believe that I am part of there scam??? Yes, my attorney and I have a plan of attack.... that we have already in place and working that part ...as we speak! Please do not send me any emails to this email address.... this email address is strictly for mortgage business..... Since this is a private matter and I am not allowed to have private emails... PLEASE DO NOT SEND ME ANY EMAILS TO THIS ADDRESS. Due to Jameson's actions on Monday... My attorney has advised me to no longer speak to you and Jameson...... From hereon

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

in you will have to speak with my attorney.... Be patient ....
my attorney will be sending you a formal letter... and you'll
have all his contact information.  P.S. Again ... DO NOT
SEND ME ANY EMAILS TO EMAIL ADDRESS....
THEY WILL ONLY BE DELETED AND NOT READ.
THIS EMAIL ADDRESS IS ONLY FOR MORTGAGE
BUSINESS.""/s/ Richard Cano, Sr. Loan Officer, GMAC
Mortgage Corp."

◆     8 November 2006   E mail letter from Cano's new employer,  Bank of America
(bankofamericacrm@fnres.com,    to  plaintiffs [Ramona
Kauhi]: "I received your voice mail.... and your supposed
request for application on my website at the office..... My
suggestion is to contact one of my two attorney's Jim
Mayhew....699-6317 .... or Tim Dack at 694-4227.  Please
do not contact me at my place of business or by email ....
contact my attorney's. Thank you. /s/ Richard Cano."

_____

43.     Plaintiffs communicated with Richard Cano, during late November,

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON
DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)**

2005, and up through and including late December, 2005,  by and through federal interstate wires, including telephonic device, electronic messaging, electronic mail, e mail, and/or instant messaging, regarding Cano's persistent and  repeated  requests to plaintiffs to  wire monetary funds for Cano's benefit in order for Cano to satisfy the $387,000 monetary funds  transfer  tax  and  associated charges, fees, commissions, costs, and/or expenses in order for Cano to obtain immediate release of and access to Cano's monetary funds  held in an escrow  account at Lloyds TSB Bank Limited, pursuant to the Cooperative Bank "Bank Guarantee," dated 29 November 2005.

44.   Plaintiffs specifically, persistently, and repeatedly,   inquired  of Cano why plaintiffs  should  not directly wire plaintiffs' monetary funds  directly  to  Lloyds TSB Bank and/or to  the Cooperative Bank  for  the  benefit of Cano. Plaintiffs allege that Cano specifically and expressly instructed   plaintiffs not to  wire  plaintiffs' monetary funds to Lloyds TSB Bank, the Cooperative Bank, or to any other entity. Plaintiffs  further  allege  that  Cano specifically instructed, and reiterated to plaintiffs, to wire plaintiffs' monetary funds  to Darmstad Clearing & Contracting Ltd.

45.   Plaintiffs further allege that when plaintiffs requested Cano to explain to plaintiffs  Cano's  underlying business justification and/or  reasoning  for Cano's

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

decision and instructions regarding the wiring of plaintiffs' monetary funds, Cano

persisted that the plaintiffs transact with Cano in absolute confidentiality and privacy,

and that Cano would not disclose to plaintiffs or anyone else the alleged true identities

of any business entities that Cano operated, managed, owned, controlled, directed,

administered, and/or operated, and that plaintiffs had to repose absolute unfettered trust

and confidence in Cano's abilities, instructions, requests, and demands.

46.     Plaintiffs alleged that based upon Richard Cano's explication to

plaintiffs relative to why plaintiffs were instructed and directed to wire plaintiffs'

monetary funds Emporiki Bank, Branch 035, 34 Stadiou & 1, Korai Street,, GR 10564

Athens, Greece, account number GR 7102003500006043000013, beneficiary:

Darmstad Clearing & Contracting Ltd, plaintiffs reasonably relied upon such

representations of Cano as being true. Plaintiffs further allege that Cano, by and

through federal interstate wires, including e mail, electronic messaging, and/or

telephone, confirmed to plaintiffs that plaintiffs' monetary funds' wire was in fact

received by Darmstad Clearing & Contracting, Ltd.

47.     Plaintiffs allege that based upon Cano's representations to plaintiffs

relative to this particular matter, plaintiffs reasonably believed, interpreted, and/or

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

69

construed Cano's express verbal and written instructions and demands that plaintiffs

wire plaintiffs' monetary funds to Darmstad Clearing & Contracting Ltd, to mean that

Cano owned, managed, controlled, operated, directed, managed, and/or governed the

business affairs and/or activities of Darmstad Clearing & Contracting Ltd.


48.    Plaintiffs further allege that plaintiffs reasonably believed that Cano

required plaintiffs' monetary funds to be wired to Darmstad Clearing & Contracting

Ltd, in order for Cano to exercise absolute and unfettered access to said funds, and to

control, direct, and/or instruct the subsequent disposition of plaintiffs' monetary funds

from Darmstad Clearing & Contracting Ltd, to Lloyds TSB Bank and/or to the

Cooperative Bank.


49.    Plaintiffs allege that based upon Richard Cano's verbal and written

instructions, directions, and/or commands and justifications, plaintiffs wired $35,000

on 23 December 2005, and plaintiffs wired $47,000 on 28 December 2005, a total of

$82,000 from plaintiffs' account at Lacamas Community Credit Union, Camas,

Washington, a financial institution regulated by the laws of the United States of

America, to the Emporiki Bank, Branch 035, 34 Stadiou & 1, Korai Street,, GR 10564

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS***
***ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON***
***DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

Athens, Greece,  account  number  GR 7102003500006043000013, beneficiary: Darmstad  Clearing &  Contracting Ltd, as specifically instructed by Cano and GMAC Mortgage, LLC, as specifically instructed and directed by Cano for the express purpose  of  facilitating and furthering the ability of Cano to satisfy the $387,000 obligation Cano owed  to Lloyds TSB Bank.

50.    Plaintiffs further allege that Cano and GMAC Mortgage, LLC , previously provided plaintiffs on 29 November 2005, via e mail,  with copies of The Cooperative Bank instrument entitled "BANK GUARANTEE, dated 28 November 2005,  bearing alleged sworn signatures of Mr. A.R. Lopez (Managing Director), and Mr. Percival Smith (Legal Dept), both agents, employees, deputies, officers, directors, servants, and/or duly authorized representatives of The Cooperative Bank, and The Cooperative Bank instrument confirming the existence of an escrow  account  holding £ 10,000,000 British Pounds Sterling, to remain in escrow for the benefit of Cano. Said instrument is dated 29 November 2005, bearing unsworn signatures of Jason Edward , Consumer Banking, and Handerson William, Manager International Banking Unit, both agents, employees, deputies, officers, directors, servants, and/or duly authorized representatives of The Cooperative Bank,

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

71

51.     Plaintiffs allege that the copy of The Cooperative Bank instrument evidencing the escrow account opened and maintained for the benefit of Cano states:

Please note, the investment will remain in Escrow prior to when documents are provided for funds verification with the Bank of England in accordance with the rules and regulations guiding Banks in the United Kingdom and the Isle of Man.

52.     Plaintiffs allege that upon receiving and reviewing the copies of both the BANK GUARANTEE and Escrow documents from Cano and GMAC Mortgage, LLC, Cano reassured and reconfirmed to plaintiffs the legitimacy and safety of nature of the matter represented by Cano.  Plaintiffs further allege that based upon said representations, plaintiffs reasonably relied thereon to their detriment and ultimate injury to their interests in business and/or property as a direct and proximate result.

53.     Plaintiffs allege that plaintiffs wired a total of $82,000 to Darmstad, based upon the express direction and instruction of Cano and GMAC Mortgage LLC, and plaintiffs having reasonably relied upon the presentation and explanation of the contents of the afore referenced documents Cano and GMAC Mortgage, LLC, provided to plaintiffs, and the affirmation by Cano and GMAC Mortgage, LLC, that

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

72

said defendants  were  capable  of, and would in fact, perform as represented and affirmed to plaintiffs.

54.    Plaintiffs reasonably  relied upon the representations of Cano and GMAC Mortgage, LLC, regarding bona fide  legitimacy  of  those representations, assurances, confirmations, and/or guarantees   and  wired $82,000, across foreign boundaries.   Plaintiffs allege that said monetary funds were obtained by and through fraudulent means and were converted from plaintiffs by Cano and GMAC Mortgage, LLC, and transported across federal interstate boundaries and foreign  boundaries,  for the purpose of injuring plaintiffs in their interests in business and/or property.

55.    Plaintiffs allege that the recipient of those  monies obtained by fraud and/or conversion,   Darmstad Clearing & Contracting Ltd, is an alter ego entity, controlled, managed, administered, and/or operated, directly and/or indirectly, by Cano and/or employees, agents, nominees, deputies, officers, directors, general partners, assigns,  representatives, managing members, members, and/or servants controlled, managed, and/or directed by Cano, and for Cano's benefit.

56.    Plaintiffs allege that Cano, by and through Darmstad Clearing &

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

73

Contracting Ltd, received plaintiffs' $82,000 and applied and/or employed those funds, obtained by fraud and/or conversion, commingled with funds received by Cano from other similarly situated victims, into personal and/or commercial activities in order to conceal and/or disguise the felonious and criminal origin of those monetary funds.

57.     Plaintiffs further allege that the purpose and objective of Cano instructing plaintiffs, and similarly situated victims, to wire monies to Darmstad Clearing & Contracting Ltd, was to convert the nature of those feloniously acquired monetary funds into legitimate monetary funds, and to insulate and immunize those monetary funds from being discovered and potentially subject to judicial process, including but not restricted to, attachment, garnishment, restraining orders, and/or injunctions.

58.     Plaintiffs allege at and during all times material herein, F. James Mayhew, by and through the employment of federal interstate wires, teleconferencing, and/or communications via telephone, electronic messaging, electronic mail, instant messaging, and/or e mail, including meetings in person with both Mayhew and Cano, affirmatively represented and consistently confirmed to plaintiffs that Mayhew served as an attorney, legal advisor, counselor, solicitor, lawyer

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

74

and/or legal representative  upon behalf of the interests of Cano in connection with Cano's activities alleged herein.

59.    Plaintiffs allege that Mayhew, by and through the employment of federal  interstate  wires, teleconferencing, and/or communications via telephone, electronic messaging, electronic mail, instant messaging, and/or e mail, provided plaintiffs with the following material information:

♦    positive third party references  for Cano, vouching for Cano's honesty, integrity, business acumen, and character;

♦    independently corroborated  and/or  substantiated  the legitimacy of Cano's activities upon behalf of GMAC Mortgage, LLC, and that such activities were within the scope and course of Cano's authority;

♦    independently corroborated and/or substantiated  the existence of Cano's bank guarantee, evidenced by a bank guarantee instrument issued by The Cooperative Bank, dated 29 November 2005, confirming thereby that Cano, a customer of Co-Operative Bank Plc consummated an agreement with Lloyds TSB Bank to remit to Cano the sum of Ten Million  British Pounds Sterling, and that Co-

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

Operative Bank Plc agreed to provide Lloyds TSB Bank the of $387,000 USD from Cano being payment owed to Lloyds TSB N Bank;

♦   independently corroborated and/or substantiated the existence of Cano's bank guarantee evidenced by a bank guarantee instrument issued by The Cooperative Bank, dated 29 November 2005, confirming the existence of an escrow account holding a deposit of Ten Million  British Pounds Sterling; and,

♦   recommended and encouraged  plaintiffs to cooperate with Cano inasmuch as  Cano  possessed the monetary ability and capacity to consummate and accomplish the objectives represented to plaintiffs by Cano.

60.    Plaintiffs allege that during all times material herein that Mayhew knew and/or had reason to know that Mayhew's representations to plaintiffs were materially misrepresentative and/or materially misleading inasmuch as Cano did not  produce independently verifiable information to corroborate and/or substantiate the existence of the alleged Co-Operative Bank escrow account funded by Lloyds TSB Bank to remit to Cano  the sum of Ten Million  British Pounds Sterling, and that Co-Operative Bank

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

76

Plc agreed to provide Lloyds TSB Bank the of $387,000 USD from Cano being payment owed to Lloyds TSB Bank.

61.    Plaintiffs allege that plaintiffs reasonably relied upon Mayhew's representations, confirmations, assurances, and/or statements regarding Cano and the Co-Operative Bank escrow account funded by Lloyds TSB Bank to remit to Cano the sum of Ten Million British Pounds Sterling, and that Co-Operative Bank Plc agreed to provide Lloyds TSB Bank the of $387,000 USD from Cano being payment owed to Lloyds TSB Bank, and that such reasonable reliance thereon resulted with plaintiffs sustaining injuries to their interests in business and/or property.

62.    Plaintiffs allege that Mayhew omitted to disclose to plaintiffs that Cano at no time had any interest, legal, equitable, or beneficial, in the Co-Operative Bank escrow account funded by Lloyds TSB Bank to remit to Cano the sum of Ten Million British Pounds Sterling, and that Co-Operative Bank Plc agreed to provide Lloyds TSB Bank the of $387,000 USD from Cano being payment owed to Lloyds TSB Bank, and that such an omission constitutes a material omission of material fact.

63.    Plaintiffs allege that on or about about 8 May 2006, Mayhew, by and

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

77

through the employment of federal interstate wires, teleconferencing, and/or communications via telephone, electronic messaging, electronic mail, instant messaging, and/or e mail, contacted plaintiffs and advised plaintiffs that Cano 's funds were held at Universal Trust Network Inc ["UTNI"], in Japan, and that a fee had to be paid to UTNI to facilitate release of those monies. Mayhew requested plaintiffs to "use your contacts to confirm whether this a legitimate co. I will forward any contact information I can gather." "/s/ Jim. According to the 8 May 2006 e mail, the information about UTNI was received by Cano via e mail on 8 May 2006 and forwarded to Mayhew.

64. Plaintiffs allege that or about 8 May 2006, Mayhew, by and through the employment of federal interstate wires, teleconferencing, and/or communications via telephone, electronic messaging, electronic mail, instant messaging, and/or e mail, transmitted and relayed to plaintiffs a copy of the UTNI 8 May 2006 letter for the purpose of confirming Cano's ability to perform by virtue of the accessibility of monetary funds held at UTNI"]. The letter evidences confirmation of a telephonic discussion between Cano and Bob Richards, finance director, verifying the accessibility of monetary funds, confirming installment disbursements to Cano conditioned upon Cano submitting required approval documents to UTNI:

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

78

"As discussed with you, because of all the approval documents we have to apply for and the policies in place in transferring large sums of money into the United States, we are going to pay you on installment basis. Because we are satisfied as to your identity, the first installment of 5 million USD is being processed and you can access our computerized system with your account/pin numbers from your touch tone phone to check how much is being processed to you."

65.     Plaintiffs allege that upon reading and reviewing the contents of the UTNI letter received from Mayhew, plaintiffs reasonably relied upon both the contents of said letter and Mayhew's verbal representations assuring the plaintiffs that Cano would be able to proceed and perform as Cano previously represented and confirmed to plaintiffs.

66.     Plaintiffs allege that on or about 19 May 2006, Ramona Kauhi traveled to and met with Richard Cano at Cano's offices at GMAC Mortgage, LLC, for the purpose of confronting Cano relative to the UNTI letter Cano previously provided to her and to Jameson Kauhi. Ramona Kauhi met with Cano at approximately 3:30 p.m., that afternoon and asked Cano about the status of his funds in the escrow account in London, United Kingdom. Cano told plaintiff that he was waiting for monies to be

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

79

deposited into an account located within the United States.

67.     During this 19 May 2006 meeting Ramona Kauhi told Richard  Cano that Cano's recent explanation about the status of Cano's funds was diametrically the opposite of what Cano previously told Kauhi months before, that is, that Cano had represented and confirmed to Ramona Kauhi at an earlier time that Cano had received funds at an account within the United States, and that the monies had to be verified by the federal government.

68.     During this 19 May 2006 meeting Ramona Kauhi told Richard Cano that she and  Jameson Kauhi were experiencing  tremendous  pressure and stress from individuals that they and Presidio Group LLC,  had  borrowed monies from to provide Cano with the monetary funds  he requested  to obtain the release of the monies in escrow in London, United Kingdom. Kauhi  told  Cano  that he had to perform as he consistently represented and confirmed  to  plaintiffs, and to cover the interest expense and costs incurred by plaintiffs in this regard. Cano  adamantly denied that he had made such a prior representation to Ramona Kauhi.

69.     During this 19 May 2006 meeting Ramona Kauhi inquired of Richard

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

Cano about Cano's efforts to secure the financing through GMAC Mortgage, LLC, so the Kauhis could acquire a personal residence and informed Cano that the Kauhis had lost in excess of $5,000 in earnest money deposits. Cano told Ramona Kauhi that she was at fault for allegedly not qualifying for a loan, and expressed to her that it was not his fault. Cano specifically told Ramona Kauhi during this meeting:

> "Look at me. I am in a position here at GMAC. They believe in me and trust me with their clients. If I was doing anything wrong, GMAC would have let me go along time ago! But, here I am, still working in this office. I have nothing to hide! I still have the same phone number, come to work everyday, still doing business. I have nothing to hide!"

70.    During this 19 May 2006 meeting Richard Cano repeated and reiterated to Ramona Kauhi that he did not engage in wrongful conduct, and if he had, that GMAC Mortgage, LLC, would have terminated Cano immediately. Cano also raised his voice and screamed and yelled at Ramona Kauhi as he continuously expressed his allegedly innocence, and Cano and Ramona Kauhi engaged in a loud vociferous screaming match in Cano's office, loud enough that other GMAC Mortgage, LLC employees, clients, potential clients, and the office supervisor and/or manager could hear the intensely heated verbal exchanges.

COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)

81

71.     During this 19 May 2006 meeting Richard Cano repeatedly characterized Ramona Kauhi's conduct as "stupid." Cano told Ramona Kauhi that other individuals invested with Cano and some of them lost monies but understood the risks of losing their investments, and that Ramona Kauhi was silly and naive for not comprehending the nature of Cano's money making activities.

72.     During this 19 May 2006 meeting Ramona Kauhi demanded that Richard Cano produce documentary evidence to substantiate his prior verbal representations and assurance, and that Ramona Kauhi would not leave his offices until Cano produce such documentation.  Ramona Kauhi also told Cano that she would go to the local police department and report Cano's activities at GMAC Mortgage, LLC, then proceed to the local press, including the newspapers and television,  and disclose the activities of Cano and GMAC Mortgage, LLC. Ramona Kauhi called Cano a pathological liar, and that she would make sure that the community and the nation knew about  activities of Cano and GMAC Mortgage, LLC. Cano's office door was open during this time.

73.     During this 19 May 2006 meeting, after Ramona Kauhi registered her verbal anger and discontent with Richard Cano, Cano appeared to calm down. Cano

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

82

represented to Ramona Kauhi that he had proof that the monies were transferred into an account, and handed Ramona Kauhi a document containing certain information therein, which Cano provided her with a copy thereof. This document contained names of persons and telephone numbers Cano provided to Ramona Kauhi so plaintiffs could allegedly verify Cano's representations and assurances. Upon calling those telephone numbers, plaintiffs learned that those "contact numbers" provided by Cano were false and no one at those numbers had any knowledge of Cano, GMAC, LLC, or any one else involved with Cano and GMAC Mortgage, LLC.

74.    Plaintiffs allege that on or about 21 June 2006, by and through the employment of federal interstate wires, teleconferencing, and/or communications via telephone, electronic messaging, electronic mail, instant messaging, and/or e mail, plaintiffs contacted Mayhew and informed Mayhew that the UTNI information Mayhew previously forwarded to plaintiffs was in fact an Internet program scam inasmuch as the web site and wire transfer numbers match the web site link referenced on the UTNI communique. Plaintiffs questioned and inquired of Mayhew to confirm whether Cano's activities were legitimate and whether the UTNI account was in fact Cano's account and whether UTNI was Cano's company.

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

83

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

75      Plaintiffs' e mail letter also informed Mayhew that plaintiffs recently ran an asset search on Cano because of the protracted and prolonged delays, numerous excuses and reasons why the funds were not forthcoming as Cano consistently represented to plaintiffs.

76.      Plaintiffs allege that after sending the 21 June 2006 e mail letter to Mayhew, plaintiffs never received a response from Mayhew relative thereto as requested, and never spoke with or heard from Mayhew again, notwithstanding plaintiffs efforts to contact and  reach Mayhew by e mail and/or telephone to ascertain and confirm the status of Cano's receipt of funding.

77.      Plaintiffs continued transmitting e mail letters and/or telephoning Cano and GMAC Mortgage LLC, through the summer of 2006 and into September, 2006, and October, 2006, demanding independent verification of the status of the funding as represented  and  confirmed  by Cano  upon behalf of GMAC Mortgage, LLC. Cano and GMAC Mortgage, LLC, continued to provide plaintiffs with further excuses to justify the alleged lack and failure of performance .

78.      Plaintiffs allege that Richard Cano and his spouse, Claire Cano,  filed a

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)**

84

petition for relief under Chapter 7 of the federal bankruptcy law, Title 11 U.S.C. §§ 361 et.seq., on 27 October 2006, for the express reason of, and with specific intent to, discharge any and all claims plaintiffs, and similarly situated victims, could assert and advance against Cano arising from Cano's artifice and scheme to defraud. Cano filed the chapter 7 petition for relief in the United States Bankruptcy Court for the Western District of Washington, ***In re: Richard Cano and Claire E. Cano,*** Case No.: 06-42615-PBS.

79.     Plaintiffs and other similarly situated victims attended the Section 341(a) hearing, the first meeting of creditors, of Richard Cano, on 22 November 2006, and concluded on 13 June 2007. During the course and scope of questioning of Cano by Charles Carlson, the duly appointed Chapter 7 trustee, the trustee inquired of Cano whether he owed anyone else any money aside from the persons Cano listed as creditors in his bankruptcy filing. Cano responded, under sworn oath and penalty of perjury, that he did not owe anyone else any monies.

80.     Plaintiffs allege that in fact Richard Cano's sworn responsive testimony to that specific question posed by the Chapter 7 trustee was in fact false and materially misleading inasmuch as Cano had previously obtained, by fraud and/or conversion in

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

85

August, 2006, $100,000 from Kevin Giel, who was not identified upon Cano's

bankruptcy schedules as a creditor. Plaintiffs further allege that Cano's testimony

constituted federal bankruptcy fraud inasmuch as Cano, who was represented by

counsel of record, Timothy Dack, Esq., gave knowingly false testimony and materially

omitted and failed to disclose the receipt of $100,000 from Kevin Giel, and that

Cano knew that he was obligated testify truthfully under oath.

81.     Plaintiffs telephoned the GMAC Mortgage, LLC corporate offices

located at Park Plaza Tower II, Park Plaza Drive, Vancouver, Washington, via cell

phone, on or about 24 May 2006, demanding to speak with the responsible corporate

officer/representative regarding Cano's activities as alleged. The GMAC Mortgage

, LLC, corporate officer/representative refused to discuss any matters pertaining to

Cano and GMAC Mortgage, LLC.

82.     Plaintiffs subsequently learned upon reviewing Cano's petition for

relief and accompanying schedules that Cano had also raised monetary funds from

other parties who were victims of Cano's fraudulent and felonious activities not only

while Cano was employed as a senior loan officer at GMAC Mortgage, LLC, but also

victimized parties during Cano's employment with Countrywide Home Loans, Inc.,

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON
DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

1   and also with Bank of America.

2

3

4   83.   Plaintiffs allege that the following parties are victims similarly  situated

5   who sustained injuries to their interests in business and/or property by reason of the

6

7   fraudulent and felonious conduct of Cano and GMAC Mortgage, LLC:

8          ♦   Kristy Fire and Tim Fire

9

10         ♦   Rebecca Olsen

11         ♦   Robert W. Cox and Janice C. Cox

12         ♦   Kerrie Skinner

13

14         ♦   Stacy Moore

15

16   84.   Plaintiffs allege that the following parties are victims similarly  situated

17   who sustained injuries to their interests in business and/or property by reason of the

18

19   fraudulent and felonious conduct of Cano and Countrywide Home Loans, Inc.:

20

21         ♦   Michael D. Kroon and Debra A. Kroon: asserted cross claims in

22             *Marilyn Ma Chau, v. Michael D. Kroon and Debra A. Kroon,*

23             *Richard Cano, and Countrywide Home Loans, Inc.,* Superior

24

25             Court of the State of Washington in and for the County of Clark,

26             Case No.: 06-2-04841-9, filed 25 October 2006,  naming Cano and

27

28   *COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
     ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON
     DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

87

Countrywide Hone Loans, Inc., contravention of the  Truth in Lending Act ["FTILA"], the Real Estate Settlement Procedures Act ["RESPA"], Title 12 United States Code § 2604 and 24 C.F.R. § 3500.7(b), Title 15 United States Code § 1602, et.seq., R.C.W. 19.86.010, and R.C.W. 31.04.102(2)

♦ Jerry and Marilyn Chau: asserted  claims in ***Marilyn Ma Chau, v. Michael D. Kroon and  Debra A. Kroon, Richard Cano, and Countrywide Home  Loans, Inc.,*** Superior Court of the State of Washington in and for the County of Clark, Case No.: 06-2-04841-9

♦ Jason Klein

♦ Jim Slaight

85.     Plaintiffs allege that there are victims similarly  situated who sustained injuries to their interests in business and/or property by reason of similar  fraudulent and felonious conduct of Cano and Bank of America:

♦ ***Kevin Giel v. Richard Cano, Bank of America***, and General Motors Acceptance Corporation,  U.SD.C. W.D. Wash., 3-2007-CV-05270 [federal securities fraud litigation].

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

88

1

2

3

4          86.    Plaintiffs allege GMAC Mortgage, LLC, conferred, clothed, and/or

5
otherwise installed and maintained Cano in a position of control, management,
6

7     supervision, and/or authorized  to  operate, direct, maintain, and/or otherwise hold a

8     responsible position to manage and direct the Vancouver, Washington, GMAC

9
Mortgage, LLC, corporate offices. Plaintiffs allege that GMAC Mortgage, LLC,
10

11    corporate managing members, limited liability managing members, and those

12    individuals responsible for supervisory oversight and control knew, and had reason to

13

14    know, that Cano would conduct business activities from the physical offices of GMAC

15    Mortgage, LLC, that Cano would advance and assert his duly authorized representative

16
capacity as the senior loan officer at that office to develop, negotiate, advance, and
17

18    ultimately consummate  business  decisions benefitting to both Cano and GMAC

19    Mortgage, LLC.

20

21

22         87.    Plaintiffs allege that GMAC Mortgage, LLC, knew and/or through

23
exercise of reasonable due diligence, should have known and/or ascertained that Cano
24

25    previously engaged in similar conduct during his employment with Countrywide Home

26    Loans, Inc., resulting with monetary losses to victims Cano dealt with relative to efforts

27

28         ***COMPLAINT <u>RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) <u>PINKERTON</u>
89     DOCTRINE CONSPIRACY, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)***

to provide real estate financing. Plaintiffs further allege that GMAC Mortgage, LLC, hired and trained Cano without conducting a due diligence background check. Plaintiffs also further allege that GMAC Mortgage, LLC, failed to supervise the activities of Cano to prevent Cano from engaging in the conduct and activities alleged herein.

88.     Plaintiffs allege that as a direct and proximate result of GMAC Mortgage, LLC's failures as alleged herein, GMAC Mortgage, LLC, breached a duty of care to plaintiffs, and similarly situated victims, to prevent Cano from injuring plaintiffs as alleged herein.  Plaintiffs allege that GMAC Mortgage, LLC, was negligent in the hiring of Cano, negligent in the training of Cano, and negligent in the supervision of Cano.

89.     Plaintiffs allege that on 31 August 2007, the United States Bankruptcy Court for the Western District of Washington, *In re: Richard Cano and Claire E. Cano,* Case No.: 06-42615-PBS, entered an order granting motions for relief from stay to enable plaintiffs to pursue appropriate litigation against Richard Cano for recovery of monetary damages and equitable relief.  Plaintiffs had previously filed an adversary proceeding against Cano in *Kauhi v. Cano,* United States Bankruptcy

*COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) <u>PINKERTON DOCTRINE CONSPIRACY</u>, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)*

90

Court for the Western District of Washington, Adv. Proc. No.: 07- 04006-PBS, for the purpose of obtaining a non-dischargeability judgment based upon fraud, conversation, breach of fiduciary duty, and related claims for relief.

90      Plaintiffs allege that Cano intentionally and materially omitted to disclose and specifically identify the escrow account as property of  the estate, as required  under Title 11 U.S.C. §541. Plaintiffs further allege that such omission and failure to disclose the escrow account constitutes a material omission of property of the estate.   Plaintiffs further allege that the federal bankruptcy court on 2 January 2008 entered an order of discharge of the debtors Richard Cano and Claire E. Cano, pursuant to Title 11 U.S.C. § 727.

91.      Plaintiffs allege that  the  omission  of  the  escrow account by Cano from Cano's  bankruptcy schedules  and  petition  for  relief  was,  and  is,  intended  to conceal from  potential judicial activity recovery of monies from that source, which is property of  the estate.  Plaintiffs further allege that the concealment of that form of property is to benefit Richard Cano and Claire E. Cano, to the exclusion and detriment of plaintiffs and similarly situated victims.

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

91

92.     Plaintiffs allege that Cano intentionally and materially omitted to disclose and specifically identify Cano's interests in Darmstad as property of the estate, as required under Title 11 U.S.C. §541. Plaintiffs further allege that such omission and failure to disclose the interests in Darmstad constitutes a material omission of property of the estate. Plaintiffs further allege that the federal bankruptcy court on 2 January 2008 entered an order of discharge of the debtors Richard Cano and Claire E. Cano, pursuant to Title 11 U.S.C. § 727.

93.     Plaintiffs allege that Cano, directly and/or indirectly, receives monetary benefits from Darmstad in order to pursue business activities and maintain Cano's ability to live and work. Plaintiffs further allege that Darmstad holds monies that were received from plaintiffs and similarly situated victims, and that such monies have, and continue to, inure to the use and/or benefit of Cano.

94.     Plaintiffs allege that Cano employs Darmstad for the purpose of receiving monies from persons and/or entities, such as plaintiffs and similarly situated victims, employing said monies by Cano, and others acting in concert with Cano, unknown to plaintiffs, for purposes of pursuing high yield investment programs, prime bank guarantee programs, and/or bank guarantee programs, retaining proceeds derived

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

92

therefrom, for the benefit of Cano.  Plaintiffs further allege that  Darmstad lacks independent economic and/or financial substance and is employed as an alter ego for Cano.

95.     Plaintiffs further allege that  upon subsequent independent investigation and inquiry in June, 2006, plaintiffs ascertained and confirmed that  Darmstad Clearing & Contracting, Ltd., is an entity specifically identified within an Internet  website entitled  "Scambaiter – Deutschland  Vorchuss-Betrug  und  die  Nigeria-Connection,http://scambaiter.sc.funpic.de/?link=hotel5, " which  is in fact a vehicle to facilitate  and  further  a  form  of  primate  bank  guarantee ,  bank  debenture,  and/or Nigerian 419 scam.

96.     Plaintiffs allege that Richard Cano, with the knowledge of GMAC Mortgage, LLC, and Mark Schaller, convened at least two [2] meetings at Cano's office at GMAC Mortgage, LLC, with Marilyn and Jerry Chau, individuals Cano previously  prepared  a  form  of  promissory  note  for  the  Chaus  during  Cano's employment with  Countrywide Home Loans, Inc.  Plaintiffs further allege that at both of these meetings at GMAC Mortgage, LLC, corporate offices, Cano and the Chaus engaged in an intensely  escalated and heated  verbal exchange, a "shouting match,"

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18  USC  §§1961  et.seq]  RE:   RICO  §1962(d)  PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

93

between Cano and the Chaus, the Chaus accusing Cano and Countrywide of having generated and prepared false documents including a promissory note and a deed of trust, obtaining a preliminary commitment for title insurance claiming the borrower s to be Michael Kroon and Debra  Kroon, and  without the knowledge and/or consent of the Kroons, for the purpose of defrauding the Chaus.

97.    Plaintiffs specifically incorporate herein by reference the allegations of the complaint filed by Marilyn Ma Chau against Michael D. Kroon and Debra A. Kroon in *Chau v. Kroon, Cano, and Countrywide Home Loans, Inc.,* Case No.: 06-2-04841-9, Superior Court of Washington for Clark County,  and the cross claims filed 25 October 2006 by the Kroons against Countrywide Hone Loans, Inc., and Cano in *Chau v. Kroon, Cano, and Countrywide Home Loans, Inc.,* Case No.: 06-2-04841-9

98.    Plaintiffs allege that on or  about October, 2006, GMAC Mortgage, LLC, terminated Richard  Cano from Cano's  position upon ascertaining Cano's felonious and wrongful conduct.

99.    Plaintiffs allege that on or  about November, 2006, GMAC Mortgage, LLC, terminated Mark Schaller from Schaller's supervisory managerial  position upon

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

94

1

2

ascertaining Schaller's felonious and wrongful  conduct.

3

4        100.   Plaintiffs allege that after 31 December 2006, GMAC Mortgage, LLC,

5

permanently closed  the GMAC Mortgage, LLC, corporate offices at Park Plaza Drive,

6

7

Vancouver, WA, in the aftermath of senior corporate officers and managers discovering

8

the felonious  and  wrongful  conduct of Richard Cano and Mark Schaller, that Schaller

9

10

had  failed  and/or  refused  to  supervise  Cano's  activities  and/or  conduct,  and  that

11

Schaller and Cano acted in concert with one another relative to the    wrongful and

12

felonious conduct and activities alleged herein.

13

14

15

16

17

**III.    RICO  SECTION  1961(4)  ENTERPRISE  ALLEGATIONS  _re:_  RICO**

18

**SECTION 1962©) RE: [TITLE 18 UNITED STATES CODE § 1961(4)]**

19

20

21

        101.   Plaintiffs  allege  that defendants  were employed  by and  associated

22

with  each  other,  and  engaged    in    conduct  that  constitutes  a  RICO  pattern  of

23

racketeering activity.  Plaintiffs further allege that RICO defendants Mark Schaller,

24

25

Richard Cano, F. James Mayhew, and GMAC Mortgage, LLC, were knowledgeable

26

and aware of the activities of these RICO enterprises, and that said RICO defendants

27

28        *COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*

*ACT  OF  1970  ["RICO"][18  USC  §§1961  et.seq]  RE:  RICO  §1962(d)  PINKERTON*

95    *DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

facilitated and furthered the RICO §1962(d) conspiracies alleged herein, for the purpose and objective of damaging and/or injuring plaintiffs' interests in their businesses and/or properties. Plaintiffs allege that each of the following configurations constitute   a RICO "enterprise," as that term is defined pursuant to Title 18 United States Code §1961(4) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961(4)] and within the strictures of ***Odom v. Microsoft Corp.,*** 486 F.3d 541 (9th Cir. 2007)(en banc):

      A.    ***RICO Enterprise No. 1:*** GMAC Mortgage, LLC, Mark Schaller, and Richard Cano constitute   a RICO  enterprise, organized and maintained by and through a consensual  hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives that formulate and implement policies relative to the  promoting, soliciting, advancing and/or otherwise operating a business  organization for the purpose of offering services for commercial and residential mortgage loans, personal loans, venture capital loans, refinancing loans, corporate loans, partnership loans, and real estate acquisition, development, and sales, and providing related services, including educational services in the afore referenced  areas.  Plaintiffs allege that RICO persons Mark

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

96

Schaller, Richard Cano, GMAC Mortgage, LLC, and other persons unknown to plaintiffs, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

B.    ***RICO Enterprise No. 2:*** GMAC Mortgage, LLC, is a RICO enterprise, organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, deputies, agents, supervisors, and/or representatives that formulate and implement policies relative to relative to the promoting, soliciting, advancing and/or otherwise operating a business organization for the purpose of offering services for commercial and residential mortgage loans, personal loans, venture capital loans, refinancing loans, corporate loans, partnership loans, and real estate acquisition, development, and sales, and providing related services, including educational services in the afore referenced areas.

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)**

97

Plaintiffs allege that RICO persons Mark Schaller, Richard Cano, GMAC Mortgage, LLC, and other persons unknown to plaintiffs, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity. Plaintiffs allege that RICO persons Mark Schaller, Richard Cano, and other persons unknown to plaintiffs acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

C.   ***RICO Enterprise No. 3***: Richard Cano, Mark Schaller, and Darmstad Clearing & Contracting Ltd., constitute a RICO enterprise, organized and maintained by and through a consensual

*COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) <u>PINKERTON</u> DOCTRINE CONSPIRACY, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)*

98

hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or    representatives that formulate and implement policies relative to the promoting, soliciting, advancing and/or otherwise operating a business organization for the purpose of offering services for commercial and residential mortgage loans, personal loans, venture capital loans, refinancing loans, corporate loans, partnership loans, and real estate acquisition, development, and sales, and providing related services.  Plaintiffs allege that RICO persons Mark Schaller, Richard Cano, F. James Mayhew, GMAC Mortgage, LLC, and other persons unknown to plaintiffs, acting in concert therewith, are employed by and associated  with said RICO enterprise that is engaged in, or activities of which affect, federal  interstate and/or  foreign commerce, and that said RICO persons, and persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

## IV.    RICO PATTERN OF RACKETEERING ACTIVITY ALLEGATIONS [TITLE 18 U.S.C. § 1961(5)]

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

102. Plaintiffs allege that defendants engaged in the above activities and/or conduct that constitutes the following form of "racketeering activity," as that term is defined pursuant to Title 18 United States Code §1961(1) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"]:

    A.    Federal Principal and Aider and Abettor Liability: Title 18 U.S.C.A. §2(a)-(b).

    B.    Federal Principal and Aider and Abettor Liability re: Aiding and Abetting A Conspiracy: Title 18 U.S.C.A. §2(a)-(b).

    C.    Federal Principal and Aider and Abettor Liability re: Conspiracy to Commit Aiding and Abetting: Title 18 U.S.C.A. §2(a)-(b).Federal Mail Fraud: Title 18 U.S.C.A. §1341.

    D.    Federal Bankruptcy Asset Concealment and False Oath: Title 18 U.S.C.A. §152(1)-(3), (7).

    E.    Federal Bankruptcy Asset Concealment and False Oath re: Aiding and Abetting: Title 18 U.S.C.A. §152(1)-(3), (7).

    F.    Federal Bankruptcy Asset Concealment and False Oath re: Conspiracy: Title 18 U.S.C.A. §152(1)-(3), (7).

    G.    Federal Bankruptcy Fraud: Title 18 U.S.C.A. §157(1)-(3).

    H.    Federal Bankruptcy Fraud re: Aiding and Abetting: Title 18

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

100

U.S.C.A. §157(1)-(3).

I.      Federal Bankruptcy Fraud re: Conspiracy:   Title 18 U.S.C.A. §157(1)-(3).

J.      Federal Mail Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1341.

K.      Federal Mail Fraud re: Conspiracy: Title 18 U.S.C.A. §1341.

L.      Federal Mail Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1341.

M.      Federal Mail Fraud re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §1341.

N.      Federal Wire Fraud: Title 18 U.S.C.A. §1343.

O.      Federal Wire Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1343.

P.      Federal Wire Fraud re: Conspiracy: Title 18 U.S.C.A. §1343.

Q.      Federal Wire  Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1343.

R.      Federal Wire  Fraud re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §1343.

S.      Federal Intangible Personal Property Right Deprivation: Title 18

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

101

U.S.C.A. §1346.

T.     Federal Racketeering :Title 18 U.S.C.A. §1952.

U.     Federal Racketeering re: Aiding and Abetting: Title 18 U.S.C.A. §1952.

V.     Federal Racketeering re: Conspiracy: Title 18 U.S.C.A. §1952.

W.     Federal Racketeering re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1952.

X.     Federal Racketeering re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §1952.

Y.     Federal Money Laundering: Title 18 U.S.C. §1956.

Z.     Federal Money Laundering re: Aiding and Abetting: Title 18 U.S.C. §1956.

AA.     Federal Money Laundering re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1956.

BB.     Federal Money Laundering re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §1956

CC.     Federal Money Laundering re: Conspiracy: Title 18 U.S.C. §1956(h).

DD.     Federal Money Laundering re: Aiding and Abetting a Conspiracy:

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

Title 18 U.S.C. §1956(h).

EE.   Federal Money Laundering re: Conspiracy to Aid and Abet: Title 18 U.S.C. §1956(h).

FF.   Federal Criminally Derived  Property: Title 18 U.S.C. §1957.

GG.   Federal Criminally Derived Property re: Aiding and Abetting: Title 18 U.S.C. §1957.

HH.   Federal Criminally Derived Property re: Conspiracy: Title 18 U.S.C. §1957.

II.   Federal Criminally Derived Property re: Aiding and Abetting a Conspiracy: Title 18 U.S.C. §1957.

JJ.   Federal Criminally Derived Property re: Conspiracy to Aid and Abet: Title 18 U.S.C. §1957.

KK.   Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion: Title 18 U.S.C.A. §2314.

LL.   Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2314.

MM.   Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy: Title 18 U.S.C.A.

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

§2314.

NN.   Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §2314.

OO.   Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §2314.

PP.   Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion: Title 18 U.S.C.A. §2315.

QQ.   Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2315.

RR.   Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion  re: Conspiracy: Title 18 U.S.C.A. §2315.

SS.   Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §2315.

TT.   Federal Interstate Receipt of Transported Property Obtained by

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

Fraud, False Pretense, and Conversion  re: Conspiracy to Aid and

Abet: Title 18 U.S.C.A. §2315.


103.   Plaintiffs allege  that above activities and/or conduct engaged in by

defendants constitutes a "pattern of racketeering activity," as that term is defined

pursuant to Title 18 United States Code §1961(5) of the Racketeer Influenced and

Corrupt  Organizations Act of 1970 ["RICO"].  Plaintiffs  further allege  that  the

activities and/or conduct engaged in by defendants  was  both  related  as to the ***modus***

***operandi*** engaged  in by said defendants of depriving plaintiffs of  plaintiffs'  interests

in business and/or property, and  was  continuous inasmuch as the  activities and/or

conduct engaged in by defendants exhibited a realistic, long term threat of continued

future injury to plaintiffs' interest in their  business and/or property. Plaintiffs further

allege that said activities and  conduct engaged in  by said defendants  as evidence of

other crimes, wrongs,  or acts, pursuant  to Rule 404(b) of the Federal Rules of

Evidence.


104.   Plaintiffs allege  that above activities and/or conduct engaged in by said

defendants constituted  "specified unlawful activity," as  that term is defined  pursuant

to Title 18 United States Code §1956(c)(7)(A) of the Money Laundering Control Act

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS
ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON
DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

of 1986, which includes "racketeering activity," as that term is defined pursuant to Title 18 United States Code §1961(1) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"].

105.   Plaintiffs have sustained damages and/or injuries to their interests in business and/or property as a result of defendants' activities and/or conduct, in an amount exceeding $3,500,000, as specifically alleged hereinafter:

- ♦   Monetary funds borrowed and personal/business funds: $95,650.00;

- ♦   Loan fees incurred : $50,000.00;

- ♦   Loan late fees incurred: $39,365.00;

- ♦   Total loan late fees incurred: $166,490.00;

- ♦   Lost profits: $2,240,000.00;

- ♦   Forced sale of plaintiffs' high performance race car to cover interest expense/late fee payment: $14,000.00; and,

- ♦   Lost acquisition of personal residential real property by plaintiffs: $575,000.00.

Total monetary damages at time of initiation of proceedings:

$ 3,750,000.

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

106

106.   Plaintiffs are  entitled to recover compensatory damages, according to offer of proof at time of trial.  Plaintiffs are  also  entitled to recover an award of exemplary and punitive damages where allowed.  Plaintiffs are  entitled to recover attorneys' fees, expenses, fees, surcharges,  costs, and prejudgment interest.

///

///

///

## MULTIPLE  CLAIMS  FOR  RELIEF

### FIRST  CLAIM  FOR  RELIEF

*[For Commission of  Primary Contravention of RICO Section 1962©) of the*

*Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §1962©)]*

*[Against All Defendants]*

107.   For Plaintiffs' First Claim for Relief, plaintiffs reallege  and  incorporates Paragraph 1 through 105.

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18  USC  §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

107

*[RICO Title 18 United States Code Section 1961(1)(B) and (1)(D)Predicate*

*Offense Contraventions]*

Federal Principal and Aider and Abettor Liability: Title 18 U.S.C.A. §2(a)-(b)

Federal Principal and Aider and Abettor Liability

re: Aiding and Abetting A Conspiracy: Title 18 U.S.C.A. §2(a)-(b)

Federal Principal and Aider and Abettor Liability

re: Conspiracy to Commit Aiding and Abetting: Title 18 U.S.C.A. §2(a)-(b)

Federal Bankruptcy Asset Concealment and  False Oath: Title 18 U.S.C.A. §152(1)-

(3), (7)

Federal Bankruptcy Asset Concealment and  False Oath re: Aiding and Abetting:

Title 18 U.S.C.A. §152(1)-(3), (7)

Federal Bankruptcy Asset Concealment and  False Oath re: Conspiracy: Title 18

U.S.C.A. §152(1)-(3), (7)

Federal Bankruptcy Fraud: Title 18 U.S.C.A. §157(1)-(3)

Federal Bankruptcy Fraud re: Aiding and Abetting:  Title 18 U.S.C.A. §157(1)-(3)

Federal Bankruptcy Fraud re: Conspiracy:  Title 18 U.S.C.A. §157(1)-(3)

Federal Mail Fraud: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Conspiracy: Title 18 U.S.C.A. §1341

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON*
*DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

108

Federal Mail Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §1341

Federal Wire Fraud: Title 18 U.S.C.A. §1343

Federal Wire Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1343

Federal Wire Fraud re: Conspiracy: Title 18 U.S.C.A. §1343

Federal Wire  Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1343

Federal Wire  Fraud re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §1343

Federal Intangible Personal Property Right Deprivation: Title 18 U.S.C.A. §1346

Federal Racketeering :Title 18 U.S.C.A. §1952

Federal Racketeering re: Aiding and Abetting: Title 18 U.S.C.A. §1952

Federal Racketeering re: Conspiracy: Title 18 U.S.C.A. §1952

Federal Racketeering re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1952

Federal Racketeering re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §1952

Federal Money Laundering: Title 18 U.S.C. §1956

Federal Money Laundering re: Aiding and Abetting: Title 18 U.S.C. §1956

Federal Money Laundering  re: Conspiracy to Aid and Abet:

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

109

Title 18 U.S.C.A. §1956

Federal Money Laundering re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §1956

Federal Money Laundering re: Conspiracy: Title 18 U.S.C. §1956(h)

Federal Money Laundering re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C. §1956(h)

Federal Money Laundering re: Conspiracy to Aid and Abet:

Title 18 U.S.C. §1956(h)

Federal Criminally Derived  Property: Title 18 U.S.C. §1957.

Federal Criminally Derived Property re: Aiding and Abetting:

Title 18 U.S.C. §1957

Federal Criminally Derived Property re: Conspiracy: Title 18 U.S.C. §1957

Federal Criminally Derived Property re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C. §1957

Federal Criminally Derived Property re: Conspiracy to Aid and Abet:

Title 18 U.S.C. §1957

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense,

and Conversion: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense,

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

110

and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §2314

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion  re: Conspiracy: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion  re: Conspiracy to Aid and Abet:

Title 18 U.S.C.A. §2315

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

111

1
2
3      108.   Defendants engaged in the aforementioned activities, with the intent to
4  harm plaintiffs' interest in business and/or property,  The fraudulent activity engaged
5  by said defendants injured plaintiffs' business and/or property in connection with their
6
7  business activities that affect federal interstate commerce, resulting in loss of plaintiffs'
8   property interests, business opportunities, and monies.
9  ///
10
11  ///
12
13
14  *[RICO  Title  18  United States Code § 1961(5) Pattern of Racketeering Activity]*
15
16      109.   The aforementioned activities constitute conduct engaged in by said
17
18  defendants to deprive plaintiffs of their  interest in business and/or property, by and
19  through commission of federal bankruptcy fraud, federal mail fraud, federal wire fraud,
20
21  federal money laundering, federal interstate transportation and receipt of property
22  obtained by fraud, false pretense, and/or conversion,  and  federal racketeering, and are
23  therefore indictable as "racketeering activity," as that term is defined  pursuant to Title
24
25  18 United States Code §1961(1)(5). The course of conduct engaged in by said
26  defendants constitute both continuity  and   relatedness of the racketeering activity,
27

28      ***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
    ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON
112 DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

thereby constituting a "pattern of racketeering activity, as that term is defined pursuant to Title 18 USC §1961(5).

110.   The aforementioned pattern of racketeering activity committed by said defendants is both related and continuous inasmuch as it is designed and/or intended to cause damage and/or injury to the interest in business and/or property of plaintiffs, and plaintiffs  reasonably believe and apprehend that  such conduct shall and will continue prospectively with correlative long  term  injury.

*[RICO Section 1962(©) Enterprises]*

111.   Plaintiffs allege  that defendants  were employed  by  and  associated with each other, and engaged  in  conduct that constitutes a RICO pattern of racketeering activity. Plaintiffs further allege that RICO defendants Richard Cano, Mark Schaller, GMAC Mortgage, LLC, Dormastad Clearing & Contracting Ltd. and/or F. James Mayhew were knowledgeable and aware of the activities of these RICO enterprises, and that said RICO defendants facilitated and furthered the RICO §1962(d) conspiracies alleged herein, for the purpose and objective of damaging and/or injuring

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

113

plaintiffs' interests in their businesses and/or properties.  Plaintiffs further allege that each of the following configurations constitute RICO "enterprise," as that term is defined pursuant to Title 18 United States Code §1961(4) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961(4)] and within the strictures of *Odom v. Microsoft Corp.,* 486 F.3d 541 (9th Cir. 2007)(en banc):

Plaintiffs allege that defendants were employed by and associated with each other, and engaged in conduct that constitutes a RICO pattern of racketeering activity. Plaintiffs further allege that RICO defendants Mark Schaller, Richard Cano, F. James Mayhew, and GMAC Mortgage, LLC, were knowledgeable and aware of the activities of these RICO enterprises, and that said RICO defendants facilitated and furthered the RICO §1962(d) conspiracies alleged herein, for the purpose and objective of damaging and/or injuring plaintiffs' interests in their businesses and/or properties. Plaintiffs allege that each of the following configurations constitute a RICO "enterprise," as that term is defined pursuant to Title 18 United States Code §1961(4) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961(4)] and within the strictures of *Odom v. Microsoft Corp.,* 486 F.3d 541 (9th Cir. 2007)(en banc):

A.   ***RICO Enterprise No. 1:*** GMAC Mortgage, LLC, Mark Schaller, and Richard Cano constitute a RICO enterprise, organized and

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

114

maintained by and through a consensual hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives that formulate and implement policies relative to the promoting, soliciting, advancing and/or otherwise operating a business organization for the purpose of offering services for commercial and residential mortgage loans, personal loans, venture capital loans, refinancing loans, corporate loans, partnership loans, and real estate acquisition, development, and sales, and providing related services, including educational services in the afore referenced areas. Plaintiffs allege that RICO persons Mark Schaller, Richard Cano, GMAC Mortgage, LLC, and other persons unknown to plaintiffs, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

B.   ***RICO Enterprise No. 2:*** GMAC Mortgage, LLC, is a RICO

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)**

115

enterprise, organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, deputies, agents, supervisors, and/or representatives that formulate and implement policies relative to relative to the promoting, soliciting, advancing and/or otherwise operating a business organization for the purpose of offering services for commercial and residential mortgage loans, personal loans, venture capital loans, refinancing loans, corporate loans, partnership loans, and real estate acquisition, development, and sales, and providing related services, including educational services in the afore referenced areas. Plaintiffs allege that RICO persons Mark Schaller, Richard Cano, GMAC Mortgage, LLC, and other persons unknown to plaintiffs, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

Plaintiffs allege that RICO persons Mark Schaller, Richard Cano,

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)**

116

and other persons unknown to plaintiffs acting in concert therewith, are employed by and associated  with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said  RICO persons, and persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

C.   ***RICO Enterprise No. 3***: Richard Cano, Mark Schaller,  and Darmstad Clearing & Contracting Ltd., constitute   a RICO enterprise, organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or   representatives that formulate and implement policies relative to the  promoting, soliciting, advancing and/or otherwise operating a business organization for the purpose of offering services for commercial and residential mortgage loans, personal loans, venture capital loans, refinancing loans, corporate loans, partnership loans, and real estate acquisition, development, and sales, and providing related services.  Plaintiffs allege that RICO persons Mark Schaller, Richard Cano, F. James Mayhew,

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GMAC Mortgage, LLC, and other persons unknown to plaintiffs,

acting in concert therewith, are employed by and associated  with

said RICO enterprise that is engaged in, or activities of which

affect, federal  interstate and/or  foreign commerce, and that said

RICO persons, and persons acting in concert therewith,  conduct

or participate, directly or indirectly, in the conduct of such RICO

enterprise's affairs through a RICO pattern of racketeering activity.

112.   In conducting the business and affairs of the RICO enterprises, and in

committing the acts, omissions, misrepresentations, and breaches referred to herein

between late 2005, and continuing up through and including the initiation of these

proceedings, defendants  engaged in a RICO pattern of racketeering activity in

contravention of Title 18 United States Code §1962©) inasmuch as said defendants

were employed by, or associated with, said RICO enterprises that are engaged in

activities that affect federal interstate and/or foreign commerce, and conducted such

RICO enterprise affairs by and through a RICO pattern of racketeering activity.

### *[RICO Recovery]*

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

118

113.   Plaintiffs are  entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiffs are  also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///

## SECOND  CLAIM  FOR  RELIEF

*[For RICO Aiding and Abetting Primary Contravention of RICO Section 1962(©) of  the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §§ 2(a)-(b) and §1962©)]*

*[Against All Defendants]*

114.   For   Plaintiffs' Second Claim for Relief, plaintiffs reallege   and incorporates Paragraph 1 through 105, and the First Claim for Relief.

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

119

115.   Defendants specifically identified herein  employed the  federal mails and/or  federal interstate wires,  as well as engaged in racketeering activity as alleged herein, to aid and abet  the primary RICO § 1962©) contraventions committed by Richard Cano.

116.   ***GMAC Mortgage, LLC and Mark Schaller***:  Plaintiffs allege that GMAC Mortgage, LLC, and Mark Schaller aided  and  abetted, and  facilitated  and furthered   Canos' RICO contravention,  with  knowledge of the RICO contravention committed  by  Cano,  and    providing  substantial  assistance  to  effectuate  the contravention  of Canos' RICO contravention, by engaging in activities and conduct in the following aspects with the specific intent to injure plaintiffs' interests in business and/or property:

> ♦      facilitating and furthering Canos' artifice and scheme to  defraud by assisting in Canos' efforts to operate and employ the physical GMAC Mortgage, LLC, corporate office  facilities to convene and conduct conferences with plaintiffs and similarly situated victims, including but not restricted to, telephonic  use, electronic messaging,  electronic  mailing,  e  mail,  instant  messaging, permitting,   ratifying,   confirming,   affirming,   acquiescing,

***COMPLAINT <u>RE</u>: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) <u>PINKERTON</u> DOCTRINE CONSPIRACY, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)***

120

consenting, and/or authorizing Cano's employment of those facilities and instrumentalities of federal commerce, and affirmatively representing himself as a GMAC Mortgage, LLC Senior Loan Officer in connection with Cano's activities as alleged herein.

♦ received monies from Cano derived from Canos' RICO contraventions.

♦ received increased  business volume as a direct and proximate result of Cano's RICO contraventions.

117. *Mayhew*: Plaintiffs allege that Mayhew aided  and  abetted, and facilitated  and  furthered  Canos' RICO contravention,  with  knowledge of the RICO contravention committed by Cano, and  providing substantial assistance to effectuate the  contravention  of Canos' RICO contravention, by engaging in activities and conduct in the following aspects with the specific intent to injure plaintiffs' interests in business and/or property:

♦ Plaintiffs allege that Mayhew omitted  to  disclose  to plaintiffs that Richard Cano at no time had any interest, legal, equitable, or beneficial, in the Co-Operative Bank  escrow  account funded by

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

Lloyds TSB Bank to remit to Cano the sum of Ten Million British Pounds Sterling, and that Co-Operative Bank Plc agreed to provide Lloyds TSB Bank the of $387,000 USD from Richard Cano being payment owed to Lloyds TSB Bank, and that such an omission constitutes a material omission of material fact;

♦　　Plaintiffs allege that Mayhew affirmatively represented, assured, reassured, and confirmed to plaintiffs after plaintiffs effected their monetary wire transfers to Darmstad Clearing & Contracting, Ltd., that Mayhew had confirmed and reaffirmed with Richard Cano that Richard Cano possessed and/or had the right to obtain, receive, and/or access those funds held for the benefit of Richard Cano by the Co-Operative Bank escrow account funded by Lloyds TSB Bank to remit to Cano the sum of Ten Million British Pounds Sterling, and that Co-Operative Bank Plc agreed to provide Lloyds TSB Bank the of $387,000 USD from Richard Cano being payment owed to Lloyds TSB Bank;

♦　　Plaintiffs allege that on or about 8 May 2006, Mayhew, by and through the employment of federal interstate wires, teleconferencing, and/or communications via telephone, electronic

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)**

122

messaging, electronic mail, instant messaging, and/or e mail, contacted plaintiffs and advised plaintiffs that Cano 's funds were held at Universal Trust Network Inc ["UTNI"], in Japan, and that a fee had to be paid to UTNI to facilitate release of those monies. Mayhew requested plaintiffs to "use your contacts to confirm whether this a legitimate co. I will forward any contact information I can gather." "/s/ Jim. According to the 8 May 2006 e mail, the information about UTNI was received by Cano via e mail on 8 May 2006 and forwarded to Mayhew;

◆ Plaintiffs allege that on or about 21 June 2006, by and through the employment of federal interstate wires, teleconferencing, and/or communications via telephone, electronic messaging, electronic mail, instant messaging, and/or e mail, plaintiffs contacted Mayhew and informed Mayhew that the UTNI information Mayhew previously forwarded to plaintiffs was in fact an Internet program scam inasmuch as the web site and wire transfer numbers match the web site link referenced on the UTNI communique. Plaintiffs questioned and inquired of Mayhew to confirm whether Cano's activities were legitimate and whether the UTNI account was in

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

123

fact Cano's account and whether UTNI was Cano's company. Plaintiffs' e mail also informed Mayhew that plaintiffs recently ran an asset search on Cano because of the protracted and prolonged delays, numerous excuses and reasons why the funds were not forthcoming as Cano consistently represented to plaintiffs;

♦   Plaintiffs allege that after sending the 21 June 2006 e mail letter to Mayhew, plaintiffs never received a response from Mayhew relative thereto as requested, and never spoke with or heard from Mayhew again, notwithstanding plaintiffs efforts to contact and reach Mayhew by e mail and/or telephone to ascertain and confirm the status of Cano's receipt of funding;

♦   Plaintiffs allege that Mayhew recommended, affirmed, confirmed and/or otherwise assured plaintiffs that Cano's activities were legitimate when in fact Mayhew knew, and/or had reason to know, that Cano's activities were fraudulent;

♦   provided alleged positive third party references   for Cano, vouching for Cano's honesty, integrity, business acumen, and character;

♦   independently corroborated and/or substantiated the legitimacy

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

124

of Cano's activities upon behalf of GMAC Mortgage, LLC, and that such activities were within the scope and course of Cano's authority;

♦ independently corroborated and/or substantiated the existence of Cano's bank guarantee, evidenced by a bank guarantee instrument issued by The Cooperative Bank, dated 29 November 2005, confirming thereby that Cano, a customer of Co-Operative Bank Plc consummated an agreement with Lloyds TSB Bank to remit to Cano the sum of Ten Million British Pounds Sterling, and that Co-Operative Bank Plc agreed to provide Lloyds TSB Bank the of $387,000 USD from Cano being payment owed to Lloyds TSB N Bank;

♦ independently corroborated and/or substantiated the existence of Cano's bank guarantee evidenced by a bank guarantee instrument issued by The Cooperative Bank, dated 29 November 2005, confirming the existence of an escrow account holding a deposit of Ten Million British Pounds Sterling; and,

♦ recommended and encouraged plaintiffs to cooperate with Cano inasmuch as Cano possessed the monetary ability and capacity to

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

125

consummate and accomplish the objectives represented to plaintiffs by Cano.

118. ***Darmstad Clearing & Contracting Ltd.***:   Plaintiffs allege that Darmstad Clearing & Contracting Ltd., aided  and  abetted,  and  facilitated  and furthered  Canos' RICO contravention,  with  knowledge of the RICO contravention committed  by  Cano,  and      providing  substantial  assistance  to  effectuate  the contravention  of Canos' RICO contravention, by engaging in activities and conduct in the following aspects with the specific intent to injure plaintiffs' interests in business and/or property:

♦     Plaintiffs  allege  that  Cano,  directly  and/or  indirectly,  receives monetary  benefits  from  Darmstad  in  order  to  pursue  business activities and maintain Cano's ability to live and work.  Plaintiffs further allege that Darmstad holds monies that were received from plaintiffs and similarly situated victims, and that such monies have, and continue to, inure to the use and/or benefit of Cano.

♦     Plaintiffs allege that Cano employs Darmstad for the purpose of receiving  monies from persons and/or entities, such as plaintiffs and  similarly  situated   victims,  employing  said  monies  by  Cano,

*COMPLAINT **RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970  ["RICO"][18  USC §§1961 et.seq] RE:  RICO §1962(d) <u>PINKERTON</u> <u>DOCTRINE CONSPIRACY</u>, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)***

126

and others acting in concert with Cano, unknown to plaintiffs, for purposes of pursuing high yield investment programs, prime bank guarantee programs, and/or bank guarantee programs, retaining proceeds derived therefrom, for the benefit of Cano.  Plaintiffs further allege that  Darmstad lacks  independent economic and/or financial substance and is employed as an alter ego for Cano.

♦      Plaintiffs allege that the recipient of those  monies obtained by fraud  and/or conversion,  Darmstad Clearing & Contracting Ltd, is an alter ego entity, controlled, managed, administered, and/or operated, directly and/or indirectly, by Cano and/or employees, agents, nominees, deputies, officers, directors, general partners, assigns,  representatives, managing members, members, and/or servants controlled, managed, and/or directed by Cano, and for Cano's benefit.

♦      Plaintiffs allege that Cano, by and through Darmstad Clearing & Contracting Ltd, received plaintiffs' $82,000 and applied and/or employed  those  funds, obtained  by  fraud and/or conversion, commingled with  funds  received by Cano from other similarly situated victims, into  personal  and/or commercial activities in

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

127

order to conceal and/or disguise the felonious and criminal origin of those  monetary funds.

♦ Plaintiffs further allege that the purpose and objective of Cano instructing plaintiffs, and similarly situated victims, to wire monies to Darmstad Clearing & Contracting Ltd, was to convert the nature of those feloniously acquired monetary funds into legitimate monetary funds, and to  insulate and immunize those monetary funds from being discovered and potentially subject to judicial process, including but not restricted to, attachment, garnishment, restraining orders, and/or injunctions.

♦ Plaintiffs further allege that upon subsequent independent investigation and inquiry, plaintiffs ascertained and confirmed that Darmstad Clearing & Contracting, Ltd., is an entity specifically identified within an Internet  website entitled "Scambaiter – Deutschland Vorchuss-Betrug und die Nigeria-Conenction,http://scambaiter.sc.funpic.de/?link=hotel5, " which is in fact a vehicle to facilitate and further a form of primate bank guarantee , bank debenture, andor Nigerian 417 scam.

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

128

119.   Plaintiffs allege that the defendants  were aware of the commission of the primary RICO contraventions committed by each and every one of them,  and  that said defendants   substantially  assisted    in    the  commission   of   the   primary   RICO contraventions, thereby  deriving a  monetary   benefit  as  a  result to  the  detriment of plaintiffs.

### *[RICO Recovery]*

120.   Plaintiffs are  entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiffs are  also entitled to recover attorneys' fees and costs of this litigation, as  well  as  damages  arising  from  lost  profits  and/or  lost  business  opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer  Influenced  and  Corrupt  Organizations  Act  of  1970  ["RICO"][Title  18 U.S.C. §1961 et.seq.].

///

///

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

129

1   ///

2   ///

3

4   ///

5   ///

6

7   ///

8   ///

9

10  ///

11  ///

12

13

14              ***THIRD  CLAIM  FOR  RELIEF***

15  ***[For  Contravention  of  RICO Section 1962(©) of the Racketeer Influenced***

16              ***and Corrupt Organizations Act of 1970]***

17

18                      ***["RICO"]***

19          ***[Title 18 United States Code §1962(©)]***

20          ***[Respondeat Superior\Derivative Liability]***

21

22          ***[Against  GMAC  Mortgage, LLC  Only]***

23

24          121.   For   Plaintiffs'  Third   Claim  for  Relief,   plaintiffs  reallege   and

25

26  incorporates Paragraphs 1 through 105, and the First and Second Claims  for Relief.

27

28  ***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS***
    ***ACT  OF  1970 ["RICO"][18 USC  §§1961 et.seq] RE:  RICO §1962(d) PINKERTON***
    ***DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***
    130

*[RICO Respondeat Superior\ Derivative Liability Contentions]*

122.   At all times material herein, Richard Cano and Mark Schaller functioned and served in their respective  capacities  of senior loan officer and supervisory managerial officer, an agent, employee, director, designee, officer, partner, representative, managing  member, co-managing member, member, and/or servant on behalf  of GMAC Mortgage, LLC,   and engaged in the fraudulent and felonious conduct in such representative capacities, and that as a proximate result thereof, GMAC Mortgage, LLC,   derived a benefit thereby.

123.   The aforementioned defendant, GMAC Mortgage, LLC,   exercised control,  management, and/or direction of Richard Cano and Mark Schaller  relative to the  complained  of  fraudulent and felonious activities, with the intent to harm plaintiffs in their   business and/or  property  interests.  The fraudulent activities engaged in by said individual defendant on  behalf of GMAC Mortgage, LLC, injured and/or damaged  plaintiffs'  business  activities and/or properties in connection with plaintiffs'  business activities that affect federal commerce, resulting in deprivation, injury, harm, and/or damages  of such property and/or business interests as alleged herein.

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

131

124.   The commission of the afore described fraudulent and felonious activities by said individual defendants employed by or associated with GMAC Mortgage, LLC, arose within the course and scope of the employ and/or agency with GMAC Mortgage, LLC, and therefore GMAC Mortgage, LLC, is vicariously liable for contravening RICO Section 1962©). Plaintiffs further allege that GMAC Mortgage, LLC, ratified, authorized, acquiesced, and/or consented to the wrongful conduct of Richard Cano and Mark Schaller that proximately caused the injuries sustained by plaintiffs to their interests in business and/or property.

### [RICO Recovery]

125.   Plaintiffs are entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial. Plaintiffs are also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

132

1   ///

2   ///

3

4   ///

5   ///

6

7   ///

8   ///

9

10  ///

11          *FOURTH  CLAIM  FOR  RELIEF*

12  *[For  Contravention  of  RICO Section 1962(©) of the Racketeer Influenced*

13

14          *and Corrupt Organizations Act of 1970]*

15              *["RICO"]*

16      *[Title 18 United States Code §1962(©)]*

17

18      *[Respondeat Superior\Derivative Liability]*

19      *[Against Darmstad Clearing & Contracting Ltd  Only]*

20

21

22          126.   For   Plaintiffs'  Fourth   Claim  for  Relief,   plaintiffs reallege   and

23  incorporates Paragraphs 1 through 105, and the First, Second, and Third  Claims  for

24
    Relief.
25

26

27

28  *COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
    *ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON*
    *DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*
133

*[RICO Respondeat Superior\ Derivative Liability Contentions]*

127.   At all times material herein, Richard Cano   functioned and served in the capacity of senior loan officer, an agent, employee, director, designee, officer, partner, representative, managing   member, co-managing member, member, and/or servant on behalf  of Darmstad Clearing & Contracting Ltd ,  and engaged in the fraudulent and felonious conduct in such representative capacities, and that as a proximate result thereof,  Darmstad  Clearing & Contracting Ltd , derived a benefit thereby.

128.   The aforementioned defendant, Darmstad Clearing & Contracting Ltd., exercised  control, management, and/or direction of Richard Cano  relative to the complained  of  fraudulent and felonious activities, with the intent to harm  plaintiffs in their  business and/or  property  interests.  The fraudulent activities engaged in by said individual defendant on  behalf of Darmstad Clearing & Contracting Ltd  injured and/or damaged  plaintiffs'  business  activities and/or properties in connection with plaintiffs'  business activities that affect federal commerce, resulting in deprivation, injury, harm, and/or damages  of such property and/or business interests as alleged herein.

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

134

129.   The commission of  the  afore described  fraudulent and felonious activities  by said individual defendant  employed  by  or  associated with Darmstad Clearing & Contracting Ltd ,  arose  within the course and scope of the employ and/or agency  with Darmstad Clearing & Contracting Ltd ,  and  therefore Darmstad Clearing & Contracting Ltd is  vicariously  liable for contravening RICO  Section 1962©). Plaintiffs further allege that Darmstad Clearing & Contracting Ltd ,  ratified, authorized, acquiesced, and/or consented to the wrongful conduct of Richard Cano that proximately  caused  the  injuries sustained by plaintiffs to their interests in business and/or property.

*[RICO Recovery]*

130.   Plaintiffs are  entitled  to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiffs are  also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt  Organizations  Act  of  1970  ["RICO"][Title 18 U.S.C. §1961 et.seq.].

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)**

135

1    ///

2    ///

3

4    ///

5    ///

6

7    ///

8    ///

9

10

11                    *FIFTH   CLAIM   FOR   RELIEF*

12        *[For RICO Aiding and Abetting a RICO Section 1962(d) Conspiracy*

13

14   *Contravention of RICO Section 1962(©) of  the Racketeer Influenced and*

15                *Corrupt Organizations Act of 1970]*

16                         *[“RICO”]*

17

18       *[Title 18 United States Code §§ 2(a)-(b) and §§1962(c)-1962(d)]*

19                  *[Against All Defendants]*

20

21

22        131.   For  Plaintiffs' Fifth Claim for Relief, plaintiffs reallege  and incorporates

23   Paragraphs 1 through 105, and the First, Second,  Third, and Fourth  Claims  for Relief.

24

25

26        132.   Defendants specifically identified herein  employed the  federal mails

27

28   *COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
     *ACT  OF  1970 [“RICO”][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON*
136  *DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

and/or federal interstate wires, as well as engaged in racketeering activity as alleged herein, to aid and abet the primary RICO § 1962(c) contraventions committed by Richard Cano.

133. **GMAC Mortgage, LLC and Mark Schaller**: Plaintiffs allege that GMAC Mortgage, LLC, aided and abetted, and facilitated and furthered Canos' RICO contravention, with knowledge of the RICO contravention committed by Cano, and providing substantial assistance to effectuate the contravention of Canos' RICO contravention, by engaging in activities and conduct in the following aspects with the specific intent to injure plaintiffs' interests in business and/or property:

♦ facilitating and furthering Canos' artifice and scheme to defraud by assisting in Canos' efforts to operate and employ the physical GMAC Mortgage, LLC, corporate office facilities to convene and conduct conferences with plaintiffs and similarly situated victims, including but not restricted to, telephonic use, electronic messaging, electronic mailing, e mail, instant messaging, permitting, ratifying, confirming, affirming, acquiescing, consenting, and/or authorizing Cano's employment of those facilities and instrumentalities of federal commerce, and

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

137

affirmatively representing himself as a GMAC Mortgage, LLC Senior Loan Officer in connection with Cano's activities as alleged herein.

♦  received monies from Cano derived from Canos' RICO contraventions.

♦  received increased business volume as a direct and proximate result of Cano's RICO contraventions.

134. *Mayhew*:  Plaintiffs allege that Mayhew aided and abetted, and facilitated and furthered Canos' RICO contravention, with knowledge of the RICO contravention committed by Cano, and providing substantial assistance to effectuate the contravention of Canos' RICO contravention, by engaging in activities and conduct in the following aspects with the specific intent to injure plaintiffs' interests in business and/or property:

♦  Plaintiffs allege that Mayhew omitted to disclose to plaintiffs that Cano at no time had any interest, legal, equitable, or beneficial, in the Co-Operative Bank escrow account funded by Lloyds TSB Bank to remit to Cano the sum of Ten Million British Pounds Sterling, and that Co-Operative Bank Plc agreed to provide Lloyds

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

TSB Bank the of $387,000 USD from Cano being payment owed to Lloyds TSB Bank, and that such an  omission  constitutes a material omission of material fact.

♦

♦ Plaintiffs allege that Mayhew affirmatively represented, assured, reassured,  and confirmed to  plaintiffs after plaintiffs effected their monetary wire transfers to Darmstad Clearing & Contracting, Ltd., that Mayhew had confirmed and reaffirmed with  Richard Cano that Richard Cano possessed and/or had the  right to obtain, receive, and/or access  those funds held for the benefit of Richard Cano by the Co-Operative Bank  escrow  account funded by Lloyds TSB Bank to remit to Cano  the sum of Ten Million  British Pounds Sterling, and that Co-Operative Bank Plc agreed to provide Lloyds TSB  Bank  the  of $387,000 USD from Richard Cano being  payment owed to Lloyds TSB Bank;

♦ Plaintiffs allege that on or about 8 May 2006, Mayhew, by and through  the employment of  federal  interstate  wires, teleconferencing, and/or communications via telephone, electronic messaging, electronic  mail, instant  messaging, and/or e mail,

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

139

contacted plaintiffs and advised plaintiffs that Cano 's funds were held at Universal Trust Network Inc ["UTNI"], in Japan, and that a fee had to be paid to UTNI to facilitate release of those monies. Mayhew requested plaintiffs to "use your contacts to confirm whether this a legitimate co. I will forward any contact information I can gather." "/s/ Jim. According to the 8 May 2006 e mail, the information about UTNI was received by Cano via e mail on 8 May 2006 and forwarded to Mayhew.

◆ Plaintiffs allege that on or about 21 June 2006, by and through the employment of federal interstate wires, teleconferencing, and/or communications via telephone, electronic messaging, electronic mail, instant messaging, and/or e mail, plaintiffs contacted Mayhew and informed Mayhew that the UTNI information Mayhew previously forwarded to plaintiffs was in fact an Internet program scam inasmuch as the web site and wire transfer numbers match the web site link referenced on the UTNI communique. Plaintiffs questioned and inquired of Mayhew to confirm whether Cano's activities were legitimate and whether the UTNI account was in fact Cano's account and whether UTNI was Cano's company.

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

Plaintiffs' e mail also informed Mayhew that plaintiffs recently ran an asset search on Cano because of the protracted and prolonged delays, numerous excuses and reasons why the funds were not forthcoming as Cano consistently represented to plaintiffs.

♦   Plaintiffs allege that after sending the 21 June 2006 e mail letter to Mayhew, plaintiffs never received a response from Mayhew relative thereto as requested, and never spoke with or heard from Mayhew again, notwithstanding plaintiffs efforts to contact and reach Mayhew by e mail and/or telephone to ascertain and confirm the status of Cano's receipt of funding.

♦   Plaintiffs allege that Mayhew recommended, affirmed, confirmed and/or otherwise assured plaintiffs that Cano's activities were legitimate when in fact Mayhew knew, and/or had reason to know, that Cano's activities were fraudulent.

♦   provided alleged positive third party references  for Cano, vouching for Cano's honesty, integrity, business acumen, and character;

♦   independently corroborated and/or substantiated the legitimacy of Cano's activities upon behalf of GMAC Mortgage, LLC, and

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

141

that such activities were within the scope and course of Cano's authority;

♦ independently corroborated and/or substantiated the existence of Cano's bank guarantee, evidenced by a bank guarantee instrument issued by The Cooperative Bank, dated 29 November 2005, confirming thereby that Cano, a customer of Co-Operative Bank Plc consummated an agreement with Lloyds TSB Bank to remit to Cano the sum of Ten Million British Pounds Sterling, and that Co-Operative Bank Plc agreed to provide Lloyds TSB Bank the of $387,000 USD from Cano being payment owed to Lloyds TSB N Bank;

♦ independently corroborated and/or substantiated the existence of Cano's bank guarantee evidenced by a bank guarantee instrument issued by The Cooperative Bank, dated 29 November 2005, confirming the existence of an escrow account holding a deposit of Ten Million British Pounds Sterling; and,

♦ recommended and encouraged plaintiffs to cooperate with Cano inasmuch as Cano possessed the monetary ability and capacity to consummate and accomplish the objectives represented to plaintiffs

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

142

1

2

3

4          135.   ***Darmstad Clearing & Contracting Ltd.***:   Plaintiffs allege that

5
Darmstad Clearing & Contracting Ltd., aided   and   abetted, and   facilitated   and
6
furthered   Canos' RICO contravention,   with   knowledge of the RICO contravention
7

8   committed   by  Cano,   and     providing  substantial  assistance  to  effectuate  the

9
contravention   of Canos' RICO contravention, by engaging in activities and conduct
10
in the following aspects with the specific intent to injure plaintiffs' interests in business
11

12   and/or property:

13
♦     Plaintiffs   allege   that   Cano,   directly   and/or   indirectly,   receives
14

15              monetary  benefits  from  Darmstad  in  order  to  pursue  business

16
activities and maintain Cano's ability to live and work.  Plaintiffs
17
18              further allege that Darmstad holds monies that were received from

19              plaintiffs and similarly situated victims, and that such monies have,

20
and continue to, inure to the use and/or benefit of Cano.
21

22              ♦     Plaintiffs allege that Cano employs Darmstad for the purpose of

23              receiving  monies from persons and/or entities, such as plaintiffs
24
and similarly situated  victims, employing said monies by Cano,
25

26              and others acting in concert with Cano, unknown to plaintiffs, for

27

28   ***COMPLAINT <u>RE</u>: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS***
***ACT  OF  1970 ["RICO"][18  USC  §§1961 et.seq] RE:  RICO §1962(d) <u>PINKERTON</u>***
143  ***<u>DOCTRINE CONSPIRACY</u>, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)***

purposes of pursuing high yield investment programs, prime bank guarantee programs, and/or bank guarantee programs, retaining proceeds derived therefrom, for the benefit of Cano.  Plaintiffs further allege that Darmstad lacks independent economic and/or financial substance and is employed as an alter ego for Cano.

♦   Plaintiffs allege that the recipient of those monies obtained by fraud and/or conversion, Darmstad Clearing & Contracting Ltd, is an alter ego entity, controlled, managed, administered, and/or operated, directly and/or indirectly, by Cano and/or employees, agents, nominees, deputies, officers, directors, general partners, assigns, representatives, managing members, members, and/or servants controlled, managed, and/or directed by Cano, and for Cano's benefit.

♦   Plaintiffs allege that Cano, by and through Darmstad Clearing & Contracting Ltd, received plaintiffs' $82,000 and applied and/or employed those funds, obtained by fraud and/or conversion, commingled with funds received by Cano from other similarly situated victims, into personal and/or commercial activities in order to conceal and/or disguise the felonious and criminal origin

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

144

of those monetary funds.

♦      Plaintiffs further allege that the purpose and objective of Cano

instructing plaintiffs, and similarly situated victims, to wire

monies to Darmstad Clearing & Contracting Ltd, was to convert

the nature of those feloniously acquired monetary funds into

legitimate monetary funds, and to insulate and immunize those

monetary funds from being discovered and potentially subject to

judicial process, including but not restricted to, attachment,

garnishment, restraining orders, and/or injunctions.

136.   Plaintiffs allege that the defendants were aware of the commission of the

primary RICO contraventions committed by each and every one of them, and that said

defendants substantially assisted in the commission of the primary RICO

contraventions, thereby deriving a monetary benefit as a result to the detriment of

plaintiffs.

137.   Plaintiffs allege that GMAC Mortgage, LLC, Mark Schaller, Mayhew,

and Darmstad Clearing & Contracting, Ltd.,   aided and abetted a RICO Section

1962(d) conspiracy between said defendants and Richard Cano  to contravene RICO

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

145

Section 1962(b) to injure and/or damage plaintiffs' interests in business and/or property.

///

///

///

*[RICO Recovery]*

138.   Plaintiffs are entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial. Plaintiffs are also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///

///

///

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

146

1   ///

2   ///

3

4   ///

5   ///

6

7   ///

8   ///

9

10

11                    **SIXTH   CLAIM   FOR   RELIEF**

12   *[For Commission of Conspiratorial  Contravention  of  RICO Section 1962(©) of*

13
                *the Racketeer Influenced and Corrupt Organizations Act of 1970]*
14

15                              *["RICO"]*

16                 *[Title 18 United States Code §1962(©)]*

17
                 *[RE: RICO Section 1962(d)\Pinkerton Doctrine]*
18

19            *[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

20                                *and*

21
        *Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*
22

23                     *[Against All  Defendants]*

24

25

26        139.   For Plaintiffs' Sixth Claim for Relief,  plaintiffs reallege and incorporates

27

28        *COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
          *ACT  OF  1970 ["RICO"][18 USC  §§1961 et.seq] RE:  RICO §1962(d) PINKERTON*
     147  *DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

Paragraph 1  through 105,  and the First, Second, Third, Fourth, and Fifth  Claims  for Relief.

### [RICO Conspiratorial Liability Contentions]

140.   Commencing in late 2005, and at all times material herein, defendants mutually agreed to engage in the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO Section 1962©) contraventions, that the objective of that mutual agreement was to destroy plaintiffs' interests in business and/or property, and that such conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).

141.   Plaintiffs allege that Richard Cano's  racketeering activities were facilitated and furthered  by the following defendants as set forth herein below:

*GMAC Mortgage, LLC and Mark Schaller* :  Plaintiffs allege that GMAC Mortgage, LLC, and Mark Schaller aided  and  abetted, and facilitated  and furthered  Canos' RICO contravention, with knowledge of the RICO contravention committed by Cano, and providing substantial assistance to effectuate the   contravention   of  Canos'  RICO

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

148

contravention, by engaging in activities and conduct in the following aspects with the specific intent to injure plaintiffs' interests in business and/or property:

♦  facilitating and furthering Canos' artifice and scheme to defraud by assisting in Canos' efforts to operate and employ the physical GMAC Mortgage, LLC, corporate office facilities to convene and conduct conferences with plaintiffs and similarly situated victims, including but not restricted to, telephonic use, electronic messaging, electronic mailing, e mail, instant messaging, permitting, ratifying, confirming, affirming, acquiescing, consenting, and/or authorizing Cano's employment of those facilities and instrumentalities of federal commerce, and affirmatively representing himself as a GMAC Mortgage, LLC Senior Loan Officer in connection with Cano's activities as alleged herein.

♦  received monies from Cano derived from Canos' RICO contraventions.

♦  received increased business volume as a direct and proximate result of Cano's RICO contraventions.

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

149

*Mayhew*:   Plaintiffs allege that Mayhew aided   and   abetted, and facilitated and furthered  Canos' RICO contravention, with knowledge of the RICO contravention committed by Cano,  and  providing substantial assistance   to   effectuate   the   contravention   of   Canos'   RICO contravention, by engaging in activities and conduct in the following aspects with the specific intent to injure plaintiffs' interests in business and/or property:

♦    Plaintiffs allege that Mayhew omitted  to  disclose  to plaintiffs that Cano at no time had any interest, legal, equitable, or beneficial, in the Co-Operative Bank  escrow  account funded by Lloyds TSB Bank to remit to Cano  the sum of Ten Million  British Pounds Sterling, and that Co-Operative Bank Plc agreed to provide Lloyds TSB Bank the of $387,000 USD from Cano being payment owed to Lloyds TSB Bank, and that such an  omission  constitutes a material omission of material fact.

♦    Plaintiffs allege that Mayhew affirmatively represented, assured, reassured,  and confirmed to plaintiffs after plaintiffs effected their monetary wire transfers to Darmstad Clearing & Contracting, Ltd., that Mayhew had confirmed and reaffirmed with  Richard Cano

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

150

that Richard Cano possessed and/or had the  right to obtain, receive, and/or access  those funds held for the benefit of Richard Cano by the Co-Operative Bank  escrow  account funded by Lloyds TSB Bank to remit to Cano  the sum of Ten Million  British Pounds Sterling, and that Co-Operative Bank Plc agreed to provide Lloyds TSB  Bank  the  of $387,000 USD from Richard Cano being  payment owed to Lloyds TSB Bank;

♦   Plaintiffs allege that on or about 8 May 2006, Mayhew, by and through  the  employment  of   federal   interstate   wires, teleconferencing, and/or communications via telephone, electronic messaging,  electronic  mail,  instant  messaging,  and/or e  mail, contacted  plaintiffs and advised plaintiffs that Cano 's funds were held at Universal Trust Network Inc ["UTNI"], in Japan, and that a fee had to be paid to UTNI to facilitate release of those  monies. Mayhew  requested  plaintiffs to "use your contacts to confirm whether  this  a   legitimate  co.   I  will  forward  any  contact information I can gather." "/s/ Jim.  According to the 8 May 2006 e mail, the information  about  UTNI was received by Cano via e mail on 8 May 2006 and forwarded to Mayhew.

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

♦  Plaintiffs allege that on or about 21 June 2006, by and through the employment of federal interstate wires, teleconferencing, and/or communications via telephone, electronic messaging, electronic mail, instant messaging, and/or e mail, plaintiffs contacted Mayhew and informed Mayhew that the UTNI information Mayhew previously forwarded to plaintiffs was in fact an Internet program scam inasmuch as the web site and wire transfer numbers match the web site link referenced on the UTNI communique. Plaintiffs questioned and inquired of Mayhew to confirm whether Cano's activities were legitimate and whether the UTNI account was in fact Cano's account and whether UTNI was Cano's company. Plaintiffs' e mail also informed Mayhew that plaintiffs recently ran an asset search on Cano because of the protracted and prolonged delays, numerous excuses and reasons why the funds were not forthcoming as Cano consistently represented to plaintiffs.

♦  Plaintiffs allege that after sending the 21 June 2006 e mail letter to Mayhew, plaintiffs never received a response from Mayhew relative thereto as requested, and never spoke with or heard from Mayhew again, notwithstanding plaintiffs efforts to contact and

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

152

reach Mayhew by e mail and/or telephone to ascertain and confirm the status of Cano's receipt of funding.

♦ Plaintiffs allege that Mayhew recommended, affirmed, confirmed and/or otherwise assured plaintiffs that Cano's activities were legitimate when in fact Mayhew knew, and/or had reason to know, that Cano's activities were fraudulent.

♦ provided alleged positive third party references   for Cano, vouching for Cano's honesty, integrity, business acumen, and character;

♦ independently corroborated and/or substantiated the legitimacy of Cano's activities upon behalf of GMAC Mortgage, LLC, and that such activities were within the scope and course of Cano's authority;

♦ independently corroborated and/or substantiated the existence of Cano's bank guarantee, evidenced by a bank guarantee instrument issued by The Cooperative Bank, dated 29 November 2005, confirming thereby that Cano, a customer of Co-Operative Bank Plc consummated an agreement with Lloyds TSB Bank to remit to Cano the sum of Ten Million British Pounds Sterling, and that Co-

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

153

Operative Bank Plc agreed to provide Lloyds TSB Bank the of $387,000 USD from Cano being payment owed to Lloyds TSB N Bank;

♦   independently corroborated and/or substantiated the existence of Cano's bank guarantee evidenced by a bank guarantee instrument issued by The Cooperative Bank, dated 29 November 2005, confirming the existence of an escrow account holding a deposit of Ten Million  British Pounds Sterling; and,

♦   recommended and encouraged  plaintiffs to cooperate with Cano inasmuch as  Cano  possessed the monetary ability and capacity to consummate and accomplish the objectives represented to plaintiffs by Cano.

***Darmstad Clearing & Contracting Ltd.***:  Plaintiffs allege that Darmstad Clearing & Contracting Ltd., aided  and  abetted, and  facilitated   and furthered   Canos' RICO contravention,  with  knowledge of the RICO contravention committed by Cano, and  providing substantial assistance to effectuate the   contravention   of Canos' RICO contravention, by engaging in activities and conduct in the following aspects with the specific intent to injure plaintiffs' interests in business and/or property:

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

154

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

◆   Plaintiffs allege that Cano, directly and/or indirectly, receives monetary benefits from Darmstad in order to pursue business activities and maintain Cano's ability to live and work.  Plaintiffs further allege that Darmstad holds monies that were received from plaintiffs and similarly situated victims, and that such monies have, and continue to, inure to the use and/or benefit of Cano.

◆   Plaintiffs allege that Cano employs Darmstad for the purpose of receiving  monies from persons and/or entities, such as plaintiffs and similarly situated  victims, employing said monies by Cano, and others acting in concert with Cano, unknown to plaintiffs, for purposes of pursuing high yield investment programs, prime bank guarantee programs, and/or bank guarantee programs, retaining proceeds derived therefrom, for the benefit of Cano.  Plaintiffs further allege that  Darmstad lacks  independent economic and/or financial substance and is employed as an alter ego for Cano.

◆   Plaintiffs allege that the recipient of those  monies obtained by fraud  and/or conversion,  Darmstad Clearing & Contracting Ltd, is an alter ego entity, controlled, managed, administered, and/or operated, directly and/or indirectly, by Cano and/or employees,

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

155

agents, nominees, deputies, officers, directors, general partners, assigns, representatives, managing members, members, and/or servants controlled, managed, and/or directed by Cano, and for Cano's benefit.

♦ Plaintiffs allege that Cano, by and through Darmstad Clearing & Contracting Ltd, received plaintiffs' $82,000 and applied and/or employed those funds, obtained by fraud and/or conversion, commingled with funds received by Cano from other similarly situated victims, into personal and/or commercial activities in order to conceal and/or disguise the felonious and criminal origin of those monetary funds.

♦ Plaintiffs further allege that the purpose and objective of Cano instructing plaintiffs, and similarly situated victims, to wire monies to Darmstad Clearing & Contracting Ltd, was to convert the nature of those feloniously acquired monetary funds into legitimate monetary funds, and to insulate and immunize those monetary funds from being discovered and potentially subject to judicial process, including but not restricted to, attachment, garnishment, restraining orders, and/or injunctions.

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

156

142.   The aforementioned defendants in this Claim for Relief are conspiratorially liable under application of the *Pinkerton* Doctrine [*Pinkerton, v. United States*, 328 U.S. 640 (1946) and *Salinas, v.  United States*, 522 U.S. 52 (1997)] for the substantive RICO Section 1962(c) contraventions committed by defendants inasmuch as:

    A.   Defendants  engaged in the fraudulent activities that constitute the RICO pattern of racketeering activity;

    B.   Defendants are members of the RICO conspiracy designed and intended to contravene RICO Section 1962(b);

    C.   Defendants engaged in activities in furtherance of advancing and promoting the RICO conspiracy designed and intended to contravene RICO Section 1962(b);

    D.   All defendants are members of the RICO conspiracy at and during the time frame the fraudulent activities were committed that constitute the RICO pattern of racketeering activity; and,

    E.   The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful  agreement.

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

157

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*[RICO Recovery]*

143.    Plaintiffs are entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial. Plaintiffs are also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///

///

///

///

///

///

///

///

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

158

1   ///

2   ///

3

4   ///

5   ///

6

7   ///

8

9

10                    *SEVENTH  CLAIM  FOR  RELIEF*

11   *[For Commission of Conspiratorial  Contravention  of  RICO Section 1962©) of*

12          *the Racketeer Influenced and Corrupt Organizations Act of 1970]*

13                 *["RICO"] RE: RICO Aiding and Abetting*

14

15                   *[Title 18 United States Code §1962©)]*

16               *[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

17          *[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

18

19                              *and*

20   *Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

21

22                     *[Against All  Defendants]*

23

24          144.   For Plaintiffs' Seventh Claim for Relief,  plaintiffs reallege and

25

26   incorporates Paragraph 1  through 105,  and the First, Second, Third, Fourth,  Fifth,

27

28   **COMPLAINT *RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS***
     ***ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) <u>PINKERTON</u>***
     159 ***<u>DOCTRINE CONSPIRACY</u>, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)***

and  Sixth Claims  for Relief.


### [RICO Conspiratorial Liability Contentions]


145.   Commencing in late 2005, and at all times material herein, defendants mutually agreed to engage in the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO Section 1962©) contraventions, that the objective of that mutual agreement was to destroy plaintiffs' interests in business and/or property, and that such conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).


146.   Plaintiffs allege that Richard Cano's  racketeering activities were facilitated and furthered  by the following defendants as set forth herein below:

*GMAC Mortgage, LLC and Mark Schaller:*  Plaintiffs allege that GMAC Mortgage, LLC, and Mark Schaller aided  and  abetted, and facilitated and furthered  Canos' RICO contravention, with knowledge of the RICO contravention committed by Cano, and  providing substantial assistance  to  effectuate  the    contravention    of  Canos'  RICO contravention, by engaging in activities and conduct in the following

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

160

aspects with the specific intent to injure plaintiffs' interests in business and/or property:

♦     facilitating and furthering Canos' artifice and scheme to defraud by assisting in Canos' efforts to operate and employ the physical GMAC Mortgage, LLC, corporate office facilities to convene and conduct conferences with plaintiffs and similarly situated victims, including but not restricted to, telephonic use, electronic messaging, electronic mailing, e mail, instant messaging, permitting, ratifying, confirming, affirming, acquiescing, consenting, and/or authorizing Cano's employment of those facilities and instrumentalities of federal commerce, and affirmatively representing himself as a GMAC Mortgage, LLC Senior Loan Officer in connection with Cano's activities as alleged herein.

♦     received monies from Cano derived from Canos' RICO contraventions.

♦     received increased business volume as a direct and proximate result of Cano's RICO contraventions.

***Mayhew***:   Plaintiffs allege that Mayhew aided and abetted, and

COMPLAINT ***RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

facilitated and furthered Canos' RICO contravention, with knowledge of the RICO contravention committed by Cano, and providing substantial assistance to effectuate the contravention of Canos' RICO contravention, by engaging in activities and conduct in the following aspects with the specific intent to injure plaintiffs' interests in business and/or property:

♦    Plaintiffs allege that Mayhew omitted to disclose to plaintiffs that Cano at no time had any interest, legal, equitable, or beneficial, in the Co-Operative Bank escrow account funded by Lloyds TSB Bank to remit to Cano the sum of Ten Million British Pounds Sterling, and that Co-Operative Bank Plc agreed to provide Lloyds TSB Bank the of $387,000 USD from Cano being payment owed to Lloyds TSB Bank, and that such an omission constitutes a material omission of material fact.

♦    Plaintiffs allege that Mayhew affirmatively represented, assured, reassured, and confirmed to plaintiffs after plaintiffs effected their monetary wire transfers to Darmstad Clearing & Contracting, Ltd., that Mayhew had confirmed and reaffirmed with Richard Cano that Richard Cano possessed and/or had the right to obtain,

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

162

receive, and/or access those funds held for the benefit of Richard Cano by the Co-Operative Bank escrow account funded by Lloyds TSB Bank to remit to Cano the sum of Ten Million British Pounds Sterling, and that Co-Operative Bank Plc agreed to provide Lloyds TSB Bank the of $387,000 USD from Richard Cano being payment owed to Lloyds TSB Bank;

♦ Plaintiffs allege that on or about 8 May 2006, Mayhew, by and through the employment of federal interstate wires, teleconferencing, and/or communications via telephone, electronic messaging, electronic mail, instant messaging, and/or e mail, contacted plaintiffs and advised plaintiffs that Cano 's funds were held at Universal Trust Network Inc ["UTNI"], in Japan, and that a fee had to be paid to UTNI to facilitate release of those monies. Mayhew requested plaintiffs to "use your contacts to confirm whether this a legitimate co. I will forward any contact information I can gather." "/s/ Jim. According to the 8 May 2006 e mail, the information about UTNI was received by Cano via e mail on 8 May 2006 and forwarded to Mayhew.

♦ Plaintiffs allege that on or about 21 June 2006, by and through the

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

163

employment of federal interstate wires, teleconferencing, and/or communications via telephone, electronic messaging, electronic mail, instant messaging, and/or e mail, plaintiffs contacted Mayhew and informed Mayhew that the UTNI information Mayhew previously forwarded to plaintiffs was in fact an Internet program scam inasmuch as the web site and wire transfer numbers match the web site link referenced on the UTNI communique. Plaintiffs questioned and inquired of Mayhew to confirm whether Cano's activities were legitimate and whether the UTNI account was in fact Cano's account and whether UTNI was Cano's company. Plaintiffs' e mail also informed Mayhew that plaintiffs recently ran an asset search on Cano because of the protracted and prolonged delays, numerous excuses and reasons why the funds were not forthcoming as Cano consistently represented to plaintiffs.

♦       Plaintiffs allege that after sending the 21 June 2006 e mail letter to Mayhew, plaintiffs never received a response from Mayhew relative thereto as requested, and never spoke with or heard from Mayhew again, notwithstanding plaintiffs efforts to contact and reach Mayhew by e mail and/or telephone to ascertain and confirm

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

164

the status of Cano's receipt of funding.

♦ Plaintiffs allege that Mayhew recommended, affirmed, confirmed and/or otherwise assured plaintiffs that Cano's activities were legitimate when in fact Mayhew knew, and/or had reason to know, that Cano's activities were fraudulent.

♦ provided alleged positive third party references  for Cano, vouching for Cano's honesty, integrity, business acumen, and character;

♦ independently corroborated  and/or substantiated  the legitimacy of Cano's activities upon behalf of GMAC Mortgage, LLC, and that such activities were within the scope and course of Cano's authority;

♦ independently corroborated and/or substantiated the existence of Cano's bank guarantee, evidenced by a bank guarantee instrument issued by The Cooperative Bank, dated 29 November 2005, confirming thereby that Cano, a customer of Co-Operative Bank Plc consummated an agreement with Lloyds TSB Bank to remit to Cano the sum of Ten Million British Pounds Sterling, and that Co-Operative Bank Plc agreed to provide Lloyds TSB Bank the of

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

$387,000 USD from Cano being payment owed to Lloyds TSB N Bank;

♦ independently corroborated and/or substantiated the existence of Cano's bank guarantee evidenced by a bank guarantee instrument issued by The Cooperative Bank, dated 29 November 2005, confirming the existence of an escrow account holding a deposit of Ten Million British Pounds Sterling; and,

♦ recommended and encouraged plaintiffs to cooperate with Cano inasmuch as Cano possessed the monetary ability and capacity to consummate and accomplish the objectives represented to plaintiffs by Cano.

***Darmstad Clearing & Contracting Ltd.***:  Plaintiffs allege that Darmstad Clearing & Contracting Ltd., aided and abetted, and facilitated and furthered Canos' RICO contravention, with knowledge of the RICO contravention committed by Cano, and providing substantial assistance to effectuate the contravention of Canos' RICO contravention, by engaging in activities and conduct in the following aspects with the specific intent to injure plaintiffs' interests in business and/or property:

♦ Plaintiffs allege that Cano, directly and/or indirectly, receives

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

166

monetary benefits from Darmstad in order to pursue business

activities and maintain Cano's ability to live and work. Plaintiffs

further allege that Darmstad holds monies that were received from

plaintiffs and similarly situated victims, and that such monies have,

and continue to, inure to the use and/or benefit of Cano.

◆   Plaintiffs allege that Cano employs Darmstad for the purpose of

receiving  monies from persons and/or entities, such as plaintiffs

and similarly situated  victims, employing said monies by Cano,

and others acting in concert with Cano, unknown to plaintiffs, for

purposes of pursuing high yield investment programs, prime bank

guarantee programs, and/or bank guarantee programs, retaining

proceeds derived therefrom, for the benefit of Cano. Plaintiffs

further allege that  Darmstad lacks  independent economic and/or

financial substance and is employed as an alter ego for Cano.

◆   Plaintiffs allege that the recipient of those  monies obtained by

fraud  and/or conversion,  Darmstad Clearing & Contracting Ltd,

is an alter ego entity, controlled, managed, administered, and/or

operated, directly and/or indirectly, by Cano and/or employees,

agents, nominees, deputies, officers, directors, general partners,

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS
ACT  OF  1970 ["RICO"][18  USC  §§1961 et.seq] RE:  RICO §1962(d) PINKERTON
DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

167

assigns,  representatives, managing members, members, and/or servants controlled, managed, and/or directed by Cano, and for Cano's benefit.

♦ Plaintiffs allege that Cano, by and through Darmstad Clearing & Contracting Ltd, received plaintiffs' $82,000 and applied and/or employed those funds, obtained by fraud and/or conversion, commingled with  funds  received by Cano from other similarly situated victims, into  personal  and/or commercial activities in order to conceal and/or disguise the felonious and criminal origin of those  monetary funds.

♦ Plaintiffs further allege that the purpose and objective of Cano instructing plaintiffs, and similarly situated victims, to wire monies to Darmstad Clearing & Contracting Ltd, was to convert the nature of those feloniously acquired monetary funds into legitimate monetary funds, and to  insulate and immunize those monetary funds from being discovered and potentially subject to judicial  process,  including but  not restricted to, attachment, garnishment, restraining orders, and/or injunctions.

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

168

147. The aforementioned defendants in this Claim for Relief are conspiratorially liable under application of the ***Pinkerton*** Doctrine [***Pinkerton, v. United States***, 328 U.S. 640 (1946) and ***Salinas, v. United States***, 522 U.S. 52 (1997)] for the substantive RICO Section 1962©) contraventions committed by defendants inasmuch as:

    A.    Defendants engaged in the fraudulent activities that constitute the RICO pattern of racketeering activity;

    B.    Defendants are members of the RICO conspiracy designed and intended to contravene RICO Section 1962©);

    C.    Defendants engaged in activities in furtherance of advancing and promoting the RICO conspiracy designed and intended to contravene RICO Section 1962©);

    D.    All defendants are members of the RICO conspiracy at and during the time frame the fraudulent activities were committed that constitute the RICO pattern of racketeering activity; and,

    E.    The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

169

1

2

3

*[RICO Recovery]*

4

148.   Plaintiffs are  entitled to recover, pursuant to Title 18 United States Code

5

§1964©), treble damages in the amount to be determined by offer of proof at time of

6

7

trial.  Plaintiffs are   also entitled to recover attorneys' fees and costs of this litigation,

8

as well as damages arising from lost profits and/or lost business opportunities

9

10

attributable to the activities engaged in by defendants committed in furtherance of the

11

Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18

12

U.S.C. §1961 et.seq.].

13

14

*///*

15

*///*

16

*///*

17

18

*///*

19

*///*

20

21

*///*

22

*///*

23

24

*///*

25

*///*

26

*///*

27

28

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

170

1 ///

2 ///

3

4 ///

5 ///

6

7

8

*EIGHTH  CLAIM FOR RELIEF*

9

*[For Conspiratorial  Contravention  of  RICO Section 1964©) of the*

10

11

*Racketeer Influenced and Corrupt Organizations Act of 1970]*

12

*["RICO"]*

13

*[Title 18 United States Code §1962©) and § 1964©)]*

14

15

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

16

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

17

18

*and*

19

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

20

*re: Conspiracy to Conceal Artifice and Scheme to Defraud*

21

22

*[Against All Defendants ]*

23

24

149.   For Plaintiffs' Eighth Claim for Relief, plaintiffs reallege and incorporates

25

26

Paragraphs 1 through 105, and the First, Second, Third, Fourth, Fifth,  Sixth, and

27

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

171

Seventh Claims for Relief alleged under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C.A. §§1961 et.seq.].

### [RICO Conspiratorial Liability Contentions]

150.   Commencing in late 2005, and at all times material herein, defendants mutually agreed to engage in the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO Section 1962(c) contraventions, that the objective of that mutual agreement was to destroy plaintiffs' interests in business and/or property, and that such conspiratorial conduct constitutes contravention of RICO Section 1962(d).

151.   Plaintiffs allege that defendants conspired with each other, and other persons and/or entities presently unknown to plaintiffs, to destroy plaintiffs' interests in business and/or property, by and through the secretion and concealment of plaintiffs' monies and properties in repositories controlled, managed, directed, and/or administered by defendants with the specific intent to frustrate, dissuade, and/or discourage legal efforts to recover against defendants.

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

172

152.   The aforementioned defendants in this Claim for Relief are conspiratorially liable under application of the ***Pinkerton*** Doctrine [***Pinkerton, v. United States***, 328 U.S. 640 (1946) and ***Salinas, v.  United States***, 522 U.S. 52 (1997)] for the substantive RICO Section 1962(c) contraventions committed by defendants inasmuch as:

      A.   Defendants  engaged in the fraudulent activities that constitute the RICO pattern of racketeering activity;

      B.   Defendants are members of the RICO conspiracy designed and intended to contravene RICO Section 1962©);

      C.   Defendants engaged in activities in furtherance of advancing and promoting the RICO conspiracy designed and intended to contravene RICO Section 1962©);

      D.   All defendants are members of the RICO conspiracy at and during the time frame the fraudulent activities were committed that constitute the RICO pattern of racketeering activity; and,

      E.   The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful  agreement.

///

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)**

173

1   ///

2   ///

3

4   ///

5   ///

6

7

8                          *[RICO Recovery]*

9

10

11          153.   Plaintiffs are entitled to recover, pursuant to Title 18 United States Code

12   §1964©), treble damages in the amount to be determined by offer of proof at time of

13
     trial.  Plaintiffs are also entitled to recover attorneys' fees and costs of this litigation,
14

15   as well as damages arising from lost profits and/or lost business opportunities

16   attributable to the activities engaged in by defendants committed in furtherance of the
17
     Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18
18

19   U.S.C. §1961 et.seq.].

20   ///

21   ///

22

23   ///

24   ///

25

26   ///

27

28   **COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS**
     **ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON**
     174 **DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)**

1  ///

2  ///

3

4  ///

5  ///

6

7  ///

8

9

10  *NINTH   CLAIM   FOR   RELIEF*

11  *[For Commission of  Primary Contravention of RICO Section 1962(b) of the*

12  *Racketeer Influenced and Corrupt Organizations Act of 1970]*

13  *["RICO"]*

14

15  *[Title 18 United States Code §1962(b)]*

16  *[Against All Defendants]*

17

18

19  154.   For Plaintiffs' Ninth Claim for Relief, plaintiffs reallege and incorporates

20  Paragraph 1 through 105, and the First, Second, Third, Fourth, Fifth, Sixth, Seventh,

21

22  and Eighth  Claims for Relief.

23

24  *[RICO Title 18 United States Code Section 1961(1)(B)  and (1)(D)Predicate*

25

26  *Offense Contraventions]*

27

28  *COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON*
175  *DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

Federal Principal and Aider and Abettor Liability: Title 18 U.S.C.A. §2(a)-(b)

Federal Principal and Aider and Abettor Liability

re: Aiding and Abetting A Conspiracy: Title 18 U.S.C.A. §2(a)-(b)

Federal Principal and Aider and Abettor Liability

re: Conspiracy to Commit Aiding and Abetting: Title 18 U.S.C.A. §2(a)-(b)

Federal Bankruptcy Asset Concealment and  False Oath: Title 18 U.S.C.A. §152(1)-(3), (7)

Federal Bankruptcy Asset Concealment and  False Oath re: Aiding and Abetting: Title 18 U.S.C.A. §152(1)-(3), (7)

Federal Bankruptcy Asset Concealment and  False Oath re: Conspiracy: Title 18 U.S.C.A. §152(1)-(3), (7)

Federal Bankruptcy Fraud: Title 18 U.S.C.A. §157(1)-(3)

Federal Bankruptcy Fraud re: Aiding and Abetting:  Title 18 U.S.C.A. §157(1)-(3)

Federal Bankruptcy Fraud re: Conspiracy:  Title 18 U.S.C.A. §157(1)-(3)

Federal Mail Fraud: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Conspiracy: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Aiding and Abetting a Conspiracy:

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

176

Title 18 U.S.C.A. §1341

Federal Wire Fraud: Title 18 U.S.C.A. §1343

Federal Wire Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1343

Federal Wire Fraud re: Conspiracy: Title 18 U.S.C.A. §1343

Federal Wire  Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1343

Federal Wire  Fraud re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §1343

Federal Intangible Personal Property Right Deprivation: Title 18 U.S.C.A. §1346

Federal Racketeering :Title 18 U.S.C.A. §1952

Federal Racketeering re: Aiding and Abetting: Title 18 U.S.C.A. §1952

Federal Racketeering re: Conspiracy: Title 18 U.S.C.A. §1952

Federal Racketeering re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1952

Federal Racketeering re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §1952

Federal Money Laundering: Title 18 U.S.C. §1956

Federal Money Laundering re: Aiding and Abetting: Title 18 U.S.C. §1956

Federal Money Laundering  re: Conspiracy to Aid and Abet:

Title 18 U.S.C.A. §1956

Federal Money Laundering re: Aiding and Abetting a Conspiracy:

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

177

Title 18 U.S.C.A. §1956

Federal Money Laundering re: Conspiracy: Title 18 U.S.C. §1956(h)

Federal Money Laundering re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C. §1956(h)

Federal Money Laundering re: Conspiracy to Aid and Abet:

Title 18 U.S.C. §1956(h)

Federal Criminally Derived  Property: Title 18 U.S.C. §1957.

Federal Criminally Derived Property re: Aiding and Abetting:

Title 18 U.S.C. §1957

Federal Criminally Derived Property re: Conspiracy: Title 18 U.S.C. §1957

Federal Criminally Derived Property re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C. §1957

Federal Criminally Derived Property re: Conspiracy to Aid and Abet:

Title 18 U.S.C. §1957

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense,

and Conversion: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense,

and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense,

COMPLAINT *RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

178

and Conversion re: Conspiracy: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §2314

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion  re: Conspiracy: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion  re: Conspiracy to Aid and Abet:

Title 18 U.S.C.A. §2315

155.   Defendants engaged in the aforementioned activities, with the intent to

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

179

harm plaintiffs' interest in business and/or property,  The fraudulent activity engaged

by said defendants injured plaintiffs' business and/or property in connection with their

business activities that affect federal interstate commerce, resulting in loss of plaintiffs'

 property interests, business opportunities, and monies.


*[RICO  Title  18  United States Code § 1961(5) Pattern of Racketeering Activity]*


156.   The aforementioned activities constitute conduct engaged in by said

defendants to deprive plaintiffs of their  interest in business and/or property, by and

through commission of federal bankruptcy fraud, federal mail fraud, federal wire fraud,

federal money laundering, federal interstate transportation and receipt of property

obtained by fraud, false pretense, and/or conversion,  and federal racketeering, and are

therefore indictable as "racketeering activity," as that term is defined  pursuant to Title

18 United States Code  §1961(1)(5). The  course  of  conduct  engaged  in  by  said

defendants constitute both continuity  and  relatedness of the racketeering activity,

thereby constituting a "pattern of racketeering activity, as that term is defined pursuant

to Title 18 USC §1961(5).


157.   The aforementioned pattern of racketeering activity committed by said

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON
DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

180

1
2
3
defendants is both related and continuous inasmuch as it is designed and/or intended

to cause damage and/or injury to the interest in business and/or property of plaintiffs,

4
5
and plaintiffs  reasonably believe and apprehend that  such conduct shall and will

continue prospectively with correlative long  term  injury.

6
7
8
**[RICO Section 1962(b) Enterprises re: Mere Subterfuge RICO Enterprises]**

9
10
11
12
158.  Plaintiffs allege     that defendants engaged in a RICO   pattern of

racketeering activity to acquire and/or maintain, directly and/or indirectly, interest in

13
14
and/or control  of the  RICO enterprises identified herein below, and that such RICO

15
enterprises are in fact victim RICO enterprises.  Plaintiffs further allege that RICO

16
17
defendants Richard Cano, GMAC Mortgage, LLC, Mark Schaller, F. James Mayhew,

18
and/or Darmstad Contracting & Clearing, Ltd.,  were knowledgeable and aware of the

19
20
activities of these RICO enterprises, and that said RICO defendants facilitated and

21
furthered the RICO §1962(d) conspiracies alleged herein, for the purpose and objective

22
of damaging and/or injuring plaintiffs' interests in their businesses and/or properties.

23
24
Plaintiffs further allege that each of  the following configurations  constitute   RICO

25
"enterprise," as that term is defined pursuant to Title 18 United States Code §1961(4)

26
of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18

27
28
*COMPLAINT **RE:** **RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS** **ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON** **DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

181

U.S.C. §1961(4)] and within the strictures of *Odom v. Microsoft Corp.,* 486 F.3d 541 (9th Cir. 2007)(en banc):

        A.    ***RICO Enterprise No. 1:*** GMAC Mortgage, LLC, Mark Schaller, and Richard Cano constitute   a RICO  enterprise, organized and maintained by and through a consensual  hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives that formulate and implement policies relative to the  promoting, soliciting, advancing and/or otherwise operating a business  organization  for  the  purpose  of  offering  services  for commercial and residential mortgage loans, personal loans, venture capital loans, refinancing loans, corporate loans, partnership loans, and real estate acquisition, development, and sales, and providing related  services,  including  educational  services  in  the  afore referenced  areas.  Plaintiffs allege that RICO persons Richard Cano, Mark Schaller,  GMAC Mortgage, LLC, and other persons unknown to plaintiffs, acting in concert therewith, are employed by and associated  with said RICO enterprise that is engaged in, or activities  of  which  affect,  federal  interstate  and/or      foreign

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 [“RICO”][18  USC  §§1961  et.seq]  RE:   RICO  §1962(d)  PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

182

commerce, and that said  RICO persons, and persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

B.     ***RICO Enterprise No. 2:*** GMAC Mortgage, LLC,  is  a RICO enterprise, organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, deputies, agents, supervisors, and/or representatives that formulate and implement policies relative to relative to the  promoting, soliciting, advancing and/or otherwise operating a business organization for the purpose of offering services for commercial and residential mortgage loans, personal loans, venture capital loans, refinancing loans, corporate loans, partnership loans, and real estate acquisition, development, and sales, and providing related services, including educational services in the afore  referenced   areas. Plaintiffs allege that RICO persons Richard Cano, Mark Schaller, GMAC Mortgage, LLC, and other persons unknown to plaintiffs, acting in concert therewith, are employed by and associated  with said RICO enterprise that is engaged in, or activities of which

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

183

affect, interstate and/or  foreign commerce, and that said  RICO persons, and persons acting in concert therewith,   conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

 Plaintiffs allege that RICO person Richard Cano,    and other persons unknown to plaintiffs acting in concert therewith, are employed by and associated  with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

C.    ***RICO Enterprise No. 3***: Richard Cano and Darmstad Clearing & Contracting Ltd., constitute   a RICO  enterprise, organized and maintained by and through a consensual  hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or  representatives that formulate and implement policies relative to the  promoting, soliciting, advancing and/or otherwise operating a business organization for the purpose of offering services for

*COMPLAINT <u>RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18  USC  §§1961 et.seq] RE:  RICO  §1962(d) <u>PINKERTON DOCTRINE CONSPIRACY, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)*

184

commercial and residential mortgage loans, personal loans, venture capital loans, refinancing loans, corporate loans, partnership loans, and real estate acquisition, development, and sales, and providing related services.  Plaintiffs allege that RICO persons Richard Cano, F. James Mayhew,  GMAC Mortgage, LLC, and other persons unknown to plaintiffs, acting in concert therewith, are employed by and associated  with said RICO enterprise that is engaged in, or activities of which affect, federal  interstate and/or  foreign commerce, and that said  RICO persons, and persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

159.   In committing the acts, omissions, misrepresentations, and breaches referred to herein between late 2005, and continuing up through and including the initiation of these proceedings, defendants  engaged in a RICO  pattern of racketeering activity in contravention of Title 18 United States Code §1962(b) inasmuch as said defendants engaged in a RICO  pattern of racketeering activity to acquire and/or maintain, directly and/or indirectly, interest in and/or control  of the  RICO enterprises

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18  USC  §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

185

identified herein above, and that such RICO enterprises are in fact mere subterfuge RICO enterprises, and that said RICO enterprises are engaged in activities that affect federal interstate and/or foreign commerce, and conducted such RICO enterprise affairs by and through a RICO pattern of racketeering activity.

## [RICO Recovery]

160.   Plaintiffs are entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiffs are also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///

///

///

///

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

186

1   ///

2   ///

3

4   ///

5   ///

6

7   ///

8

9

10              *TENTH  CLAIM  FOR  RELIEF*

11      *[For RICO Aiding and Abetting Primary Contravention of RICO Section*

12   *1962(b) of  the Racketeer Influenced and Corrupt Organizations Act of 1970]*

13

14                   *["RICO"]*

15         *[Title 18 United States Code §§ 2(a)-(b) and §1962(b)]*

16                *[Against All Defendants]*

17

18

19      161.   For  Plaintiffs' Tenth Claim for Relief, plaintiffs reallege and incorporates

20
     Paragraphs 1 through 105, and the First, Second, Third, Fourth, Fifth, Sixth, Seventh,
21

22   Eighth, and Ninth Claims  for Relief.

23

24
        162.   Defendants specifically identified herein  employed the  federal mails
25

26   and/or  federal interstate wires,  as well as engaged in racketeering activity as alleged

27

28      *COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
        *ACT  OF  1970 ["RICO"][18  USC  §§1961 et.seq] RE:  RICO  §1962(d) PINKERTON*
     187 *DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

herein, to aid and abet the primary RICO § 1962(b) contraventions committed by

Richard Cano.

163. ***GMAC Mortgage, LLC and Mark Schaller***:   Plaintiffs allege that

GMAC Mortgage, LLC, and Mark Schaller aided  and  abetted, and

facilitated and furthered  Canos' RICO contravention, with knowledge

of the RICO contravention committed by Cano, and providing substantial

assistance to effectuate the    contravention    of Canos' RICO

contravention, by engaging in activities and conduct in the following

aspects with the specific intent to injure plaintiffs' interests in business

and/or property:

♦   facilitating and furthering Canos' artifice and scheme to  defraud

by assisting in Canos' efforts to operate and employ the physical

GMAC Mortgage, LLC, corporate office  facilities to convene and

conduct conferences with plaintiffs and similarly situated victims,

including but not restricted to, telephonic  use, electronic

messaging, electronic  mailing, e  mail, instant  messaging,

permitting, ratifying, confirming, affirming, acquiescing,

consenting, and/or authorizing Cano's employment of those

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)**

facilities and instrumentalities of federal commerce, and affirmatively representing himself as a GMAC Mortgage, LLC Senior Loan Officer in connection with Cano's activities as alleged herein.

♦    received monies from Cano derived from Canos' RICO contraventions.

♦    received increased business volume as a direct and proximate result of Cano's RICO contraventions.

164.    *Mayhew*:  Plaintiffs allege that Mayhew aided and abetted, and facilitated and furthered Canos' RICO contravention, with knowledge of the RICO contravention committed by Cano, and providing substantial assistance to effectuate the contravention of Canos' RICO contravention, by engaging in activities and conduct in the following aspects with the specific intent to injure plaintiffs' interests in business and/or property:

♦    Plaintiffs allege that Mayhew omitted to disclose to plaintiffs that Cano at no time had any interest, legal, equitable, or beneficial, in the Co-Operative Bank escrow account funded by Lloyds TSB Bank to remit to Cano the sum of Ten Million British Pounds

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

189

Sterling, and that Co-Operative Bank Plc agreed to provide Lloyds TSB Bank the of $387,000 USD from Cano being payment owed to Lloyds TSB Bank, and that such an omission constitutes a material omission of material fact.

♦ Plaintiffs allege that Mayhew affirmatively represented, assured, reassured, and confirmed to plaintiffs after plaintiffs effected their monetary wire transfers to Darmstad Clearing & Contracting, Ltd., that Mayhew had confirmed and reaffirmed with Richard Cano that Richard Cano possessed and/or had the right to obtain, receive, and/or access those funds held for the benefit of Richard Cano by the Co-Operative Bank escrow account funded by Lloyds TSB Bank to remit to Cano the sum of Ten Million British Pounds Sterling, and that Co-Operative Bank Plc agreed to provide Lloyds TSB Bank the of $387,000 USD from Richard Cano being payment owed to Lloyds TSB Bank;

♦ Plaintiffs allege that on or about 8 May 2006, Mayhew, by and through the employment of federal interstate wires, teleconferencing, and/or communications via telephone, electronic messaging, electronic mail, instant messaging, and/or e mail,

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

190

contacted  plaintiffs and advised plaintiffs that Cano 's funds were held at Universal Trust Network Inc ["UTNI"], in Japan, and that a fee had to be paid to UTNI to facilitate release of those  monies. Mayhew requested plaintiffs to "use your contacts to confirm whether this a   legitimate co.  I will forward any contact information I can gather." "/s/ Jim.  According to the 8 May 2006 e mail, the information  about  UTNI was received by Cano via e mail on 8 May 2006 and forwarded to Mayhew.

♦   Plaintiffs allege that on or about 21 June 2006,  by and through the employment of  federal  interstate  wires, teleconferencing, and/or communications via telephone,  electronic messaging, electronic mail, instant messaging, and/or e mail, plaintiffs contacted Mayhew and  informed  Mayhew that the  UTNI  information  Mayhew previously forwarded to plaintiffs was in fact an Internet program scam inasmuch as the web site and wire transfer numbers match the web site link referenced on the UTNI communique.  Plaintiffs questioned and inquired of  Mayhew to confirm whether Cano's activities were legitimate and whether the UTNI account was in fact Cano's account and whether UTNI was Cano's company.

Plaintiffs' e mail also informed Mayhew that plaintiffs recently ran an asset search on Cano because of the protracted and prolonged delays, numerous excuses and reasons why the funds were not forthcoming as Cano consistently represented to plaintiffs.

♦ Plaintiffs allege that after sending the 21 June 2006 e mail letter to Mayhew, plaintiffs never received a response from Mayhew relative thereto as requested, and never spoke with or heard from Mayhew again, notwithstanding plaintiffs efforts to contact and reach Mayhew by e mail and/or telephone to ascertain and confirm the status of Cano's receipt of funding.

♦ Plaintiffs allege that Mayhew recommended, affirmed, confirmed and/or otherwise assured plaintiffs that Cano's activities were legitimate when in fact Mayhew knew, and/or had reason to know, that Cano's activities were fraudulent.

♦ provided alleged positive third party references  for Cano, vouching for Cano's honesty, integrity, business acumen, and character;

♦ independently corroborated and/or substantiated the legitimacy of Cano's activities upon behalf of GMAC Mortgage, LLC, and

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

192

that such activities were within the scope and course of Cano's authority;

♦     independently corroborated and/or substantiated the existence of Cano's bank guarantee, evidenced by a bank guarantee instrument issued by The Cooperative Bank, dated 29 November 2005, confirming thereby that Cano, a customer of Co-Operative Bank Plc consummated an agreement with Lloyds TSB Bank to remit to Cano the sum of Ten Million British Pounds Sterling, and that Co-Operative Bank Plc agreed to provide Lloyds TSB Bank the of $387,000 USD from Cano being payment owed to Lloyds TSB N Bank;

♦     independently corroborated and/or substantiated the existence of Cano's bank guarantee evidenced by a bank guarantee instrument issued by The Cooperative Bank, dated 29 November 2005, confirming the existence of an escrow account holding a deposit of Ten Million British Pounds Sterling; and,

♦     recommended and encouraged plaintiffs to cooperate with Cano inasmuch as Cano possessed the monetary ability and capacity to consummate and accomplish the objectives represented to plaintiffs

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

193

by Cano.

165.   ***Darmstad Clearing & Contracting Ltd.***:   Plaintiffs allege that Darmstad Clearing & Contracting Ltd., aided  and  abetted, and  facilitated  and  furthered  Canos' RICO contravention,  with  knowledge of the RICO contravention committed  by  Cano,  and    providing  substantial  assistance  to  effectuate  the contravention  of Canos' RICO contravention, by engaging in activities and conduct in the following aspects with the specific intent to injure plaintiffs' interests in business and/or property:

♦   Plaintiffs  allege  that  Cano,  directly  and/or  indirectly,  receives monetary  benefits  from  Darmstad  in  order  to  pursue  business activities and maintain Cano's ability to live and work.  Plaintiffs further allege that Darmstad holds monies that were received from plaintiffs and similarly situated victims, and that such monies have, and continue to, inure to the use and/or benefit of Cano.

♦   Plaintiffs allege that Cano employs Darmstad for the purpose of receiving  monies from persons and/or entities, such as plaintiffs and similarly situated  victims, employing said monies by Cano, and others acting in concert with Cano, unknown to plaintiffs, for

***COMPLAINT <u>RE</u>: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT  OF  1970 ["RICO"][18  USC  §§1961  et.seq]  RE:   RICO  §1962(d)  <u>PINKERTON DOCTRINE CONSPIRACY, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)</u>***

194

purposes of pursuing high yield investment programs, prime bank guarantee programs, and/or bank guarantee programs, retaining proceeds derived therefrom, for the benefit of Cano. Plaintiffs further allege that Darmstad lacks independent economic and/or financial substance and is employed as an alter ego for Cano.

♦ Plaintiffs allege that the recipient of those monies obtained by fraud and/or conversion, Darmstad Clearing & Contracting Ltd, is an alter ego entity, controlled, managed, administered, and/or operated, directly and/or indirectly, by Cano and/or employees, agents, nominees, deputies, officers, directors, general partners, assigns, representatives, managing members, members, and/or servants controlled, managed, and/or directed by Cano, and for Cano's benefit.

♦ Plaintiffs allege that Cano, by and through Darmstad Clearing & Contracting Ltd, received plaintiffs' $82,000 and applied and/or employed those funds, obtained by fraud and/or conversion, commingled with funds received by Cano from other similarly situated victims, into personal and/or commercial activities in order to conceal and/or disguise the felonious and criminal origin

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

195

of those  monetary funds.

♦       Plaintiffs further allege that the purpose and objective of Cano

instructing plaintiffs, and similarly situated victims, to wire

monies to Darmstad Clearing & Contracting Ltd, was to convert

the nature of those feloniously acquired monetary funds into

legitimate monetary funds, and to  insulate and immunize those

monetary funds from being discovered and potentially subject to

judicial process, including but not restricted to, attachment,

garnishment, restraining orders, and/or injunctions.


166.    Plaintiffs allege that the defendants  were aware of the commission of the

primary RICO contraventions committed by each and every one of them,  and  that said

defendants  substantially assisted   in   the commission  of  the   primary RICO

contraventions, thereby deriving a monetary  benefit as a result to the detriment of

plaintiffs.

///

///

///

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT  ORGANIZATIONS
ACT  OF  1970 [“RICO”][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON
DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

196

1    ///

2    ///
3

4    ///

5    ///
6

7    ///

8

9
                                *[RICO Recovery]*
10

11

12          167.   Plaintiffs are  entitled to recover, pursuant to Title 18 United States Code
13
     §1964©), treble damages in the amount to be determined by offer of proof at time of
14

15   trial.  Plaintiffs are  also entitled to recover attorneys' fees and costs of this litigation,

16
     as  well  as  damages  arising  from  lost  profits  and/or  lost  business  opportunities
17

18   attributable to the activities engaged in by defendants committed in furtherance of the

19   Racketeer  Influenced  and  Corrupt  Organizations  Act  of  1970  ["RICO"][Title  18
20
     U.S.C. §1961 et.seq.].
21

22   ///

23   ///
24

25   ///

26   ///
27

28        *COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
          *ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON*
     197  *DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

1    ///

2    ///
3

4    ///

5    ///
6

7    ///
8    ///

9

10

11              *ELEVENTH  CLAIM  FOR  RELIEF*

12    *[For  Contravention  of  RICO Section 1962(b) of the Racketeer Influenced*
13
     *and Corrupt Organizations Act of 1970]*
14

15              *["RICO"]*

16         *[Title 18 United States Code §1962(b)]*
17
        *[Respondeat Superior\Derivative Liability]*
18

19         *[Against  GMAC  Mortgage, LLC  Only]*

20

21         168.   For  Plaintiffs'   Eleventh    Claim for Relief,  plaintiffs reallege  and
22

23    incorporates Paragraphs 1 through 105, and the First, Second, Third, Fourth, Fifth,
24
     Sixth, Seventh, Eighth, Ninth, and Tenth  Claims  for Relief.
25

26

27

28    *COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
     *ACT  OF  1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON*
     198 *DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

1
2
3

*[RICO Respondeat Superior\ Derivative Liability Contentions]*

4      169.   At all times material herein, Richard Cano and Mark Schaller

5
6   functioned and served in their respective  capacities of senior loan officer and

7   supervisory managerial officer, an agent, employee, director, designee, officer, partner,

8   representative, managing  member, co-managing member, member, and/or servant on

9
10  behalf  of GMAC Mortgage, LLC,   and engaged in the fraudulent and felonious

11  conduct in such representative capacities, and that as a proximate result thereof,

12  GMAC Mortgage, LLC,   derived a benefit thereby.

13
14

15      170.   The aforementioned defendant, GMAC Mortgage, LLC,   exercised

16
17  control, management, and/or direction of Richard Cano and Mark Schaller  relative

18  to the  complained  of   fraudulent and felonious activities, with the intent to harm

19  plaintiffs in their   business and/or  property  interests.  The fraudulent activities

20
21  engaged in by said individual defendants on behalf of GMAC Mortgage,  LLC, injured

22  and/or damaged  plaintiffs'  business  activities and/or properties in connection with

23
24  plaintiffs'  business activities that affect federal commerce, resulting in deprivation,

25  injury, harm, and/or damages  of such property and/or business interests as alleged

26  herein.

27

28      ***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS
      ACT  OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON
199   DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

171.   The commission of  the   afore described   fraudulent and felonious activities  by said individual defendant  employed  by  or  associated with GMAC Mortgage, LLC,  arose  within the course and scope of the employ and/or agency  with GMAC Mortgage, LLC,  and  therefore GMAC Mortgage, LLC, is  vicariously  liable for  contravening  RICO   Section 1962(b). Plaintiffs further  allege that  GMAC Mortgage, LLC,  ratified, authorized, acquiesced, and/or consented to the wrongful conduct of Richard Cano and Mark Schaller that  proximately  caused  the  injuries sustained by plaintiffs to their interests in business and/or property.

### [RICO Recovery]

172.   Plaintiffs are  entitled  to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiffs are  also entitled to recover attorneys' fees and costs of this litigation, as  well  as  damages  arising  from  lost  profits  and/or  lost  business  opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations  Act  of  1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE:  RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*