THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PRESIDIO GROUP, LLC, a Washington limited liability company, et. al.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GMAC MORTGAGE, LLC, a Pennsylvania limited liability company, et. al.,<br><br>　　　　Defendant. | Case No.: 08-05298 RBL<br><br>**AMENDED** ORDER GRANTING DEFENDANTS' MOTIONS FOR A MORE DEFINITE STATEMENT |

## I. INTRODUCTION

Pending before the Court are Defendants' Motions for a More Definite Statement (Dkts. #12, 19, 20, 21).

Defendants Cano, GMAC, F. James Mayhew, and Mark Schaller assert that Plaintiff's Complaint, at 465 pages, is repetitious and needlessly long. They request that Plaintiff strike the unnecessary material and re-file his Complaint.

## II. DISCUSSION

*"Brevity is the soul of wit."*

--William Shakespeare
*Hamlet*, Act 2, Scene 2, Line 90.

Brevity is also the soul of a pleading. *See* Fed. R. Civ. P. 8(a). The Federal Rules envision a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Under the liberal system of "notice pleading," a claimant need not set out in detail the facts upon which he bases his claim; to the contrary, the claimant need only give the defendant fair notice of what the claim is, and the grounds upon which it rests. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001), *quoting Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993). When alleging fraud, however, a plaintiff must "state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). The Court recognizes the tension between Rule 8(a), which requires a "short and plain statement," and Rule 9(b), which requires the party state his claim with particularity. The issue before the Court is whether Plaintiff's 465 page Complaint correctly balances this tension.

The Complaint does not correctly balance this tension. The title to the Complaint is eight pages. (Compl., 1-8) (Dkt. #9). It appears to list all of Plaintiff's claims, as well as their statutory and precedential basis. In eighteen pages following the title, the Plaintiff lists the Defendants. There are six Defendants. This section consists largely of useless repetition.

Not before page 30 does the Complaint address the facts alleged. Plaintiff's allegations continue for 87 pages—including a 37 page pit-stop to quote emails. (Compl., 39-76). The Court notes, with some irony, that in his response opposing Defendants' motions for a more

definite statement, the Plaintiff successfully states his allegations in two pages. (Pl.'s Resp., 1-3) (Dkt. #25).

On page 117, Plaintiff embarks on an odyssey through his claims for relief. While the Court understands that asserting 54 claims requires some space, the 341 pages used to do so is unreasonable. The root of the problem lies in paragraphs like the following:

> Plaintiffs, for a Fifty-Fourth Claim for Relief, reallege and incorporate herein Paragraphs 1 through 105, including the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Third, Twenty-Fourth, Twenty-Fifth, Twenty-Sixth, and Twenty-Seventh Claims for Relief alleged under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C.A. §§1961 et.seq.], and the Twenty-Eighth, Twenty-Ninth, Thirtieth, Thirty-First, Thirty-Second, Thirty- Third, Thirty-Fourth, Thirty-Fifth, Thirty-Sixth, Thirty-Seventh, Thirty-Eighth, Thirty-Ninth, Fortieth, Forty-First, Forty-Second, Forty-Third, Forty-Fourth, Forty-Fifth, Forty-Sixth, Forty-Seventh, Forty-Eighth, Forty-Ninth, Fiftieth, Fifty-First , Fifty-Second, and Fifty-Third Claims for Relief.

(Pl.'s Am. Compl., 458) (Dkt. #9).

In sum, while Rule 9(b) requires particularity, the sheer quantity of redundant material presented here forces the Court and the Defendants to engage in an unreasonable amount of filtering. Plaintiff need only state the circumstances constituting fraud; he does not need to quote every email he intends to present into evidence.

The Court strongly recommends that Plaintiff read *The Elements of Legal Style*, by Bryan Garner.[1]

### III. CONCLUSION

Plaintiff has a great deal to say,
But it seems he skipped Rule 8(a),
His Complaint is too long,
Which renders it wrong,
Please re-write and re-file today.

---

[1] The Court recommends Plaintiff specifically review §7.7, "Avoid jargon and beware terms of art," and §3.1, "Brevity and Clarity."

Defendants' Motions for a More Definite Statement (Dkts. #12, 19, 20, 21), are **GRANTED**.

Dated this 27th day of July, 2008

RONALD B. LEIGHTON

UNITED STATES DISTRICT JUDGE