UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PRESIDIO GROUP,  LLC., et. al.,<br><br>                 Plaintiff,<br><br>     vs.<br><br>GMAC MORTGAGE, LLC. et. al.,<br><br>                 Defendant. | Case No.: 08-5298 RBL<br><br>ORDER |

     Pending before the Court is Defendants' Motion for a More Definite Statement and Motion to Revise the Scheduling Order.  (Dkt. #36).

## I.  Procedural Background

     On June 27th, this Court ordered Plaintiff to revise his 465-page Complaint (Dkt. #26) in response to Defendants' Motion for a More Definite Statement.  (Dkts. #19, 20, 21).  On July 8th, Plaintiff filed a second Amended Complaint—newly reduced to 192 pages.  (Dkt. #27). Defendants argue that this reduction is insufficient and have renewed their request for a more definite statement.

## II. Discussion

     Federal Rule 12(e) entitles a party to a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e). The motion requesting a more definite statement must identify defects and specify the details desired.  *Id*.  The Advisory Committee Notes state that the definiteness required of a pleading is "only such as will be sufficient for the party to prepare responsive pleadings."  Fed. R. Civ. P. 12(e), 1946 advisory committee's note.  Motions for more definite statement are generally

disfavored. *United States v. Sequel Contractors, Inc.*, 402 F.Supp. 2d 1142, 1147 (C.D. Cal. 2005), *quoting Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D.Cal.1999). Other district courts have noted that "Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted. *Sequel Contractors, Inc.*, 402 F.Supp. 2d at 1147, *quoting Beery v. Hitachi Home Elecs., Inc.,* 157 F.R.D. 477, 480 (C.D.Cal.1993). Thus, the Court asks here whether the Complaint is intelligible enough to allow the Defendants to reasonably prepare a response.

The Defendants argue that the Amended Complaint "contains much repetition and unneeded detail" and that it is "difficult to understand and unreasonably costly . . . to formulate a response." Def.'s Mot. for a More Definite Statement, 2; (Dkt. #36). In response, Plaintiff argues that he has significantly reduced the total length of his Complaint and that each RICO claim requires "a separate and distinct pleading format." Pl.'s Resp., 2; (Dkt. #37). Thus, the length is a necessary result of the alternative pleading format endorsed by Federal Rule 8(d)(2).[1] Furthermore, Plaintiff has placed each of his 41 claims for relief at the start of a new page and used size 14 font because it is "much easier on the eye." *Id*. at 3.

Despite its flaws, the Complaint adequately describes the facts and claims such that the Defendants can form a response. While the previous Complaint drowned in its own detail and repetition, the Court believes that Defendants' counsel can now review the 30-40 pages of facts and identify those causes of action relevant to their respective clients.[2]

Due to the delays associated with these motions, the Court grants the Defendants' motion to revise the scheduling order. The parties must hold their Federal Rule 26(f) discovery conference on or before September 5, 2008, initial disclosures are due on or before September 12, 2008, and a Joint Status Report is due on or before September 26, 2008.

### III.  Conclusion

Defendants' Motion for a More Definite Statement is **DENIED**.  Defendants' Motion to

---

[1] Plaintiff cites Federal Rule 8(e)(2) for this proposition. Plaintiff is advised that, due to the general re-styling of the Federal Rules, effective December 1, 2007, Federal Rule 8(e)(2) no longer exists.
[2] In the future, pleadings and motions should cite 18 U.S.C. 1962(c) and not 18 U.S.C. 1962©. American rather than English spellings (e.g., "honorable" and not, "honourable") are preferred. *See* Compl., 1.

Revise the Scheduling Order is **GRANTED**.

       **IT IS SO ORDERED.**

Dated this 25th day of August, 2008.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE