HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PRESIDIO GROUP, L.L.C., et. al.,

        Plaintiffs,

        v.

GMAC MORTGAGE, L.L.C., et. al.,

        Defendants.

Case No. C08-5298RBL

ORDER OF STAY

This matter comes before the court *sua sponte*, and on review of the Western District of Washington Bankruptcy Court file # 06-42615-PBS. The Court has reviewed the arguments of plaintiffs' counsel, and for the reasons explained below, ORDERS this case STAYED as to defendant Richard Cano and his marital community.

**Background**

Presidio Group LLC, Presidio Group International LLC, and Jameson and Ramona Kauhi ("Kauhis") are the plaintiffs in the present case. Claire and Richard Cano ("Canos") are defendants in this case. In October 2006 the Canos petitioned for Chapter 7 bankruptcy, and their case was assigned to Judge Snyder. In March 2007, the Kauhis moved the bankruptcy court for relief from automatic stay to proceed against the

ORDER
Page - 1

Canos in Clark County Superior Court on state law claims, and submitted a copy of their proposed complaint to the court. [*See* Dkt. # 35 in the Cano bankruptcy case]. On August 31, 2007, Judge Snyder granted relief from automatic stay. [*See* Dkt. # 58 in the Cano bankruptcy case]. The plaintiffs changed counsel and never pursued the state law case. [Dkt. # 81]. On January 2, 2008, the Canos received a discharge, and their case was closed on February 7, 2008.

On May 9, 2008, the Kauhis, joined by Presidio Group and Presidio Group International, filed a complaint in federal district court against the Canos, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). On April 10, 2009, the Canos moved to reopen their Chapter 7 case, and their motion was granted on April 13, 2009. On May 6, 2009, this Court ordered Plaintiffs to show that they had obtained relief from automatic stay and were free to pursue this litigation.

**Discussion**

Plaintiffs have not shown that they obtained stay relief. Instead, they point to the bankruptcy court's order of August 31, 2007, granting the Kauhis relief. That order, however, granted the Kauhis' motion to pursue state law claims in Clark County Superior Court. The instant case involves different plaintiffs, different claims, and a different court system, and is therefore inconsistent with the bankruptcy court's order.

Plaintiffs also point to another case, *Giel v. Cano et. al.*, Case # 07-5270RB, in which Richard Cano was a defendant. In *Giel*, Plaintiffs claim, Giel never requested relief from stay to proceed against Richard Cano in district court, and therefore Plaintiffs thought that they, too, could pursue claims against Richard Cano without obtaining stay relief. Plaintiffs' argument is without merit, because the court in *Giel* ordered the case stayed as to Richard Cano and his marital community [*See* Dkt. # 73 in *Giel*], and Giel never proceeded against Cano while the stay was in effect.

**Conclusion**

The Canos' bankruptcy case is still pending, and until and unless the Plaintiffs obtain the bankruptcy court's permission to go forward, the automatic stay is in effect. Therefore, it is ORDERED that this case

is STAYED as to defendant Richard Cano and his marital community.

Dated this 20th day of May, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

p

ORDER
Page - 3