HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PRESIDIO GROUP, LLC, et.al., <br><br> Plaintiff, <br><br> v. <br><br> GMAC Mortgage, LLC, et.al., <br><br> Defendants. | Case No. C08-5298RBL <br><br> ORDER GRANTING PLAINTIFF"S MOTION FOR SUMMARY JUDGMENT |

# I. INTRODUCTION

THIS MATTER comes before the Court on plaintiff Presidio Group, LLC's Motion for Summary Judgment against Darmstad Clearing & Contracting, Ltd.[Dkt. # 66]. For reasons explained below, Plaintiff's Summary Judgment Motion on Plaintiff's RICO claims is GRANTED.

# II. BACKGROUND

Defendant Richard Cano was an employee of GMAC Mortgage, LLC. Mr. Cano formed, owned and operated Darmstad, a foreign corporation based in Greece. Plaintiff Presidio is a Washington Limited Liability Company owned by Plaintiffs Jameson Kealii Kauhi and Romana Carmelle Kauhi.

While employed at GMAC, Cano represented to plaintiffs that he had access to approximately £10,000,000 located in an account with Lloyds Bank, London, which would be disbursed to Cano if he paid a $187,000 administrative fee. Cano sought the plaintiff's assistance in raising this fee. They agreed, and

ORDER
Page - 1

he instructed the Kauhis to wire $82,000 from their bank account to Darmstad's corporate bank account in Greece.

Throughout 2006 the Kauhis asked Cano why he was not performing as represented. The Kahuis relied upon Cano's assurances, but grew suspicious as time passed. The plaintiffs were never repaid. They sued GMAC, and brought RICO claims against Cano and Darmstad under 18 U.S.C. §§ 1962(a), 1962(b), 1962(c) and 1962(d). Plaintiffs' claims against GMAC were previously dismissed. Cano filed for protection in Bankruptcy Court, and the case was stayed. Plaintiffs dismissed Cano voluntarily, leaving only their claims against Darmstad. Plaintiffs now seek summary judgment against Darmstad. Darmstad has not appeared or defended.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This court does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial. *Id.* at 249. In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [factfinder] could return a [decision] in its favor." *Triton Energy,* 68 F.3d at 1221.

### IV. RICO CLAIMS

Plaintiffs claim that they invested $82,000 as a proximate result of the racketeering activities of Cano and Darmstad in violation of RICO, 18 U.S.C. §§ 1962(a), 1962(b), 1962(c) and 1962(d). 18 U.S.C. §1962(a) makes it unlawful for any person to receive income either directly or indirectly from a pattern of racketeering activity. *Id.* § 1964(c) provides a civil cause of action for violations of RICO.

The plaintiffs allege that Darmstad violated all four subsections of §1962. However, they have only demonstrated that Darmstad violated §1962(a). When a corporation benefits from racketeering actions of its employee or agents then §1962(a) makes that corporation liable under agency and respondeat superior principles. *Brady v. Dairy Fresh Products Co.,* 974 F.2d 1149, 1155 (9th Cir. 1992). While Cano is no longer a defendant, Darmstad remains liable as a corporation that benefitted from Cano's racketeering activity. Its sole purpose was facilitating this illegal activity, and is therefore not merely a victim or prize of racketeering, but an actor. There is no genuine issue of material fact. Presidio's Motion for Summary Judgment is therefore GRANTED.

## V. DAMAGES

The Kauhis transferred $82,000 to Darmstad. They are entitled to treble damages, plus costs and attorney's fees, under RICO. Plaintiff seeks $555,045 in damages, but have not adequately documented damages exceeding $246,000 ($82,000, trebled pursuant to §1964(c)). Plaintiff is therefore Ordered to show the calculation and the evidence supporting its claimed damages (including its claim for 10% interest) and attorney's fees and costs, by the end of business July 24, 2009.

IT IS SO ORDERED.

Dated this 13th day of July, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE